# United States District Court
# District of Nevada

Jeromy Oelker
525 e. Bonanza Rd.                              **\*IRREPARABLE  INJURY\***
Las Vegas, NV 89101

_____

| | |
|---|---|
| **Jeromy Oelker (pro se)** ) | <u>**No. 2:24-cv-0355**</u> |
| *Petitioner* ) | **Motion to Vacate Judgment under** |
| ) | **F.C.R.P. 60 (b)(4) and 60(b)(3);** |
| vs. ) | **28 U.S.C. § 2283;** |
| ) | **28 U.S.C. § 1657(a)** |
| **Anne R. Traum;** ) | |
| **Gloria M. Navarro** ) | **Ref: No. 2:23-cv-01731** |
| <u>*Respondents*</u> ) | **Ref: No. C-22-365622-1** |

Tinsley v. Anderson, 171 U.S. 101, 106 (1898) (holding that the habeas writ could not be available **<u>unless the conviction was void</u>**, and that if the conviction was not void the "petitioner was not deprived of his liberty without due process of law"). **<u>"Justice delayed is Justice denied."</u>**

The federal courts' jurisdiction, in the fundamental sense of power to adjudicate, was established at least as early as the Judiciary Act of 1789 and was extended to attacks on state custody in 1867. Act of Feb. 5, 1867, ch. 28, § 1, 14 Stat. 385, 385-86; cf. Paschal, **The Constitution and Habeas Corpus**, 1970 DUKE L.J. 605 (arguing that the suspension clause provides a constitutional basis for the habeas jurisdiction). The current version of the Act is found at 28 U.S.C. § 2241(c)(3) (1976).

While the 1948 legislation that codified the exhaustion doctrine contains language that <u>suggests</u> a jurisdictional grant, see 28 U.S.C. § 2254(a) (1976), clearly the federal courts enjoyed the power to entertain petitions well before that time. See Lehman v. Lycoming County Children's Servs. Agency, 102 S. Ct. 3231, 3236 n.9 (1982) ("jurisdiction to challenge both state and federal judgments is conferred by § 2241" **but § 2254 confers "general jurisdiction" to entertain collateral attacks on state judgments**); Engle v. Isaac, 456 U.S. 107, 110 n.l (1982) (§ 2254(a) "empowers" the federal courts to entertain challenges to state court judgments).

<u>A rigid requirement of exhaustion of state remedies frustrates the purpose of the federal writ of habeas corpus.</u> The purpose of the federal writ is to provide a prisoner with another civil review to safeguard his federal rights. The exhaustion doctrine is based on comity **and is not a jurisdictional requirement**. 139 See 17 Amx. L. RaE. 78 (1962-63). "Simply put, the manifest purpose of federal habeas corpus is to insure a federal forum to hear alleged deprivations of constitutional rights." Id. at 84. 139 Fay v. Noia, 372 U.S. 391 (1963). See R. SOKOL, supra note 96, at 113-14.

The court in Brown v. Allen "did not believe Congress intended to require repetitious application to state courts." Brown v. Allen, 344 U.S. 443, 448-49 (1953). In a later case, Fransisco v. Gaithright, 419 U.S. 59 (1974), the Court confronted a situation similar to that in Moore, where the state appellate courts had denied review of a habeas petitioner's claim without considering the issue on the merits. The Court stated that: [The state courts] had a full opportunity to determine the federal constitution issues before resort was made to a federal forum, and the policies served by the

exhaustion requirement would not be furthered by requiring resubmission of the claims to the state courts. Id. at 63.

Fay v. Noia, 372 U.S. 391 (1963) (<u>federal courts have power under the federal habeas corpus statutes to grant relief despite the applicant's failure to have pursued a state remedy.</u>) Similarly, in Rowe v. Peyton, 383 F.2d 709 (4th Cir. 1967), the court was willing to find exhaustion in the state courts even though the state argued that the issue had not been lucidly presented there. In dicta, the court brushed aside the state's objections by saying that judges must not depend on the arguments of lawyers for the limits of their perception and analysis <u>but must know and understand many things not intelligently presented by lawyers in a particular case.</u> **<u>Such as Void Judgments and Judgments in "Excess of Jurisdiction."</u>**

The Warren Court's great trilogy of habeas cases, Fay v. Noia, Townsend v. Sain, and Sanders v. United States, all decided in 1963, built upon Brown v. Allen and elaborated a complete, internally consistent system of federal post-conviction review.

The basic grant of habeas jurisdiction, carried forward from the Judiciary Act of 1789, was stated in language "as broad as could well be employed." While that Act had recognized an exception for most petitioners held in "gaol,", the 1867 statute had extended the availability of the writ to all prisoners alleging detention in violation of federal law. **<u>Justice Harlan explicitly recognized</u>** that the discretion to postpone federal intervention must be subordinated to "special circumstances requiring immediate action." If "special circumstances" required prompt litigation in habeas, **<u>the federal courts were not free to refuse immediate adjudication</u>**.

"Excess of Jurisdiction" by a State Judge is quite extraordinary. The illustrations cited in Royall made the Court's meaning plain. Ex parte Royall, 117 U.S. 241 (1886).

<u>Dismissal without leave to amend is improper unless it is clear, upon de novo review that the complaint could not be saved by any amendment.</u> See Parents for Priv. v. Barr, 949 F.3d 1210, 1221 (9th Cir.), cert. denied, 141 S. Ct. 894 (2020); Missouri ex rel. Koster v. Harris, 847 F.3d 646, 655 (9th Cir. 2017); Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004).62 Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).

Both Habeas Cases were closed without allowing me any rights to amend or object whatsoever. However since I was prejudiced by the Defendants of this case I do not desire a remand back to their review, even though their judgments regarding Case #s 2:23-cv-01542 (Sealed) and Case # 2:23-cv-01731 are Void as wanting in Due Process under the 1st and 5th Amendments.

**But since Case # C-22-365622-1 of the District Court, Clark County, NV. is "Void" as wanting in due process of law within the meaning of the Fourteenth Amendment Habeas Corpus review is not required.** Rule 60(b) is the basis upon which this dispute is resolved, the underlying ethical framework is important to our system of justice and in promoting public confidence in the integrity of our judicial system. The Henderson Justice Court judges are the entity ultimately responsible for promulgating the rules and practices governing both bench and bar in Nevada.

The Code of Judicial Conduct ("Judicial Code")  promulgates fulfillment of that duty. The Judicial Code provides that a "judge should uphold the integrity, independence and impartiality of the judiciary" and to that end "should avoid impropriety and the appearance of impropriety in all activities."

**Case # C-22-365622-1** is subject to F.R.C.P. 60(b)(4) on over <u>20</u> counts and subject to F.R.C.P. 60(b)(3) on at least <u>4</u> counts:

**1) Personnel Jurisdiction** (Not Acquired)

    a) Probable Cause Affidavit (Not Signed) (**Exhibit C-1**)

    b) Criminal Complaint (Not Signed) (**Exhibit C-2**)

    c) Police Report (Not Signed) (**Exhibit G-1**)

**2) Plenary Power lost**

**3) Judicial Bias** (Hearing Transcripts) (**Exhibit E**)

**4) Right to be Heard denied**

    a) Judicial  Bias (Hearing Transcripts) (May 11th, June 2nd)

    b) Ineffective Assistance of Counsel (No Dismissal Filed)

    c) No Bail Hearing (see Case Details, **Exhibit E**)

    d) Right to Represent Myself denied (Hearing Transcripts)

    e) No response to Dismissal Motion (Hearing Transcripts)

    f) Mental Competency commitment
       without Probable Cause or Due Process (June 2nd, 2022)

    g) Chilled Speech (Hearing Transcripts)

**5) Violation of ALL "Fundamental" Due Process rights**

**6) Subject Matter Jurisdiction los**t (No Procedural Due Process)

**7) Fraud on the Court** (**Exhibit E** and **Exhibit F**)

    a) Unreasonable Delay/ D.A. lied about Covid-19 (May 2nd, 2022)

    b) D.A. Lied and Said I "refused" transportation (April 28th, 2022)

**8) Process Crimes/ Abuse of Process**
   a) Obstruction of Justice
   b) Spoliation of Evidence
   c) No Compulsory Process

**<u>Probable Cause Affidavit not signed</u>: (**see **Exhibit C-1)**
The Court determined that such a detention could easily result in an illegal seizure and that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. Gerstein v. Pugh, 420 U.S. 103, 125 (1975). Id. at 114.

**<u>Criminal Complaint not signed</u>: (**see **Exhibit C-2)**
**N.R.S. 173.075   Nature and contents generally** (1):   The indictment or the information must be a plain, concise and definite written statement of the essential facts constituting the offense charged. It **must** <u>be signed</u> by the Attorney General acting pursuant to a specific statute or <u>the district attorney</u>.

**<u>Judicial Bias</u>: (Fundamental Infirmity)**
"The probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable." "**<u>If the failure to recuse is so severe that it deprives a litigant of due process, then the judgment is <u>"Void</u></u>**."" Caperton, 556 U.S. at 872, 877.

Judicial Bias "Was an error that affected [this Court's] whole adjudicatory framework." Williams v. Pennsylvania 136 S. Ct. 1899 (2016). Williams announced a new rule that "**<u>if a judge served as a prosecutor... there is a finding of automatic bias and a due process violation</u>**." Id.

"**The right to an unbiased tribunal touches upon the fundamental fairness and accuracy of criminal proceedings**, it concluded the Williams decision announced a watershed rule of criminal procedure." Id. "Where a court is without jurisdiction it is without power to act and thus, any order that it issues is null and void." Commonwealth v. Morris , 565 Pa. 1, 771 A.2d 721, 735 (2001) (citations omitted); see also In re Simpson's Estate , 253 Pa. 217, 98 A. 35, 38 (1916) ("**When the jurisdiction does not exist ... then all the acts of the tribunal are void and of none effect, and may be so treated in any collateral proceeding**. Where there is no jurisdiction there is no authority to pronounce judgment, and consequently a judgment so entered is so but in form and similitude, and has no substance, force, or authority.") (citations and internal quotations omitted).

Under Heyne v. Metro. Nashville Public Schools, 655 F.3d 556, 566 (6th Cir. 2011) when a person has a protected interest under the Due Process Clause and the individual responsible for deciding whether to deprive that person of his interest is biased."). Not only is a biased decision maker constitutionally unacceptable, but "our system of law has always endeavored to prevent even the probability of unfairness." In re Murchison, supra at 349 U.S. 136; cf. Tumey v. Ohio, 273 U.S. 510, 273 U.S. 532 (1927). In State v. Womelsdorf , 47 Kan. App. 2d 307, 323, 274 P.3d 662 (2012), the court ruled that the **lack of an impartial judge is a structural error**. "To ensure that the opportunity is meaningful, there are aspects of due process that are irreducible minimums, including that whenever due process requires a hearing, the adjudicator must be impartial." Today's Fresh Start, Inc. v. L.A. County. Office. of Education., 303 P.3d 1140, 1149 (Cal. 2013) (citing Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009)).

**<u>Right to be heard Denied</u>: (Fundamental Infirmity)**

Parties whose rights are to be affected are entitled to be heard. Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233 (1863). Before a state may legitimately exercise control over persons and property, the state's jurisdiction must be perfected by an appropriate service of process that is effective to notify all parties of proceedings that may affect their rights. But, whether the action be in rem or in personam, there is a constitutional minimum; due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). "The law of the land and the process of law are interchangeable terms and both import notice and an opportunity to be heard or defend in a regular proceeding before a competent tribunal." Smith v. Keater et al, 286 N.C. 530, 535, 206 S.E. 2d 203 206 (1974). "A sentence of a court, pronounced against a party without hearing him or giving him an opportunity to be heard, is not a judicial determination of his rights and is not entitled to respect in any other tribunal." Windsor v. McVeigh, 93 U.S. 274 (1876).

**<u>No Bail Hearing</u>: (Fundamental Infirmity)**

The purpose of a pretrial detention hearing is not to rehash probable cause but to provide opportunity for detainee to show no risk of flight or danger to community. United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985).

**<u>No Procedural Due Process</u>: (Excess of Jurisdiction)**

In **Woerner v. Justice Court** 1 P.3d 377 (2000)**,** the Nevada Supreme Court held "The Justice's court was <u>not empowered to even consider the issue of competence</u> because N.R.S. 178.405 gives the authority to decide

that question to the trial court." See Baccari v. State, 97 Nev. 109, 624 P.2d 1008 (1981) (<u>stating that competency is an issue for the trial court</u>).

Under Heyne v. Metro. Nashville Pub. Schs., 655 F.3d 556, 566 (6th Cir. 2011) (Procedural due process is not satisfied when a person has a protected interest under the Due Process Clause and the individual responsible for deciding whether to deprive that person of his interest is biased.) (Armstrong v. Manzo, 380 U.S. 545, 552 (1965) (citation omitted).

The mere fact that a hearing was held … does not mean that a litigant was provided with the opportunity to be heard at a meaningful time and in a meaningful manner as required to satisfy due process. And the "hallmarks of procedural due process" are "notice and a meaningful opportunity to be heard." Austin v. Univ. of Or., 925 F.3d 1133, 1139 (9th Cir. 2019) (citation omitted). It's a longstanding principle that to deny an individual access to courts for the vindication of his or her rights is **<u>egregious</u>**.

**<u>Ineffective Assistance of Counsel</u>: (Fundamental Infirmity)**
The assistance of counsel is a vital aspect of the defendant's right to be heard, According to Powell is among the immutable principles of justice. Powell v. Alabama 287 U.S. 45 (1932). The appropriate remedy for the underlying right to counsel violations was dismissal of the indictment with prejudice. United States, v. Morrison, 449, U.S., 361, 364–65 (1981).

**<u>Denied right to Self-Representation</u>: (Fundamental Infirmity)**
"**<u>A defendant must be allowed to make his own choices about the proper way to protect his own liberty</u>**." [Citation.] Because harm is irrelevant to the basis underlying the right, the Court has deemed a violation of that right structural error.

People v. Lesser, D070195 (Cal. Ct. App. Aug. 31, 2017). (citing Weaver v. Massachusetts 137 S. Ct. 1899, 1908 (2017)). Denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it the Court must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial. For these errors, harm is irrelevant violation of the right may even aid a criminal defendant, **such as appointing a lawyer in violation of the Sixth Amendment right of self-representation**.

Structural errors that can result in automatic reversal because the effects of the error are simply too hard to measure. Weaver v. Massachusetts, 137 S. Ct., 1899 (2017). The court also held The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be informed of the nature and cause of the accusation. Faretta v. California 422 U.S. 806 (1975).

**Chilled Speech:**
In Mendocino Environmental Center v. Mendocino County, the court pointed out that the proper First Amendment inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. 192 F.3d 1283, 1300 (9th Cir. 1999) (emphasis added).

**Subject Matter Jurisdiction never Aquired:**
Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, **to follow a certain procedure**, or otherwise subjects the Court to certain limitations,

an act of the Court beyond these limits is in **excess of its jurisdiction**. In re: T.R.P., 360 N.C. 588, 636 S.E.2d 787 (2006).

Before a state may legitimately exercise control over persons and property, the state's jurisdiction must be perfected by an appropriate service of process that is effective to notify all parties of proceedings that may affect their rights. But, whether the action be in rem or in personam, there is a constitutional minimum; due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Rule 60(b)(4) allows a party to seek relief from a "Void" judgment only in the rare instance where a judgment is premised either on a **jurisdictional error** or on a **violation of due process that deprives a party of notice or the opportunity to be heard**. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment, however erroneous, cannot be collaterally assailed, is **only correct when the court proceeds, after acquiring jurisdiction of the cause, according to the established modes governing the class to which the case belongs**, and does not transcend, in the extent or character of its judgment, the law which is applicable to it. Windsor v. McVeigh, 93 U.S. 274 (1876).

**Fraud on the Court:** (Covid-19 Lie, May 2nd, 2022)
A "Fraud on the Court" occurs where it can be demonstrated, clearly and convincingly,

that a party has **sentiently set in motion some unconscionable scheme** calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or **unfairly hampering the presentation of the opposing party's claim or defense**. Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir.1989). An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Belisle Constr. v. Perry 2022 Ohio 239 (Ohio Ct. App.).

Fraud Upon the Court is where the Judge (who is Not the Court) does Not support or uphold the Judicial Machinery of the Court. The Court is an unbiased , but methodical creature which is governed by the Rule of law . . ..that is, The Rules of Civil Procedure, Rules of Criminal Procedure and Rules of Evidence, all which is overseen by Constitutional Law. The Court can ONLY be effective, fair, and "just" <u>If it is allowed to function as laws proscribe</u>.

**Structural Errors:**

A void judgment, in turn, is one "**affected by a fundamental infirmity**," which renders the judgment a "legal nullity." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). In Williams, the U.S. Supreme Court held that it is "structural error" when a judge with an "unconstitutional potential for bias" renders a judgment. 136 S. Ct. at 1905, 1909. It is inconceivable that a due process violation that is "structural error," id., would not also cause the case to be "affected by a fundamental infirmity," Espinosa, 559 U.S. at 270. The court also relied on United Student Aid Funds, Inc. v. Espinosa, where the U.S. Supreme Court held that relief under Rule 60(b)(4) is available "only in the rare instance where

a judgment is premised either on a jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." 559 U.S. at 271.

**Obstruction of Justice:**

Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (holding that "a judgment may be declared void for want of jurisdiction when the court 'plainly usurped jurisdiction'" (citations omitted)). Accordingly, "**process crimes**" comprise those criminal offenses with content addressing acts that interfere with the procedures and administration of justice.

**Comity is not applicable in this case** because "A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001), Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring). Phelps v Alameida (9th Cir 2009) 569 F3d 1120 (purpose of Rule 60(b) is to correct erroneous legal judgments that would prevent true merits of petitioner's constitutional claims from ever being heard).

It has also been held that "It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, **It may be impeached in any action direct or, collateral**." Holder v. Scott, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.).

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order **can be challenged in any court**",

**Old Wayne Mutual L. Assoc. v. McDonough**, 204 U.S. 8, 27 S. Ct. 236 (1907).

The constitutional requirement that full faith and credit be given in each state to the public acts, records and judicial proceedings of every other state is necessarily to be interpreted in connection with other provisions of the Constitution, and therefore no state can obtain in the tribunals of other jurisdictions full faith and credit for its judicial proceedings if they are wanting in the due process of law enjoined by the fundamental law.

If the conclusiveness of a judgment or decree in a court of one state is questioned in a court of another government, **federal or state**, it is open, under proper averments, to inquire whether the court rendering the decree or judgment had jurisdiction to render it. Id at 9. "No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party." Scott v. McNeal, 154 U.S. 34, 154 U.S. 46. "**No state can, by any tribunal or representative, render nugatory a provision of the supreme law**." Id at 15. **Such is the settled doctrine of the United States Supreme Court**.

In the leading case of Thompson v. Whitman, 18 Wall. 457, 85 U.S. 468, the whole question was fully examined in the light of the authorities.

Mr. Justice Bradley, speaking for the Court and delivering its unanimous judgment, stated the conclusion to be clear that the jurisdiction of a court rendering judgment in one state may be questioned in a collateral proceeding in another state, notwithstanding the averments in the record of the judgment itself. The Court, among other things, said that, if it be once

conceded that "<u>the validity of a judgment may be attacked collaterally by evidence showing that the court had no jurisdiction, it is not perceived how any allegation contained in the record itself, however strongly made, can affect the right so to question it</u>. The very object of the evidence is to invalidate the paper as a record. If that can be successfully done, no statements contained therein have any force. If any such statements could be used to prevent inquiry, a slight form of words might always be adopted so as effectually to nullify the right of such inquiry. Recitals of this kind must be regarded like asseverations of good faith in a deed, which avail nothing if the instrument is shown to be fraudulent." 204 U.S. at 16.

In Williamson v. Berry, 8 How. 495, 49 U.S. 540, it was said to be well settled that the jurisdiction of any court exercising authority over a subject "may be inquired into in every other court when the proceedings in the former are relied upon and brought before the latter by a party claiming the benefit of such proceedings," and that the rule prevails whether "the decree or judgment has been given in a court of admiralty, chancery, ecclesiastical court, or court of common law, or whether the point ruled has arisen under the laws of nations, the practice in chancery, or the municipal laws of states." In his Commentaries on the Constitution, Story, § 1313, referring to Mills v. Duryee, 7 Cranch 481, 11 U.S. 484, and to the constitutional requirement as to the faith and credit to be given to the records and judicial proceedings of a state, said:  "But this does not prevent an inquiry into the jurisdiction of the court in which the original judgment was given, to pronounce it, or the right of the state itself to exercise authority over the person or the subject matter. **The Constitution did not mean to confer upon the states a new power or jurisdiction, but simply to regulate the effect of the acknowledged jurisdiction over persons and things within the territory**." 204 U.S. at 17.

"The burden of proof was therefore upon the plaintiffs." "This burden the plaintiffs met by introducing in **evidence a complete transcript of the record of the action**." 204 U.S. at 18. The "whole purpose of Rule 60(b) is to make an exception to finality." Buck v. Davi*s*, 137 S. Ct. 759 (2017).

"The court is bound by the facts pleaded in the complaint **with a limited exception for exhibits that are attached to the complaint, exhibits incorporated by reference in the complaint**, or matters of judicial notice." United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003).

Fed. R. Civ. P. 10(c). The court will treat all allegations of material fact in the complaint as true and construe the complaint in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

It is with preponderance that Civil Rule 60(b) applies to any judgment, whether Criminal or Civil. Felker v. Turpin (Felker II), 101 F.3d 657, 661 (11th Cir. 1996).

Furthermore Civil Rule 60(b) requires the plaintiff to Bear the Burden of persuasion. And until the Justices determine jurisdiction and merit the plaintiff is not constrained by local discovery rules. Case law also holds that a court always has "jurisdiction to determine its own jurisdiction." See 11 Charles Alan Wright et al., Federal Practice and Procedure § 2862 n.1 (2d ed. 1995). In re Bunyan, 354 F.3d 1149, 1152 (9th Cir. 2004) (citing United States v. Ruiz, 536 U.S. 622, 628 (2002)) ("A federal court always has jurisdiction to determine its own jurisdiction.")

Jurisdiction creates a presumption that the resulting judgment is legitimate and therefore binding, but that presumption can be rebutted under highly unusual circumstances, such as corruption, **monstrous abridgments of process**, outrageously incorrect results, or some combination.

The controlling burden of proof rule. Burden of Proof Under Fed. R. Civ. P., Rule 60(b)(4), 47 Am. Jur. 2d Judgments § 860 (1995 & Supp. 1999).

The term "burden of proof" usually "refers to two different burdens: the burden of production and the burden of persuasion." John J. Cound, et al, Civil Procedure: Cases and Materials 992 (West 7th ed 1997).

The burden of production requires only that the party produce sufficient evidence such that a reasonable fact finder could find in its favor; therefore, one can meet the burden of production even if the opposing party refutes all of the evidence produced. Id. If the burden of production is met in a civil action, the case can move forward to the stage of persuasion. Id.

In this sense, the party bearing the burden of persuasion bears the risk of non-persuasion. McNutt v. General Motors Acceptance Corp, 298 U.S. 178, 189 (1936) (Because the plaintiff "is seeking relief ... it follows that he must carry throughout the litigation the burden of showing that he is properly in court.")

Fed. R. Civ. P. 60(b) (2011). The moving party's allegations "must be clearly substantiated by adequate proof" to the satisfaction of the district court. In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992). (Wendt, 431 F.3d at 413-415) (noting relief under Rule 60(b)(4) requires a "total want of jurisdiction"

and that the question is not whether the district court was "erroneous" in exercising jurisdiction but rather whether there was "no arguable basis" for jurisdiction).

Courts are barred from enforcing these void judgments; if a court analyzing a 60(b)(4) motion to vacate finds that the issuing court lacked personal jurisdiction, the court lacks any discretion and must refuse to enforce the judgment. See Bally Export Corp v. Balicar, Ltd, 804 F.2d. 398, 400 (7th Cir 1986) (holding that "when the rule 60(b)(4) motion alleges that that 'the underlying judgment is void because the court lacked personal or subject matter jurisdiction,' **once the court decides that the allegations are correct, "the trial judge has no discretion and must grant appropriate Rule 60(b) relief"**); Venable v. Haislip, 721 F.2d. 297, 300 (10th Cir 1983) (stating that if a judgment is void for lack of personal jurisdiction, the court must grant relief). See also Wright, Miller, and Kane; 11 Federal Practice and Procedure at § 2862 (cited in note 7) ("There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4).") (collecting cases)

"A judgment against a person on whom no process has been served is not erroneous and voidable, but, upon principles of natural justice and also under the due process clause of the Fourteenth Amendment, is absolutely void." Simon v. Southern Ry. Co., 236 U.S. 115 (1915).

In re Brackett, 243 B.R. 910, 914 n 7 (Bankr. N.D. Ga 2000) ("<u>If a judgment is void, no proof is required that the defaulting party has a meritorious defense or that the other party will not be prejudiced by having the judgment set aside.</u>");

See McCormick, 2 McCormick on Evidence § 337 at 428 (cited in note 20) (stating that the burden of proof is generally assigned to the party who "seeks to change the present state of affairs").

The case law clearly states that a federal court has no discretion to deny a motion for relief from a judgment unsupported by either personal or subject matter jurisdiction. See, e.g., Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 525 U.S. 1041 (1998); Chambers v. Armontrout, 16 F.3d 257, 260 (8th Cir. 1994); Jordon v. Gilligan, 500 F.2d 701, 704 (6th Cir. 1974), cert. denied, 421 U.S. 991 (1974). ("A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside."); see Charles Alan Wright et al., Federal Practice and Procedure § 2862 n.1 (2d ed. Supp. 2003).

Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. Nemaizer v. Baker, 793 F. 2d 58, 65 (CA2 1986).

The court in Miller pointed to "the interest in resolving disputes in a single judicial proceeding." 779 F Supp at 210. They cite "finality" being the overwhelming concern, but the "whole purpose of Rule 60(b) is to make an exception to finality." Buck v. Davis, 137 S. Ct. 759 (2017).

The Constitutions which had been adopted by the several States before the formation of the federal Constitution, following the language of the great charter more closely, generally contained the words, but by the judgment of his peers, or the law of the land. Murray's Lessee, 59 U.S. at 276.

"The Union of these States is perpetual under the Constitution. The United States do not form a compact, but are a country bound together by **national fabric**." (Abraham Lincoln 1862). The union that Lincoln hoped to save was an agreement between the sovereign people of the United States, not the states themselves. And so, the president argued, the people of a particular state could not break away of their own volition.

If denial of a Speedy Trial Act claim may only be reviewed on appeal from a conviction, then a remedy is not available to those who are ultimately acquitted (but who nonetheless suffer all the disadvantages which concerned Congress), nor to those who, perhaps worn down by a lengthy pre-trial delay, ultimately plead guilty. United States v. Mehrmanesh 652 F.2d 766 (9th Cir. 1980). The Court also held the right to a speedy trial is offended by the delay before trial and not by the trial itself.

This court has a duty to secure this right by providing relief now. "Rule 60 is to be liberally construed in order that judgments will reflect the true merits of a case." 11 Wright & Miller, Federal Practice & Procedure § 2582 (3d ed. 2022) (emphasis added).

A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. Pennoyer v. Neff, 95 U. S. 714, 95 U. S. 732-733 (1878). The Due Process Clause protects an individual's right to be deprived of life, liberty, or property **only by the exercise of lawful power**. J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 879 (2011) (plurality opinion). The district court's allocation of the burden of proof is a conclusion of law reviewed de novo. See Lopez v. Catalina Channel Express, Inc., 974 F.3d 1030, 1033 (9th Cir. 2020).

**Please see that case C-22-365622-1 is vacated and barred from retrial**. State v. Rogan, 984 P.2d 1231 (1999) (citing to Dinitz while holding that "where the defendant is provoked by judicial or prosecutorial overreaching into requesting a mistrial and his motion is granted, he may not be retried for the same offense"); United States v. Dinitz, 424 U.S. 600, 607 (1976). Courts use the term "goading" to explain prosecutorial overreaching that effectively requires the defense to move for a mistrial. It's a difficult standard to meet. (Oregon v. Kennedy, 456 U.S. 667 (1982).

I stated in my May 11th dismissal motion, they already "Goaded" a mistrial." The court reporter Lisa Brenske #186 typed "voted" and refuses to allow me the hearing audio.

"It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012).

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of February 2024 at Las Vegas, Nevada.

Jeromy Oelker (pro se)

Page 21 of 21



1775