# Exhibit A

**Case Docket 2:23-cv-01731**

CLOSED,HABEAS

# United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:23-cv-01731-GMN-BNW

Oelker v. Attorney General of the State of Nevada
Assigned to: Judge Gloria M. Navarro
Referred to: Magistrate Judge Brenda Weksler
Cause: 28:1651 Petition for Writ of Habeas Corpus

Date Filed: 10/24/2023
Date Terminated: 11/27/2023
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Jeromy Oelker**                    represented by   **Jeromy Oelker**
                                                      525 E Bonanza Rd
                                                      Las Vegas, NV 89101
                                                      PRO SE

V.

**Respondent**

**Attorney General of the State of Nevada**   represented by   **Aaron D. Ford-AG**
                                                               Nevada Attorney General
                                                               100 North Carson Street
                                                               Carson City, NV 89701
                                                               775-684-1100
                                                               Fax: 775-684-1108
                                                               Email: usdcfilings@ag.nv.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2023 | | Case randomly assigned to Judge Gloria M. Navarro and Magistrate Judge Brenda Weksler. (CT) (Entered: 10/24/2023) |
| 10/24/2023 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ 5 - PAID 6237) by Jeromy Oelker. (Attachments: # 1 Receipt) (CT) (Entered: 10/25/2023) |
| 10/25/2023 | 2 | NOTICE from USDC advising case against Attorney General of the State of Nevada, et al., has been received and assigned case number **2:23-cv-01731-GMN-BNW**. (CT) (Entered: 10/25/2023) |
| 10/31/2023 | 3 | MOTION to Vacate Order by Petitioner Jeromy Oelker. Responses due by 11/14/2023. (ALZ) (Entered: 11/01/2023) |

| 10/31/2023 | 14 | MEMORANDUM in Support by Petitioner Jeromy Oelker.. (ALZ) (Entered: 11/02/2023) |
|---|---|---|
| 11/01/2023 | 4 | EXHIBIT A by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/01/2023 | 5 | EXHIBIT B by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/01/2023 | 6 | EXHIBIT C by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/01/2023 | 7 | EXHIBIT D by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/01/2023 | 8 | EXHIBIT E by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/01/2023 | 9 | EXHIBIT F by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/01/2023 | 10 | EXHIBIT G by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/01/2023 | 11 | EXHIBIT H by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/01/2023 | 12 | EXHIBIT J by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/01/2023) |
| 11/02/2023 | 15 | EXHIBIT R-1 by Petitioner Jeromy Oelker. (Attachments: # 1 Exhibit)(ALZ) (Entered: 11/02/2023) |
| 11/02/2023 | 16 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Brenda Weksler on 11/2/2023. Local Rule IA 7-2 and 10-2. By Deputy Clerk: ALZ. (Attachments: # 1 E-mail)(Copies have been distributed pursuant to the NEF - ALZ) (Entered: 11/03/2023) |
| 11/02/2023 | 17 | PETITION for Writ of Habeas Corpus (Filing fee $ 5 - PAID) by Jeromy Oelker. (ALZ) (Entered: 11/03/2023) |
| 11/07/2023 | 18 | DECLARATORY RELIEF by Petitioner Jeromy Oelker. (ALZ) (Entered: 11/08/2023) |
| 11/16/2023 | 19 | NOTICE to Clerk of Court Regarding Assignment of Case to Magistrate Judge. (Document restricted under General Order 2021-03.) (Entered: 11/16/2023) |
| 11/16/2023 | 20 | CERTIFICATE of Interested Parties by Jeromy Oelker. There are no known interested parties other than those participating in the case. (CT) (Entered: 11/16/2023) |
| 11/27/2023 | 21 | ORDER Dismissing 17 Amended Petition for Lack of Jurisdiction without Prejudice. ORDER denying 3 Motion as MOOT.<br>IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability because jurists of reason would not find debatable whether the court is correct in dismissing this action.<br>It is further ordered that the Clerk of the Court is directed to add Aaron D. Ford, Attorney General of the State of Nevada, to the docket for this case, as counsel for Respondent, and serve Respondent with a copy of this order. Respondent need take no action with respect to this case.<br>IT IS FURTHER ORDERED that the Clerk enter judgment accordingly and close this case. Signed by Judge Gloria M. Navarro on 11/27/2023. (Copies have been distributed pursuant to the NEF - CT) (Entered: 11/29/2023) |
| 11/29/2023 | 22 | JUDGMENT in favor of Attorney General of the State of Nevada against Jeromy Oelker. Signed by Clerk of Court Debra K. Kempi on 11/29/2023. (Copies have been distributed pursuant to the NEF - CT) (Entered: 11/29/2023) |

| 12/04/2023 | 23 | MOTION to Amend 17 Petition for Writ of Habeas Corpus by Petitioner Jeromy Oelker. Responses due by 12/18/2023. (CT) (pleading) (Entered: 12/04/2023) |
| 12/15/2023 | 24 | MEMORANDUM for Motion to Amend 17 Petition for Writ of Habeas Corpus by Petitioner Jeromy Oelker. (CT) (pleading) Modified on 1/3/24 to change document from motion to memorandum. NEF regenerated. (CT) (Entered: 12/18/2023) |
| 12/27/2023 | 25 | MOTION to Vacate Judgment by Petitioner Jeromy Oelker. Responses due by 1/10/2024. (AMMi) (Entered: 12/28/2023) |
| 01/03/2024 | 26 | DECLARATION of Exhibits by Petitioner Jeromy Oelker. (CT) (Entered: 01/04/2024) |
| 01/05/2024 | 27 | EXHIBIT M in Support Rule 60(b)(4) 25 Motion by Petitioner Jeromy Oelker. (Attachments: # 1 PSI, # 2 Transcript of Sentencing, # 3 Transcript at Initial Arraignment, # 4 Transcript, # 5 Transcript PH, # 6 Criminal Complaint, # 7 Psychiatric Evaluation)(CT) (Entered: 01/09/2024) |
| 01/12/2024 | 28 | EXHIBIT M-1 in Support Rule 60(b)(4) 25 Motion by Petitioner Jeromy Oelker. (CT) (Entered: 01/12/2024) |

**PACER Service Center**

**Transaction Receipt**

02/13/2024 09:43:05

| PACER Login: | oelkerjnavy2000 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:23-cv-01731-GMN-BNW |
| Billable Pages: | 2 | Cost: | 0.20 |

# Exhibit B

**The court in Brown v. Allen "did not believe Congress intended to require repetitious application to state courts."** Brown v. Allen, 344 U.S. 443, 448-49 (1953). In a later case, Fransisco v. Gaithright, 419 U.S. 59 (1974), the Court confronted a situation similar to that in Moore, where the state appellate courts had denied review of a habeas petitioner's claim without considering the issue on the merits. The Court stated that: [The state courts] had a full opportunity to determine the federal constitution issues before resort was made to a federal forum, and the policies served by the exhaustion requirement would not be furthered by requiring resubmission of the claims to the state courts. Id. at 63.

87377

# In the Supreme Court of the State of Nevada

| | | |
|---|---|---|
| Jeromy Oelker | ) | **Case No. C-22-365622-1** |
| *Petitioner   (pro se)* | ) | **Case No. 22CHR000445** |
| | ) | Post-Conviction Petition |
| V. | ) | for Writ of Habeas Corpus |
| | ) | |
| State of Nevada | ) | |
| *Respondent* | ) | |

**FILED**

**OCT 0 2 2023**

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## PETITION FOR WRIT OF HABEAS CORPUS

Jeromy Oelker *(pro se)*
525 E. Bonanza Rd.
Las Vegas, NV 89101

## JURISDICTION

This Court has Appellate Jurisdiction; the criminal case originates within the State of Nevada. N.R.S. 34.360 Persons who may prosecute writ. Every person unlawfully committed, detained, confined or restrained of his or her liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint. N.R.S. 19.013(6) No fee may be charged for any services rendered to a defendant or the defendant's attorney in any criminal case or in habeas corpus proceedings.

RECEIVED
SEP 2023
CLERK OF SUPREME COURT
DEPUTY CLERK

i

23-32189

# EXHIBITS

A) Covid-19 Result

B) Harvey Gruber Emails

C) "Case Details" /Docket (Henderson Justice Court)

D) May 11th, 2022 Hearing Transcript

E) May 26th, 2022 Hearing Transcript

F) June 2nd, 2022 Hearing Transcript

G) Dismissal Motion May 11th 2022, heard June 2nd, 2022

H) Guilty Plea Agreement Jan 17th, 2023

# TABLE OF CONTENTS

JURISDICTION……………………………………………………………..i

EXHIBITS…………………………………………………………………...ii

TABLE OF CONTENTS………………………………………………… ii

TABLE OF AUTHORITIES…………………………………...VIII-VIIII

CLAIM FOR RELIEF

I)    PETITIONER'S CONVICTION AND SENTENCE
      OF "ATTEMPT STOP…." WAS OBTAINED IN
      VIOLATION OF MY FEDERAL AND STATE
      CONSTITUTIONAL RIGHTS DUE TO PERVASIVE
      GOVERNMENT CONDUCT……………………………….. .I

      A) Due Process History……………………………………I
      B) Factual Overview………………………………….......I-II
      C) Prosecution lied to the Court……………………………..II
      D) Judge Gibson violated all the Defendants
         Due Process Rights Guaranteed by the
         1st, 4th, 5th, 6th, 8th, and 14th Amendments……………………II-IV
      E) Ineffective Assistance of Counsel……………………IV-V
      F) The Injury and Relief………………………………...V-VII

**ii**

## CLAIM FOR RELIEF

A) The framers intended that the Due Process Clause was viewed not merely as a restraint on government power but as an obligation imposed on government to supply protection against private action. The clauses of the 14th amendment were understood by the framers as imposing duties on government to protect the natural rights of citizens.

The Due Process Rights Guaranteed by the 1st, 4th, 5th, 6th, 8th, and 14th Amendments that were violated are within the "Record." They violated all of Nevada's Criminal Rules of Procedure. This petition is for all aforementioned violations.

B) On April 25th I was seized for "Attempt Stop Required on Signal of Police Officer" and was held incommunicado at the Henderson jail until April 29th, 2022 and then April 29th I was transported to the Clark County Detention Center. I was strip searched and left naked incommunicado for roughly 5 more days. Then I was moved to a Covid-19 housing block for a few days, and was then moved to a cell in the North Tower, incommunicado.   On May 11th I was transported to Henderson Justice Court. Upon attending hearings I was not afforded "Due Process" whatsoever, and due to that fact I agreed to a plea agreement, just so I could get to a law library. Upon being sentenced, I was transported to High Desert State Prison. Upon arriving there I wrote letters to Attorney Harvey Gruber requesting documents etc. He refused to get me a copy of the Covid 19 result and file a Habeas Corpus, but did provide some documents. (see page 4 section 6 of **Exhibit H**)

**I**

Within his August 17th, 2023 email he stated again he had no duty to assist me beyond sentencing. (See **Exhibit B**) Roe v. Flores-Ortega, 528 U.S. 470 (2000), Jones v. Barnes, 463 U.S. 745 (1983)

C) On May 2nd, 2022 I was "Intentionally" with "Bad Faith" and to gain a "Tactical Advantage" prejudiced by Prosecutor Raman J.P. when he stated to Judge Thomson E.L. that I was not brought before the court because I had Covid-19. (See **Exhibit A**)(**Exhibit C**) Barker v. Wingo 407 U.S. 514 (1972), United States v. Lovasco, 431 U.S. 783 (1977), Berger v. United States, 295 U.S. 78, 88-89 (1935), United States v. Marion 404 U.S. 307 (1971)

On May 2nd, 2022 I was prejudiced by Judge Thomson E.L. because he "Arbitrarily" and "Intentionally" did not require prosecution to provide the burden in order for him to approve another "Unreasonable delay." Blatantly I was denied an "Impartial" judge, resultantly I was deprived my substantial right to Liberty and Property without due process. (**Exhibit A**)(**Exhibit C**) is the burden of proof to prove a "Miscarriage of Justice" and warrant a Writ of Habeas Corpus. **Before you read more please act now**. Chapman v. California, 386 U.S. 18 (1967)

D) On May 11th, 2022 Judge Gibson D.S. "Intentionally" prejudiced me by not allowing me to be heard under the 1st Amendment as I was attempting to contest the delays, and by not allowing me to discuss whether or not the complaint was defective or contained all the elements when I moved for dismissal and a bail hearing, and whether or not I needed counsel. Simply he should have stated; "on what grounds?" Furthermore he did not read the complaint, and he did not set bail. (See **Exhibit D**) Specifically he violated N.R.S. 174.015(2) the statute clearly states the Justice Court "**Must**" read the complaint or the substance of the charge. Neither Judge Gibson nor the court ever did comply, furthermore he stated during the June 2nd hearing that I had waived those rights when he appointed Mr.

**II**

Hyte as Public Defender **(Exhibit F).**  He blatantly lied, and his claim is outside the jurisdiction of any established statute as well violated my 6th Amendment right to "Notice of Accusation." (see **Exhibit D**) "Failure to comply with arraignment requirements has held not to be jurisdictional, but a mere technical Irregularity not warranting a reversal of conviction, **IF** not raised before a trial" (See **Exhibit G**). Garland v. State of Washington 232 U.S. 642, 34 S. Ct. 456, 58 L.Ed. 772. Next he blatantly violates N.R.S. 171.188; (Procedure of Appointment of Attorney for indigent Defendants). Section (1) "The record "**Must**" indicate that the defendant was provided an opportunity to make an **oral** statement and whether the defendant made such a statement or declined to request the appointment of an attorney. If the defendant declined to request the appointment of an attorney, the record "**Must**" also indicate that the decision to decline was made knowingly and voluntarily and with an understanding of the consequences." Judge Gibson also completely violated N.R.S. 171.186; "Rights of defendant before preliminary examination. The magistrate or master "**Shall**" **inform** the defendant of the complaint and of any affidavit filed therewith, of the right to retain counsel, of the right to request the assignment of counsel if the defendant is unable to obtain counsel, and of **the right to have a preliminary examination**. The magistrate or master "**Shall**" also **inform** the defendant that the defendant is not required to make a statement and that any statement made may be used against him or her. The magistrate shall allow the defendant reasonable time and opportunity to consult counsel, and "**Shall**" admit the defendant to bail as provided in this title." Aside from the blatant violations to the 14th Amendment, I was also deprived my 6th Amendment right of "Self-Representation" under the Sixth Amendment. (see **Exhibit D**) Faretta v. California, 422 U.S. 806 (1975), Glasser v. United States, 315, U.S., 60 (1942), Washington v. Recuenco, 126, S. Ct., 2546, 2551 (2006), Chapman v. California, 386 U.S. 18, 22 (1967), Tumey v. State of Ohio, 273 U.S. 510, 535 (1927)

# III

On June 2nd, 2022 Judge Gibson did not hold the preliminary hearing (see **Exhibit F**) in violation of N.R.S. 171.196 Preliminary examination; 1.   If an offense is **not triable in the Justice Court**, the defendant **must** not be called upon to plead. If the defendant waives preliminary examination, the magistrate **shall** immediately hold the defendant to answer in the district court. 2.   If the defendant does not waive examination, the magistrate **shall** hear the evidence **within 15 days**, unless for good cause shown the magistrate extends such time. Unless the defendant waives counsel, reasonable time must be allowed for counsel to appear. In **Woerner v. Justice Court** the Nevada Supreme Court held "The Justice's court was not empowered to even consider the issue of competence because N.R.S. 178.405 gives the authority to decide that question to the trial court." See **Baccari v. State**, 97 Nev. 109, 624 P.2d 1008 (1981) (stating that competency is an issue for the trial court). "The justice court's role at the preliminary hearing is to determine whether there is probable cause to find that an offense has been committed and that the defendant has committed it. If the justice court finds probable cause, the court must order the defendant bound over for trial in the district court." State of Nevada v. Justice Court, 112 Nev. at 806, 919 P.2d at 402. (See also State v. Fuchs, 78 Nev. 63, 69, 368 P.2d 869, 871 (1962)

E) Starting with Public Defender Hyte, he refused to give me copies of the laws, and address the court with my concerns, and then withdrew on the quote unquote day I was scheduled to have a preliminary May 26th, 2022 causing me an "unreasonable delay"; also he never stated any reason for withdrawing that applies to his rules of Professional Conduct. He said over the phone that my due process rights were not applicable to Henderson Justice Court's local rules. He asserted he was the attorney and that he would defend his way, he also would not explain why I did not have a bail hearing.

# IV

Attorney Harvey Gruber stated on June 2nd, 2022: "I'm not filing motions that I believe to be "frivolous" which are going to file bar complaints." After being forced to take drugs I was informed by Wendy at Lakes Crossing that I had to "cooperate" or the court would send me back to Lakes Crossing indefinitely, so I just went along with whatever they threw at me. Mr. Gruber kept giving the court continuances for the preliminary. He told me over the phone while at Lakes Crossing that he would not file a Habeas Corpus nor make any effort to mount a defense or gather evidence. He never did anything to secure my defense. He stated that he would request Body-camera footage etc. but never did. He was late to every hearing. We never had a private moment to discuss the case upon my returning to C.C.D.C., he also never accepted my calls either. It is also very obvious he was engaged in impropriety by not protecting my rights, as well as conflicted. Brewer v. Williams, 430 U.S. 387 (1977) It is undeniable I was being treated with "deliberate indifference." The United States Constitution provides merely for the "Assistance of Counsel," but the Supreme Court in McMann v. Richardson made it clear that defendants facing felony charges are entitled to the effective assistance of "Competent Counsel." 397, US, 759 (1970) Had he performed effectively the case could have been dismissed on a number of grounds, to include a violation of my 6th amendment right to a speedy trial due to the fact defense caused no delays and the court failed to show "Good Cause.". Strickland v. Washington 466 U.S. 668 (1984)

F) When the "Officers of the Court" "Intentionally" and in "Bad Faith" violated said Statutes and Constitutional protections, they have in fact deprived me of life, liberty, and property without due process. For example my injuries are exponential physically and financially, self-evident, I was and am both subject to actual and immanent

**V**

injury by limitation of liberty, freedom of association, freedom of movement by virtue of wrongful imprisonment, financial expense of legal defense, reputational harm among members of my community, inability to transact business or obtain employment, inability to secure credit, and personal pain and suffering. Furthermore my truck was stolen while in custody as well. "Deprivation of fundamental liberty rights "for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Bums, 96 S. Ct. 2673; 427 U.S. 347, 373 (1976) "The appropriate remedy" for the underlying right to counsel violations was dismissal of the indictment with prejudice. United States, v. Morrison, 449, U.S., 361, 364–65 (1981), Tumey v. State of Ohio, 273 U.S. 510, 535 (1927)

Under Holland the justices said that courts of equity "must be governed by rules and precedents no less than the courts of law." Lonchar v. Thomas, 517 U.S. 314, 323 (1996) But we have also made clear that often the "exercise of a court's equity powers must be made on a case-by-case basis." Baggett v. Bullitt, 377 U. S. 360, 375 (1964). In emphasizing the need for "flexibility, "for avoiding" mechanical rules," Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946) we have followed a tradition in which courts of equity have sought to "relieve hardships which, from time to time, arise from a hard and fast adherence" to more absolute legal rules, which, if strictly applied, threaten the evils of archaic rigidy," Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U. S. 238, 248 (1944). The "flexibility" inherent in "equitable procedure" enables courts "to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." Holland v. Florida, 560 U.S. 631 (2010)

# VI

This "Miscarriage of Justice" extends way beyond "Plain and Structural errors." "Judges and Prosecutors rest the duty of solicitude for the essential rights of the accused." Glasser v. United States, 315, U.S., 60 (1942) "Structural Errors Doctrine is to ensure insistence on certain basic constitutional guarantees that should define the framework of any criminal proceeding." Weaver v. Massachusetts, 2017, 137 S. Ct., 1899. The "Shock of Conscience" I have experienced is un-believable and will follow me the rest of my life. County of Sacramento v. Lewis, 523 U.S. 833 (1998) Their actions are defined as unfair, arbitrary, bias, malicious, egregious, capricious, wanton, violent, corrupt misconduct. The "Officers of the Court" have created a "Windfall." Malfeasance historically was defined as "to do evil." This court should set precedent an award me "Punitive Damages", as well as an Award me for legal fees and of course grant Writ of Habeas Corpus, the evidence is clear and convincing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this September 27th day of 2023 at Las Vegas, Nevada.

Jeromy Oelker (pro se)

# VII

**TABLE OF AUTHORITES**

Roe v. Flores–Ortega, 528 U.S. 470 (2000)…………………………I

Jones v. Barnes, 463 U.S. 745 (1983)………………………………..I

Riverside v. McLaughlin 500 U.S. 44 (1991)………………………II

Barker v. Wingo 407 U.S. 514 (1972)……………………………...II

United States v. Lovasco, 431 U.S. 783 (1977)…………………....II

Berger v. United States, 295 U.S. 78, 88-89 (1935)………………..II

United States v. Marion 404 U.S. 307 (1971)……………………...II

Garland v. State of Washington 232 U.S. 642, 34 S. Ct. 456, 58 L.Ed. 772 …………………………………………………………………III

Faretta v. California, 422 U.S. 806 (1975)………………………....III

Glasser v. United States, 315, U.S., 60 (1942)…………………….III

Washington v. Recuenco, 126, S. Ct., 2546, 2551 (2006)………….III

Chapman v. California, 386 U.S. 18, 22 (1967)…………………II, III

Tumey v. State of Ohio, 273 U.S. 510, 535 (1927)……………..III, VI

Woerner v. Justice Court 1 P.3d 377 (2000) ………………………IV

Baccari v. State, 97 Nev. 109, 624 P.2d 1008 (1981)………………IV

**VIII**

State of Nevada v. Justice Court, 112 Nev. 803, 805, 919 P.2d 401, 402 (1996) ………………………………………………………………..IV

State v. Fuchs, 78 Nev. 63, 69, 368 P.2d 869, 871 (1962)………….IV

Brewer v. Williams, 430 U.S. 387 (1977)…………………………...V

McMann v. Richardson 397, US, 759 (1970)……………………….V

Strickland v. Washington 466 U.S. 668 (1984)……………………..V

Elrod v. Bums, 96 S. Ct. 2673; 427 U.S. 347, 373 (1976)…………..VI

United States, v. Morrison, 449, U.S., 361, 364–65..(1981)………..VI

Lonchar v. Thomas, 517 U.S. 314, 323 (1996)…………………….VI

Baggett v. Bullitt, 377 U. S. 360, 375 (1964)………………………VI

Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946) ………………..VI

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U. S. 238, 248 (1944)……………………………………………………………..VI

Holland v. Florida, 560 U.S. 631 (2010)…………………………VI

Weaver v. Massachusetts, 2017, 137 S. Ct., 1899………………...VII

County of Sacramento v. Lewis, 523 U.S. 833 (1998)…………….VII

# VIIII

# Exhibit C-1

<u>Unsigned Probable Cause Affidavit</u>

N.R.S. 53.045:   Use of unsworn declaration in lieu of affidavit or other sworn declaration; exception.   Any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth <u>signed by the declarant</u> under penalty of perjury, and dated.

**Henderson Police Department**
223 Lead Henderson, NV 89015
**Booking Custody Record**

KD666 2653 

| DR NUMBER | PRE BOOKING NUMBER: | NVHP52117500 | SCOPE | 8640106 | ARRESTED DATE AND TIME |
|---|---|---|---|---|---|
| 22-07789 | B1002221719 | | | | 04/25/2022 18:13:44 |

| LOCATION OF CRIME | LOCATION OF ARREST |
|---|---|
| 136 Elm St, Henderson, NV 89015 | 136 Elm St, Henderson, NV, 89015 |

| MIRANDA GIVEN | DATE AND TIME | GIVEN BY |
|---|---|---|
| No | | |

| ARRESTING OFFICER | TRANSPORT OFFICER |
|---|---|
| 2675 - WEBBER, SHANE | 2728 - FIFE, ALLAN |

| PERSON 1 | PERSON NAME (LAST, FIRST, MID, SUFFIX) | SSN | DOB | AGE |
|---|---|---|---|---|
| | OELKER, JEROMY, JOHN | 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 | 05/04/1980 | 41 |

| HEIGHT | WEIGHT | HAIR | EYES | RACE | GENDER | STATE OF BIRTH | COUNTRY OF BIRTH |
|---|---|---|---|---|---|---|---|
| 5' 11" | 185 | BLN – Blond | GRN - Green | W - White | M - Male | Minnesota | United States of America |

| PERSON ADDRESS |
|---|
| 136 Elm St, Henerson, NV 89015   (H) |

| PHONE TYPE | PHONE NUMBER | ALIAS: Elker, Jeremy |
|---|---|---|
| | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 001 | 200.471.2b | B | 50201 | 3 | | JC |
| | | B-50201-Assault, w/DW | | | | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 004 | 207.185 | G | 53158 | 3 | | JC |
| | | G-53158-Hate/bias crime | | | | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 007 | 484B.297.1 | M | 53815 | 1 | | JC |
| | | M-53815-Pedestrian/animal rider fail walk/ride on sidewalk | | | | | |

**PROBABLE CAUSE REVIEW**

The undersigned Magistrate has reviewed the Affidavit and Declaration of Probable Cause for the arrest of the above-named defendant without warrant for the charge(s) shown.

FINDING

   I find there is sufficient probable cause, for the purpose of continued incarceration, to believe that charged crime(s) have been committed and that said defendant has committed such crime(s). THEREFORE, IT IS ORDERED that the defendant may be held in custody until bail is posted.

   □ BAIL: STANDARD   □ OTHER: $

   I find there is NOT sufficient probable cause shown to allow the defendant to be held in custody. THEREFORE, IT IS ORDERED that the defendant be immediately release from custody as to the charge(s). This order is without prejudice to the City or State to proceed with the charge(s) based upon additional evidence sufficient to establish probable cause.

   □   DPCH   □ OR RELEASE   □ COR RELEASE   □ IAD RELEASE

COMMENT:

RETURN DATE: NORMAL SCHEDULE □   FIRST AVAILABLE   □   □ OTHER DATE:

Signature of Magistrate: _____ _____ Justice Court □   Municipal Court □   Date/Time:

4/25/2022 11:44:28 PM

# Henderson Police Department
## 223 Lead Henderson, NV 89015
## Booking Custody Record

KD666

| DR NUMBER | PRE BOOKING NUMBER: | SCOPE | ARRESTED DATE AND TIME |
|---|---|---|---|
| 22-07856 | B1002221720 | *NVHPS 211750C* *8640106* | 04/25/2022 18:13:29 |

| LOCATION OF CRIME | LOCATION OF ARREST |
|---|---|
| 136 Elm St, Henderson, NV 89015 | 136 Elm St., Henderson, NV, 89015 |

| MIRANDA GIVEN | DATE AND TIME | GIVEN BY |
|---|---|---|
| No | | |

| ARRESTING OFFICER | TRANSPORT OFFICER |
|---|---|
| 2675 - WEBBER, SHANE | 2728 - FIFE, ALLAN |

| PERSON 1 | PERSON NAME (LAST, FIRST, MID, SUFFIX) | SSN | DOB | AGE |
|---|---|---|---|---|
| | OELKER, JEROMY, JOHN | 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 | 05/04/1980 | 41 |

| HEIGHT | WEIGHT | HAIR | EYES | RACE | GENDER | STATE OF BIRTH | COUNTRY OF BIRTH |
|---|---|---|---|---|---|---|---|
| 5' 11" | 185 | BLN - Blond | GRN - Green | W - White | M - Male | | |

PERSON ADDRESS

136 Elm St, Henerson, NV 89015 (H)

| PHONE TYPE | PHONE NUMBER | ALIAS: Elker, Jeremy |
|---|---|---|
| | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 001 | 200.471.2c | B | 50205 | 1 | | JC |
| | | B-50205-Assault on protected pers, w/DW | | | | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 002 | 200.481.2b | C | 50216 | 1 | | JC |
| | | C-50216-BATT R/SBH-E/VOP | | | | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 003 | 200.481.2d | G | 50221 | 1 | | JC |
| | | G-50221-Battery on protected pers | | | | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 004 | 199.280.3 | M | 52990 | 1 | | JC |
| | | M-52990-Resist pub off | | | | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 005 | 207.185 | G | 53158 | 1 | | JC |
| | | G-53158-Hate/bias crime | | | | | |

| VIOLATIONS | SEQUENCE | STATUTE | CLASS | NOC CODE | COUNT | WARRANT NUMBER | COURT |
|---|---|---|---|---|---|---|---|
| | 006 | 484B.267 | M | 53806 | 1 | | JC |
| | | M-53806-Fail yield to emerg veh | | | | | |

## PROBABLE CAUSE REVIEW

The undersigned Magistrate has reviewed the Affidavit and Declaration of Probable Cause for the arrest of the above-named defendant without warrant for the charge(s) shown.

FINDING

I find there is sufficient probable cause, for the purpose of continued incarceration, to believe that charged crime(s) have been committed and that said defendant has committed such crime(s). THEREFORE, IT IS ORDERED that the defendant may be held in custody until bail is posted.

☐ BAIL: STANDARD  ☐ OTHER: $

I find there is NOT sufficient probable cause shown to allow the defendant to be held in custody. THEREFORE, IT IS ORDERED that the defendant be immediately release from custody as to the charge(s). This order is without prejudice to the City or State to proceed with the charge(s) based upon additional evidence sufficient to establish probable cause.

4/26/2022 12:31:44 AM

☐   DPCH   ☐ OR RELEASE   ☐ COR RELEASE   ☐ IAD RELEASE

COMMENT:

RETURN DATE: NORMAL SCHEDULE ☐   FIRST AVAILABLE   ☐   ☐ OTHER DATE:

Signature of Magistrate: _____ Justice Court ☐   Municipal Court ☐   Date/Time:

4/26/2022 12:31:44 AM

# Exhibit C-2

### Unsigned Criminal Information

N.R.S. 173.075 Nature and contents generally (1): The indictment or the information must be a plain, concise and definite written statement of the essential facts constituting the offense charged. **It must be signed** by the Attorney General acting pursuant to a specific statute or <u>the district attorney</u>.

1

JUSTICE COURT, HENDERSON TOWNSHIP

2

CLARK COUNTY, NEVADA

A/o  10/20/22 @           LAKES CROSSING

3     THE STATE OF NEVADA,

4                Plaintiff,

5        -vs-                                              22CRH000445

6     JEROMY JOHN OELKER, aka,
      Jeromy J. Oelker #8640106,                DA CASE NO:   202225837C

7

8                Defendant.

9     _____          CRIMINAL COMPLAINT

10         The Defendant above named having committed the crimes of ASSAULT WITH A

11    DEADLY WEAPON (Category B Felony - NRS 200.471 - NOC 50201), BATTERY

12    RESULTING IN SUBSTANTIAL BODILY HARM, VICTIM 60 YEARS OF AGE OR

13    OLDER (Category C Felony - NRS 200.481, 193.167 - NOC 50216), ASSAULT ON A

14    PROTECTED PERSON WITH USE OF A DEADLY WEAPON (Category B Felony - NRS

15    200.471 - NOC 50205), BATTERY ON AN OFFICER (Gross Misdemeanor - NRS 200.481

16    - NOC 50221), RESISTING PUBLIC OFFICER (Misdemeanor - NRS 199.280 - NOC 52990)

17    and STOP REQUIRED ON SIGNAL OF POLICE OFFICER (Category B Felony - NRS

18    484B.550.3b - NOC 53833), in the manner following, to wit:  That the said Defendant, on or

19    between March 28, 2022 and April 25, 2022, at and within the County of Clark, State of

20    Nevada,

21    COUNT 1 - ASSAULT WITH A DEADLY WEAPON

22         did on or about April 23, 2022 willfully, unlawfully, feloniously and intentionally place

23    another person in reasonable apprehension of immediate bodily harm and/or did willfully and

24    unlawfully attempt to use physical force against another person, to wit: BRYSON KENNEDY

25    MCFARLING-DAVIS, with use of a deadly weapon, to wit: a stick and/or piece of wood, by

26    approaching the said SAVANNAH-BRESHAE MCFARLING-DAVIS with said stick in an

27    attempt to strike her.

28    //

V:\2022\258\37\FILING\202225837C-COMP-(JEROMY J OELKER)-001.DOCX

COUNT 2 - ASSAULT WITH A DEADLY WEAPON

did on or about April 23, 2022 willfully, unlawfully, feloniously and intentionally place another person in reasonable apprehension of immediate bodily harm and/or did willfully and unlawfully attempt to use physical force against another person, to wit: BRYSON KENNEDY MCFARLING-DAVIS, with use of a deadly weapon, to wit: a stick and/or piece of wood, by approaching the said BRYSON MCFARLING-DAVIS with said stick in an attempt to strike her.

COUNT 3 - ASSAULT WITH A DEADLY WEAPON

did on or about April 23, 2022 willfully, unlawfully, feloniously and intentionally place another person in reasonable apprehension of immediate bodily harm and/or did willfully and unlawfully attempt to use physical force against another person, to wit: BRYSON KENNEDY MCFARLING-DAVIS, with use of a deadly weapon, to wit: a stick and/or piece of wood, by approaching the said BROCK TYREESE MCFARLING-DAVIS with said stick in an attempt to strike her.

COUNT 4 - BATTERY RESULTING IN SUBSTANTIAL BODILY HARM, VICTIM 60 YEARS OF AGE OR OLDER

did on or about March 28, 2022 willfully, unlawfully, and feloniously use force or violence upon the person of another, to wit: ROSANGEIA MARQUES, who is 60 years of age or older, by pushing the said ROSANGEIA MARQUES, resulting in substantial bodily harm to ROSANGEIA MARQUES.

COUNT 5 - ASSAULT ON A PROTECTED PERSON WITH USE OF A DEADLY WEAPON

did on or about April 25, 2022 willfully, unlawfully, feloniously and intentionally place another person in reasonable apprehension of immediate bodily harm and/or did willfully and unlawfully attempt to use physical force against another person, to wit: J. WOODS, a protected person employed as a police officer, while J. WOODS was performing his duties as a police officer, which Defendant knew, or should have known, that J. WOODS was a police officer, with use of a deadly weapon, to wit: a motor vehicle, by attempting to striking the said J.

1 | WOODS.

2 | COUNT 6 - BATTERY ON AN OFFICER

3 |       did on or about April 24, 2022 willfully, unlawfully and knowingly use force or

4 | violence upon the person of another, to wit: D. MEDRANO, who was performing his duty as

5 | a peace officer employed with the Henderson Police Department, which defendant knew or

6 | should have known that D. MEDRANO was an officer, by grabbing the said D. MEDRANO's

7 | taser from his hand and causing his hand to bend backwards.

8 | COUNT 7 - RESISTING PUBLIC OFFICER

9 |       did on or about April 24, 2022 willfully and unlawfully, resist, delay, and/or obstruct

10 | police officer S. WEBBER, with the Henderson Police Department, a public officer, in

11 | discharging or attempting to discharge any legal duty, to wit: by fleeing from the collision

12 | and/or physically resisting arrest.

13 | COUNT 8 - STOP REQUIRED ON SIGNAL OF POLICE OFFICER

14 |       did on or about April 24, 2022 while driving a motor vehicle at 145 Elm Street,

15 | Henderson, Clark County, Nevada, willfully, unlawfully, and feloniously fail or refuse to bring

16 | said vehicle to a stop, or otherwise flee or attempt to elude a peace officer in a readily

17 | identifiable vehicle of any police department or regulatory agency, to wit: S. WEBBER, with

18 | the Henderson Police Department, after being given a signal to bring the vehicle to a stop, and

19 | did operate said motor vehicle in a manner which endangered, or was likely to endanger any

20 | person other than himself or the property of any person other than himself.

21 |       All of which is contrary to the form, force and effect of Statutes in such cases made and

22 | provided and against the peace and dignity of the State of Nevada.  Said Complainant makes

23 | this declaration subject to the penalty of perjury.

24 |                                              _____

25 |                                                        04/26/22

26 |

27 | /jmc
      HPD EV# 2207789
28 | (TK)

V:\2022\258\37\FILING\202225837C-COMP-(JEROMY J OELKER)-001.DOCX

# Exhibit C-3

See Attorney Harvey Gruber email dated 25th September 2023, the Police report was also not signed.

N.R.S. 53.045:   Use of unsworn declaration in lieu of affidavit or other sworn declaration; exception.   Any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth <u>signed by the declarant</u> under penalty of perjury, and dated.

# Exhibit C-4

Email from Court Reporter Ms. Berndt, dated January 8th, 2024.

In September 2023, I contacted the Henderson Court Reporter and she stated she would not give me the hearing audio, and she stated that the Henderson Justice Court with state of the art audio equipment does not record the Criminal Proceedings.

I declare the Court reporter has committed Fraud by changing the statements made in court on May 11th, 2022.

After speaking with the court reporter from the 8th Judical District of Nevada she stated the hearings are to be recorded as per the Nevada State Legislature, ie Nevada Revised Statute.

RE: Case No. C-22-365622.........Form Filled Out............... DEPT 32/ July 1st 2022/ Competency Hearing/ Judge Christy Craig

From: Berndt, Kaihla (berndtk@clarkcountycourts.us)

To: oelkerj@yahoo.com

Date: Monday, January 8, 2024 at 04:58 PM PST

Yes, it is. NRS 3.320 through NRS 3.380 cover audiovisual recordings for both civil and criminal cases. If you have any other questions related to the statutes, you will need to contact your attorney as I am not allowed to provide legal advice or legal information.

**From:** jeromy oelker <oelkerj@yahoo.com>
**Sent:** Monday, January 8, 2024 2:04 PM
**To:** Berndt, Kaihla <BerndtK@clarkcountycourts.us>
**Subject:** Re: Case No. C-22-365622.........Form Filled Out............... DEPT 32/ July 1st 2022/ Competency Hearing/ Judge Christy Craig

```
[NOTICE:  This message originated outside of Eighth Judicial District Court -- DO NOT CLICK on links or open attachments unless
you are sure the content is safe.]
```

Ms. Berndt,

Is it state law that all criminal proceeding be recorded via audio and video?

Will you please cite the N.R.S. regarding the recording of Criminal Hearings?

Thank you,

Jeromy Oelker

On Monday, January 8, 2024 at 01:58:30 PM PST, Berndt, Kaihla <berndtk@clarkcountycourts.us> wrote:

Unfortunately, I do not have control over the fees. The fees are mandated per NRS 3.370. Therefore, I cannot reduce the amount.

The CD you ordered will contain the audiovisual proceedings of the requested hearing, but it will not contain a transcript.

I will send you the invoice for the CD with payment instructions shortly. Once the invoice has been paid, I will send you pick-up instructions, or you may request to have the CD mailed to you.

---

**From:** jeromy oelker <oelkerj@yahoo.com>
**Sent:** Monday, January 8, 2024 1:56 PM
**To:** Berndt, Kaihla <BerndtK@clarkcountycourts.us>
**Subject:** Re: Case No. C-22-365622.........Form Filled Out................ DEPT 32/ July 1st 2022/ Competency Hearing/ Judge Christy Craig

```
[NOTICE:  This message originated outside of Eighth Judicial District Court -- DO NOT CLICK on links or open
attachments unless you are sure the content is safe.]
```

Ms Berndt,

How about a copy of the video? How much would that cost?

Thank you,
Jeromy Oelker

On Monday, January 8, 2024 at 01:54:29 PM PST, jeromy oelker <oelkerj@yahoo.com> wrote:


Ms. Berndt,
$21 seems kind of steep, how about $10. If not just the cd will be fine.
It couldn't be more than 2 pages!?!

Thank you for your consideration,
Jeromy Oelker

On Monday, January 8, 2024 at 01:51:02 PM PST, Berndt, Kaihla <berndtk@clarkcountycourts.us> wrote:


Once I have completed the order, I will then send you the invoice for the total amount with payment instructions.

It is purely up to you whether you would like to order the transcript. You are correct; the hearing was short. That said, I am not backlogged on orders and would be able to type the transcript for you with a quick turnaround time and only charge you the 30-day rate. If you ordered the transcript and the CD, your total would be *approximately* $21.00.

**From:** jeromy oelker <oelkerj@yahoo.com>
**Sent:** Monday, January 8, 2024 1:46 PM
**To:** Berndt, Kaihla <BerndtK@clarkcountycourts.us>
**Subject:** Re: Case No. C-22-365622.........Form Filled Out................ DEPT 32/ July 1st 2022/ Competency Hearing/ Judge Christy Craig

[NOTICE: This message originated outside of Eighth Judicial District Court -- DO NOT CLICK on links or open attachments unless you are sure the content is safe.]

Ms. Berndt,

I know the hearing was short.

How will I know how much to pay the clerks, should I decide to pay for the transcript as well?

Thank you,
Jeromy Oelker

On Monday, January 8, 2024 at 01:43:41 PM PST, Berndt, Kaihla <berndtk@clarkcountycourts.us> wrote:


Of course.

The CD for the hearing you are requesting will be $2.00.

The cost of the transcript of that same hearing will vary depending on the deadline you choose. I estimate the transcript will be *approximately* 5 pages in length. Below are **estimates** for each deadline we offer.

30-day request: $3.80 per page x 5 pages = $19.00
Within four days: $5.01 per page x 5 pages = $25.05
Within 48 hours: $6.01 per page x 5 pages = $30.05
Within 24 hours: $8.03 per page x 5 pages = $40.15

Please keep in mind, these are **estimates** as I cannot be sure of the transcript length until it is complete.

**From:** jeromy oelker <oelkerj@yahoo.com>
**Sent:** Monday, January 8, 2024 1:21 PM
**To:** Berndt, Kaihla <BerndtK@clarkcountycourts.us>
**Subject:** Re: Case No. C-22-365622....................... DEPT 32/ July 1st 2022/ Competency Hearing/ Judge Christy Craig

[NOTICE: This message originated outside of Eighth Judicial District Court -- DO NOT CLICK on links or open attachments unless you are sure the content is safe.]

Ms. Berndt,
Will you please provide me with a quote for both the transcript and cd?

Thank you,
Jeromy Oelker

On Friday, January 5, 2024 at 01:22:53 PM PST, Berndt, Kaihla <berndtk@clarkcountycourts.us> wrote:


I do not have the application for proceeding in forma pauperis. I believe you can get access to any forms you need from the Self-Help Center of the Eighth Judicial District Court.

If you would like to proceed with ordering the CD and paying the $2.00 fee, I just need the order form I sent filled out and returned to me. I would then send you an invoice with payment instructions. Once the invoice is paid with the Clerk's Office, I would then send you pick-up instructions or the CD can be mailed, whatever your preference is.

**From:** jeromy oelker <oelkerj@yahoo.com>
**Sent:** Friday, January 5, 2024 1:15 PM
**To:** Berndt, Kaihla <BerndtK@clarkcountycourts.us>
**Subject:** Re: Case No. C-22-365622........................ DEPT 32/ July 1st 2022/ Competency Hearing/ Judge Christy Craig

[NOTICE:  This message originated outside of Eighth Judicial District Court -- DO NOT CLICK on links or open attachments unless you are sure the content is safe.]

Ms. Berndt,
Do you have the form for IFP?
If so would you please email it to me?
Also can I pay the $2 to the Clerk's office?

Thank you,
Jeromy Oelker

On Friday, January 5, 2024 at 11:09:28 AM PST, Berndt, Kaihla <berndtk@clarkcountycourts.us> wrote:


Hello,

In order to request the fees to be waived, you would need to file an application to proceed in forma pauperis and indicate in your application your request to have the fees be waived for audiovisual proceedings for the date you are requesting. Judge Craig would then review that application and approve or deny your request. Otherwise, you may contact your Attorney Harvey Gruber, and he can request the audiovisual proceedings on your behalf.

Alternatively, the CD for that hearing is $2.00. If you would like to proceed with just ordering the CD and paying the $2.00 fee, you may fill out the attached order form and return it to me.

Please let me know how you would like to proceed. Thank you.

**Kaihla Berndt**
Court Recorder to the
Honorable Christy Craig
District Court Dept. XXXII
berndtk@clarkcountycourts.us
(702) 671-3937

---

**From:** jeromy oelker <oelkerj@yahoo.com>
**Sent:** Friday, January 5, 2024 9:47 AM
**To:** Berndt, Kaihla <BerndtK@clarkcountycourts.us>; jeromy oelker <oelkerj@yahoo.com>
**Subject:** Case No. C-22-365622......................... DEPT 32/ July 1st 2022/ Competency Hearing/ Judge Christy Craig

[NOTICE:  This message originated outside of Eighth Judicial District Court -- DO NOT CLICK on links or open attachments unless you are sure the content is safe.]

Ms. Berndt,
I was adjudicated by Judge Christy Craig on July 1st, 2022. During the hearing was in custody at C.C.D.C., and the hearing was held on a remote t.v. monitor. I shall require the hearing audio. I am indigenous and also shall require a fee waiver form also.

Thank you,
Jeromy Oelker

Ref;
Court Reporter/ Kaihla Berndt
(702) 671-3937

# Exhibit D

In my Motion to Dismiss, I address unreasonable delays, 6th Amendment violations, and subject matter jurisdiction. Judge Gibson is Partial and never enforces Nevada Rule 11(b): Within 10 days after the service of the motion, the opposing party shall file and serve a written opposition thereto, together with a memorandum of points and authorities and supporting affidavits or unsworn declarations, if any, stating facts showing why the motion should be denied. Failure of the opposing party to file and serve a written opposition may be construed as an admission that the motion is meritorious and consent to granting the same. Nor does he require the Prosecution to prove Subject Matter Jurisdiction. Without adherence to Nevada's Statutory Procedural Due Process Requirements applicable to a Criminal Prosecution the court lacked subject matter. "Once jurisdiction is challenged, it must be proven." Hagans V. Lavine, 415 U.S. 533; **"Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity** and confer no right, offer no protection, and afford no justification, and may be rejected upon direct attack." Thompson V. Tolmie, 2 Pet. 157, 7 L. Ed. 381; Griffith V. Frazier, 8 Cr. 9, 3 L.Ed. 471; When Jurisdiction challenges the act of Federal or State official as being illegal, that official cannot simply avoid liability based on the fact that he is a public official. [United States V. Lee 106 U.S. 196, 220, 221, 1 S. CT 240, 2611.

STATE OF NEVADA

V.S.

JEROMY OELKER

MAY 11 2022

CASE # 202225837C

MOTION TO DISMISS

ON THIS MAY 11th DAY THE DEFENDANT (JEROMY OELKER) MOVES THIS COURT TO DISMISS CASE #202225837C WITH PREDJUDICE. THE BERGER RULING HAS LONG HELD THAT THE PROSECUTER'S "SPECIAL DUTY" TO "DO JUSTICE" SHALL ENDEAVOR AT EVERY STAGE OF THE PROCEEDINGS. THE PROSECUTOR IS GUARENTEED ONLY ONE FAIR TRIAL BY NOT VIOLATING THE DEFENDANT'S MYRIAD STATUATORY AND CONSITITUTIONAL RIGHTS. WHEN THE PROSECUTOR USES IMPROPER METHODS TO CAUSE TACTICAL DELAYS, IT RESULTS IN WRONGFUL CONVICTIONS. CONCURRENTLY DELAYS ALSO TRIGGER A DIRECT VIOLATION TO THE DEFENDANT'S 6TH AMENDMENT "SPEEDY TRIAL RIGHTS." UNDER THE DOGGET RULING THE TIMELINESS REQUIREMENTS GUARANTEED BY THE 14 AMENDMENT ARE ETHICAL MANDATES THE PROSECUTION CANNOT TRAVERSE. TO WARRANT A FULL DISMISSAL UNDER BOTH THE BERGER RULING AND THE DOGGET RULING THE DEFENDANT NEEDS TO DEMONSTRATE ONLY "ONE" VIOLATION TO HIS STATUATORY AND CONSTITUTIONAL RIGHTS. FUTHERMORE A RETRIAL IS BARRED REGARDLESS OF ANY DEMONSTRATABLE HARM.

PAGE 1 OF 8

ON APRIL 25th I WAS SUBJECT TO
A FALSE ARREST, THE OFFICER NEVER HAD
A WARRENT AND WAS ENGAGING IN
TERRORISTIC THREATS, HIS NAME IS
OFFICER MEDRANO #1666, UNDER NRS, 174
I WAS TO BE ARRAIGNED ON APRIL 28th, 2022.
I WAS IN MY CELL UNDER MEDICAL OBSERVATION.
I WAS NEVER ALLOWED TO ATTEND COURT,
ON MAY 26th, 2022 THE PUBLIC DEFENDER
STATED I "REFUSED". THAT IS NOT TRUE
WHATSOEVER, FURTHERMORE NRS, 174 DOES
NOT ALLOW IMPRISONED DEFENDANTS TO
REFUSE, IT IS THE EFFECTUAL BUSINESS
OF THE PEOPLE OF NEVADA, THE ARRAIGNMENT
TAKE PLACE "WITHIN" 72 HOURS. WHEN
THE STATE OF NEVADA INTENTIONALLY
VIOLATED NRS, 174 THEY TRIGGERD A
CHAIN REACTION OF VIOLATIONS TO
THE TIMELINESS REQUIREMENTS
GUARENTEED UNDER THE "SPEEDY TRIAL CLAUSE."
ON APRIL 28th, 2022, THE DEFENDANT WAS
NOT ALLOWED TO MOTION FOR DISCOVERY,
HAVE A BAIL HEARING, AND SECURE PHYSICAL
EVIDENCE FOR MY DEFENSE. HENCE A
SPOILATION OF EVIDENCE HAD ENSUED.

PAGE 2 of 8

## MOTION TO DISMISS

ON MAY 11th, 2022, THE PROSECUTION
ENGAGED IN MORE MISCONDUCT WHEN
SHE DID NOT OBJECT TO THE JUDGE
ALLOWING ME TO FILE MOTIONS.
ON MAY 11th, THE DEFENDANT WAS NOT
ALLOWED A BAIL HEARING, NOR WAS I
ALLOWED TO MOTION FOR DISCOVERY,
PLEAD, NOR HAVE A COMPLAINT.
I ALSO NEVER WAIVED MY RIGHT
TO REPRESENT MYSELF, ON MAY 11th
JUDGE GIBSON ALSO DENIED ME MY
RIGHT TO "PLEAD" BEFORE A DISTRICT
JUDGE. THE PROSECUTION HAS A DUTY
AS AN OFFICER OF THE COURT TO
MAKE SURE RIGHTS ARE AFFORDED
TO THE DEFENSE, AND MUST OBJECT
IN ORDER TO QUALIFY FOR THEIR
GUARANTEED "ONE" FAIR TRIAL.
ON MAY 11th, 2022 THE PROSECUTOR
NEVER EVEN SPOKE WHICH INCASE THEY
MAY BE SUBJECT TO AN "IMPROPER EX PARTE."
THE PREPONDERANCE CAN BE FOUND ON
THE COURT DOCKET AND WITHIN THE
HEARING AUDIO RECORDINGS/ TRANSCRIPTS.

MAY 11, 2022          

THIS COURT HAS GOADED A MISTRIAL, AND HAS ENGAGED IN "FRAUD UPON THE COURT." WHEN A PROSECUTOR ENGAGES IN MISCONDUCT THEY LOSE "SUBJECT MATTER JURISDICTION." HAD THE PROSECUTOR NOT VIOLATED NRS. 174 DISCOVERY SHOULD HAVE BEEN RECIEVED NO LATER THAN MAY 13th, 2022. ON MAY 26th I WAS STILL NOT ALLOWED TO MOTION FOR DISCOVERY OR HAVE A BAIL HEARING, AND AGAIN THE PROSECUTOR DID NOT OBJECT. THE TIMELINESS GUARENTEE OF THE "SPEEDY TRIAL CLAUSE" WAS LEGISLATED TO PREVENT THE DEFENDANTS LIFE, LIBERTY, AND PROPERTY FROM PERIL BEYOND 72 HOURS FROM THE TIME OF APPREHENSION. THE PROSECUTOR INTENTIONALLY CAUSED DELAYS TO GAIN A TACTICAL ADVANTAGE. AN ASSIGNMENT OF A PUBLIC DEFENDER ALSO CAN NOT BE USED TO CAUSE DELAYS. I HAVE NEVER WAIVED MY RIGHT TO SPEEDY TRIAL. AGAIN NOR DID I WAIVE MY RIGHT TO REPRESENT MYSELF.

CASE # 202225837C

MOTION TO DISMISS

IN SUMMARY

1. I WAS NOT ARRAIGNED WITHIN 72 HOURS OF THE ARREST

2. I WAS NOT ALLOWED TO MOTION FOR DISCOVERY

3. I WAS NOT READ ANY COMPLAINT BY THE JUDGE (NEVER WAIVED)

4. I WAS NOT ALLOWED 24 HOURS TO READ THE COMPLAINT

5. I WAS NOT ALLOWED TO PLEAD GUILTY IF IN SUCH CASE IT WAS WARRANTED TO SAVE TIME

6. I WAS NOT ALLOWED A BAIL HEARING

7. THE JUDGE DENIED ME MY RIGHT TO PLEAD AND HAVE TRIAL BEFORE A DISTRICT JUDGE

8. MY SPEEDY TRIAL RIGHTS ARE VIOLATED

9. EVIDENCE SPOILATION HAS OCCURED

10. I WAS NOT ALLOWED TO MOTION FOR AN EVIDENTIARY HEARING AS MY LEAD WITNESS IS 88 YEARS OLD AND NATURALLY SLOW OF MEMORY

IN ANY CASE UNDER THE DOGGET
RULING PROOF OF DEMONSTRATABLE
HARM TO THE OFFENSE IS NOT
A REQUIREMENT

FOR THE RECORD ON MAY 11th 2022
I INVOKED MY FEDERAL RIGHT
TO PLEAD BEFORE A DISTRICT JUDGE
BECAUSE JUDGE GIBSON APPEARED PARTIAL BY NOT
PICKING UP ON THE FACT NRS, 174
WAS BLATANTLY VIOLATED.

CORRECT ME IF I'M WRONG BUT
I COULD NOT FIND A PRE-TRIAL RIGHT
THAT THE HENDERSON JUSTICE
COURT AND STATE OF NEVADA
DID NOT VIOLATE . . . .

DUE TO THE FACT I HAVE HAD
MY LIFE, LIBERTY, AND PROPERTY
PUT IN PERIL . . . WITHOUT
FORMAL/LAWFUL CHARGE
FOR 38 DAYS, THIS COURT MUST
DISMISS THE DEFECTIVE COMPLAINT
WITH PREJUDICE AND RELEASE ME
FROM JAIL CUSTODY NOW AS IN
DUE PROCESS.

IN FINAL THE SUPREME JUSTICES
HAVE RULED THAT ASCERTION OF RIGHTS
CANNOT BE MADE A CRIME NOR
BECOME PUNISHABLE WITH JAIL
TORTURE, AN ASCERTION OF RIGHTS
IS GUARANTEED UNDER THE 1st AND
2nd AMENDMENTS, ALSO UNDER
U.S. CODE RIGHTS "CAN" BE WAIVED
IN REGARDS TO CRIMINAL PROCEEDINGS
AND DO NOT HAVE TO BE INVOKED. THAT
STATEMENT IS AFFIRMED IN ARTICLE 3
OF THE U.S. CONSTITUTION UNDER
"SUPREMACY CLAUSE," USURPATION
OF U.S. CODE IS A FORM OF STATE
SUCCESSION. ALSO "FRAUD UPON THE COURT"
IS DEFINED AS "CRIMINAL CONTEMPT OF
COURT" AND "TREASON." THAT STATEMENT
CAN BE AFFIRMED BY THE 1958 RULING
AUTHORED BY JUSTICE BRENNAN.
THE SUPREME COURT ALSO HAS RULED THAT
PRO SE DEFENDANTS FILINGS AND
MOTIONS CAN BE CONSTRUED
LIBERALLY AS LONG AS THEY ARE
COMPREHENSIBLE. PLEASE TAKE NOTE
I DO NOT ALWAYS HAVE A PENCIL SHARPENER.

PAGE 8 OF 8

IN CLOSING THE SUPREME JUSTICES
HAVE ALSO HELD THE APPERANCE OF
JUSTICE IS NOT SUFFICENT, BUT
THAT THE DEFENDANT AND THE PUBLIC
MUST FEEL THAT THEY HAVE RECIEVED
JUSTICE, AS IN "EQUAL RIGHTS,"
UNDER 42 U.S.C. 1985, THE
JUSTICES HAVE HELD THAT "ANY"
DEPRIVATION OF RIGHTS CONCURRENTLY
BECOMES A "CONSPIRACY AGAINST RIGHTS"
18 U.S.C. 241, WHICH THAN ATTACHES AS
"RACISM," BECAUSE A CONSPIRACY AGAINST
RIGHTS IS BY DEFINITION, ...
"COLOR BLIND." THIS COURT MUST
ALSO IMPOSE SANCTIONS UPON
THE PROSECUTION AND PUBLIC
DEFENDER FOR TACTICAL DELAYS
WHICH ARE BY DEFINTION "CRIMINAL
CONTEMPT OF COURT." ASIDE FROM
MISSED WAGES, EVIDENCE SPOILATION,
NO ACCESS TO MY PRIVATE PHYSICIAN,
MY LEGAL TIME SHEET IS IN EXCESS OF
50+ HOURS, THIS COURT MUST DISMISS
WITH PREJUDICE. DUTY TO JUSTICE
IS A SLIPPERY SLOPE,
             RESPECTFULLY,
              Jeromy Oelker

State of Nevada                                    May 11th, 2022

  v.s.                                                Case # 202225837c

Jeromy Oelker                                       Motion to Dismiss


On this May 11th day, the defendant (Jeromy Oelker) moves this court to dismiss case # 202225837C with prejudice. The Berger ruling has long held that the prosecutor's, "special duty" to "do justice" shall endeavor at every stage of the proceedings.

The prosecutor is guaranteed only one fair trial by not violating the defendants myriad statutory and constitutional rights. When the prosecutor uses improper methods to cause tactical delays it results in wrongful convictions. Concurrently delays also trigger a direct violation to the defendant's 6th amendment "speedy trial rights." Under the Doggett ruling the timeliness requirements guaranteed by the 14th amendment are ethical mandates the prosecution cannot traverse. To warrant a full dismissal under both the Berger ruling and the Doggett ruling the defendant needs to demonstrate only "one" violation to his statutory and constitutional rights. Furthermore retrial is barred regardless of any demonstrable harm.

Page 1 of 8


On April 25 I was subject to false arrest. The officer never had a warrant and was engaging in terroristic threats. His name is Officer Medrano numbers #1666. Under N.R.S.174  I was to be arraigned on April 28, 2022. I was in my cell under medical observation. I was never allowed to attend court.  On May 26th,

2022 the public defender stated I "refused." That is not true
whatsoever, furthermore, N.R.S.174 does not allow imprisoned
defendants to refuse. It is the effectual business of the people of
Nevada the arraignment take place within 72 hours. When the
state of Nevada intentionally violated N.R.S.174 they triggered a
chain reaction of violations to the timeliness requirements
guaranteed under the "speedy trial clause." On April 28, 2022.
the defendant was not allowed to motion for discovery, have a
bill hearing, and secure physical evidence for my defense.
Hence, a spoliation of evidence had ensued.

Page 2 of 8

On May 11th, 2022 the prosecution engaged in more misconduct
when she did not object to the judge, not allowing me to file
motions. On May 11th, the defendant was not allowed a bail
hearing, nor was I allowed the motion for discovery, plead, nor
have a complaint. I also never waived my right to represent
myself. On May 11th Judge Gibson also denied me my right to
"plead" before a district judge. The prosecution has a duty as an
officer of the court to make sure rights are afforded to the
defense, and must object in order to qualify for their guaranteed
"one" fair trial. On May 11th, 2022 the prosecutor never even
spoke which in case they may be subject to "improper ex parte."
The preponderance can be found on the court docket, and within
the hearing audio recordings/ transcripts.

Page 3 of 8

This court has Goaded a mistrial, and has engaged in "fraud
upon the court." When a prosecutor engages in misconduct, they
lose "subject matter jurisdiction." Had the prosecutor not
violated N.R.S.174 discovery should have been received no later

than May 13th, 2022. On May 26th I was still not allowed to motion for discovery or have a bail hearing, and again the prosecutor did not object. The timeliness guarantee of the "speedy trial clause" was legislated to prevent the defendants life, liberty and property from peril beyond 72 hours from the time of apprehension. The prosecutor intentionally caused delays to gain a tactical advantage. An assignment of a public defender also cannot be used to cause delays. I have never waive my right to speedy trial. Again nor did I waive my right to represent myself.

Page 4 of 8

In summary:
1) I was not arraigned within 72 hours of the arrest.
2) I was not allowed to motion for discovery.
3) I was not read any complaint by the judge. (never waved)
4) I was not allowed 24 hours to read the complaint.
5) I was not allowed to plead guilty if in such case, it was warranted to save time.
6) I was not allowed a bail hearing.
7) The judge denied me my right to plead and have trial before district judge.
8) My speedy trial rights were violated.
9) Evidence spoliation has occurred.
10) I was not allowed to motion for an evidentiary hearing as my lead witness is 88 years old and naturally slow of memory.

Page 5 of 8

In any case under the Doggett ruling proof of demonstrable harm to the defense is not a requirement.

For the record record on May 11, 2022. I invoked my federal right to plead before the district judge because Judge Gibson appeared partial by not picking up on the fact, N.R.S.174 was blatantly violated.

Correct me if I'm wrong, but I could not find a pre-trial right that the Henderson justice court and state of Nevada did not violate.

Due to the fact I've had my life, liberty, and property put in peril.... without formal/ lawful charge for 38 days. this court must dismiss the defective complaint with prejudice and release me from jail custody now as in the process

Page 6 of 8

In final the supreme justices have ruled the assertion of rights cannot be made a crime not become punishable Jail torture. An assertion of rights is guaranteed under the first and second amendments. Also under U.S. Code rights "can" be waived in regards to criminal proceedings and do not have to be invoked. That statement is affirmed an article 3 of the US Constitution of the "supremacy clause." Usurpation of U.S. code as a form of state succession. Also "fraud upon the court" is defined as "criminal contempt of court" and "treason." That statement can be affirmed by the 1958 ruling authored by justice Brennan. The Supreme Court also has ruled that pro se defendant is filings and motions can be construed liberally as long as they are

comprehensible. Please take note I do not always have a pencil sharpener.

Page 7 of 8

In closing the Supreme Justices have held the appearance of justice is not sufficient, but that the defendant in the public must feel they have received justice as an equal rights. Under 42 to U.SC. 1985 the justices of held any deprivation of rights concurrently becomes a "conspiracy against rights." 18 U.S.C. 241, which than attaches as "racism", becomes a conspiracy against rights  is by definition "color blind." This court must also impose sanctions upon the prosecution and public defender for tactical delays which are by definition "criminal contempt of court." Aside from missed wages, evidence spoliation, no access to my private physician, my legal timesheet is an excess of 50+ hours. This court must dismiss with prejudice. Duty to justice is a slippery slope.

Respectfully,
Jeremy Oelker

Page 8 of 8

# Exhibit E

May 11th, 2022 Judge Gibson denied me all Procedural Due Process rights, as well when I contested not being afforded a Probable Cause affidavit or Sworn Complaint the judge denied me the right to be heard. I also was not allowed a bail hearing.

May 26th, 2022 Judge Thomson heard me speak but did not require the prosecution to provide the Covid-19 result in which afforded them the the right to deny me an arraignment passes the States mandatory 72 hour statute. Also I was not afforded a bail hearing. And a preliminary hearing was not held within 15 days from the arraignment as mandated by the States statute.

June 2nd, 2022 Judge Gibson did not require the State to respond to my dismissal motion, nor required the state to provide the Covid-19 result which was used to cause me numerous "Unreasonable Dleays."

1    TRAN

2    CASE NO. C365622

3

4         IN THE JUSTICE'S COURT OF HENDERSON TOWNSHIP

5              COUNTY OF CLARK, STATE OF NEVADA

6

7    STATE OF NEVADA,                    )
                                          )
8              Plaintiff,                 )
          vs.                             )
9                                         )   CASE NO. 22CRH000445
                                          )
10   JEROMY JOHN OELKER,                  )
                                          )
11             Defendant.                 )
     _____ )

12

13              REPORTER'S TRANSCRIPT

14                      OF

15              INITIAL ARRAIGNMENT

16     BEFORE THE HONORABLE DAVID S. GIBSON, SR.

17              JUSTICE OF THE PEACE

18

19              WEDNESDAY, MAY 11, 2022

20   APPEARANCES:

21     For the State:        MELANIE SCHEIBLE
                             Deputy District Attorney
22

23     For the Defendant:    MICHAEL HYTE
                             Deputy Public Defender
24

25   Reported by:  Lisa Brenske, CCR #186

```
 1                  HENDERSON, NEVADA, MAY 11, 2022

 2

 3                    * * * * * * * * * * *

 4

 5                  THE COURT:  State versus Jeromy John

 6   Oelker, 22CRH445.

 7                  Good morning.  Did you get a copy of the

 8   Complaint?

 9                  THE DEFENDANT:  I have seen the Complaint

10   but I have not seen the information for probable cause.

11                  THE COURT:  For what?  I know you probably

12   won't see it for awhile.  You read, write and

13   understand the English language?

14                  THE DEFENDANT:  Yes, sir.  I studied law.

15                  THE COURT:  Good.  And you understand what

16   you're charged with?

17                  THE DEFENDANT:  I'd like to invoke my

18   right to plead before a district judge.

19                  THE COURT:  Denied.

20                  Do you understand what the charges are?

21   Have you read them?

22                  THE DEFENDANT:  I've read this basic

23   document here.

24                  THE COURT:  And you read the words that

25   are on there; is that correct?
```

10:10AM (line 5)
10:10AM (line 10)
10:10AM (line 15)
10:11AM (line 20)
10:11AM (line 25)

| | | |
|---|---|---|
| 10:11AM | 1 | THE DEFENDANT:  Yes. |
| | 2 | THE COURT:  Okay.  Good.  I'm going to |
| | 3 | appoint the public defender's office and we'll set this |
| | 4 | within 15 days.  I mean, you can make a motion for -- |
| 10:11AM | 5 | you want to be heard as to bail? |
| | 6 | THE DEFENDANT:  I'd like a motion for a |
| | 7 | dismissal, sir. |
| | 8 | THE COURT:  Denied. |
| | 9 | MR. HYTE:  Judge, I attempted to contact |
| 10:11AM | 10 | him.  He indicated he's hard of hearing and so while |
| | 11 | other cases were going on I couldn't speak with him. |
| | 12 | Sir, do you want me to talk with you again |
| | 13 | or do you not want me to talk with you again? |
| | 14 | THE DEFENDANT:  I just want to follow the |
| 10:11AM | 15 | constitution, sir. |
| | 16 | THE COURT:  That's all I want too.  I'm |
| | 17 | going to set it within 15 days. |
| | 18 | THE DEFENDANT:  You're improperly delaying |
| | 19 | me, sir. |
| 10:11AM | 20 | THE COURT:  No, I'm not. |
| | 21 | THE CLERK:  May 26th at 9:30. |
| | 22 | THE COURT:  Thank you. |
| | 23 | |
| | 24 | (The proceedings concluded.) |
| 10:11AM | 25 | |

10:11AM    1                      * * * * *

             2

             3              ATTEST:  Full, true and accurate

             4   transcript of proceedings.

10:11AM    5

             6   /S/Lisa Brenske

             7   LISA BRENSKE, CCR No. 186

             8

             9

           10

           11

           12

           13

           14

           15

           16

           17

           18

           19

           20

           21

           22

           23

           24

           25

1    TRAN

2    CASE NO. C365622-1

3

4         IN THE JUSTICE'S COURT OF HENDERSON TOWNSHIP

5              COUNTY OF CLARK, STATE OF NEVADA

6

7    STATE OF NEVADA,                    )
                                         )
8            Plaintiff,                  )
          vs.                            )
9                                        )   CASE NO. 22CRH000445
                                         )
10   JEROMY JOHN OELKER,                 )
                                         )
11           Defendant.                  )
     _____)

12

13                 REPORTER'S TRANSCRIPT

14                         OF

15                    PROCEEDINGS

16      BEFORE THE HONORABLE E. LEE THOMSON, PRO TEM

17                 JUSTICE OF THE PEACE

18

                    THURSDAY, MAY 26, 2022
19

     APPEARANCES:
20

21   For the State:        NOREEN DEMONTE
                           Chief Deputy District Attorney
22

23   For the Defendant:    MICHAEL HYTE
                           Deputy Public Defender
24

25   Reported by:  Lisa Brenske, CCR #186

2

|       |    |                                                      |
|-------|----|------------------------------------------------------|
|       | 1  | HENDERSON, NEVADA, MAY 26, 2022 |
|       | 2  | |
|       | 3  | * * * * * * * * * * * |
|       | 4  | |
| 9:48AM| 5  | THE COURT:  Jeromy Oelker, O-E-L-K-E-R, |
|       | 6  | 22CRH000445. |
|       | 7  | THE DEFENDANT:  That's me, sir. |
|       | 8  | MR. HYTE:  Your Honor, Michael Hyte, |
|       | 9  | public defender's office.  I'm requesting a Faretta |
| 9:49AM| 10 | canvas today for Mr. Oelker.  In my three conversations |
|       | 11 | I've had with him so far he is asking to make arguments |
|       | 12 | sovereign citizen in nature. |
|       | 13 | THE DEFENDANT:  Objection. |
|       | 14 | MR. HYTE:  I told him I'm not able to make |
| 9:49AM| 15 | that argument for him.  He has just made threats about |
|       | 16 | bar counsel to me and we haven't made any progress.  I |
|       | 17 | believe he wants to represent himself.  When I spoke |
|       | 18 | with him again yesterday about it, Judge, he goes, I |
|       | 19 | don't want to represent myself but I'm going to do all |
| 9:49AM| 20 | the talking and I just need you to get me the research |
|       | 21 | I need.  I explained to him that's not how this works. |
|       | 22 | If I'm on the case as a lawyer, I'm the lawyer, not |
|       | 23 | him.  So I request a Faretta canvas. |
|       | 24 | THE COURT:  All right.  We'll trail the |
| 9:49AM| 25 | matter. |

| | | |
|---|---|---|
| 9:49AM | 1 | THE DEFENDANT:  Your Honor, I have been |
| | 2 | held for 31 days without a charge.  I would like to |
| | 3 | give an oral dismissal motion and make an objection to |
| | 4 | what he just said. |
| 9:50AM | 5 | THE COURT:  Well, I'm going to recall the |
| | 6 | case in awhile after I handle some other matters and |
| | 7 | I'll talk to you about that. |
| | 8 | THE DEFENDANT:  Thank you, sir.  Can I |
| | 9 | have your name, please. |
| 9:50AM | 10 | THE COURT:  Can you have my name? |
| | 11 | THE DEFENDANT:  I don't see a placard |
| | 12 | there. |
| | 13 | THE COURT:  It was announced when I came |
| | 14 | in. |
| 9:50AM | 15 | THE DEFENDANT:  I was not here during |
| | 16 | that. |
| | 17 | THE COURT:  My name is Lee Thomson. |
| | 18 | THE DEFENDANT:  Lee Thomson.  Thank you, |
| | 19 | sir. |
| 9:50AM | 20 | (Other matters heard.) |
| | 21 | THE COURT:  Jeromy John Oelker aka Jeromy |
| | 22 | Elker, 22CRH00445. |
| | 23 | Counsel, you represented to me earlier |
| | 24 | that the status was the defendant did not wish to |
| 10:42AM | 25 | represent himself but he wished to conduct all the |

| | | |
|---|---|---|
| 10:42AM | 1 | speaking on the case. |
| | 2 | MR. HYTE:  That's correct.  And I told him |
| | 3 | that I would not do that.  The arguments he made me to |
| | 4 | make I don't believe have a basis and factor in law and |
| 10:42AM | 5 | so my request is that the Court conduct a Faretta |
| | 6 | canvas today. |
| | 7 | THE COURT:  Well, if he wants counsel, we |
| | 8 | have to get through that. |
| | 9 | Is it Oelker or Elker? |
| 10:42AM | 10 | THE DEFENDANT:  However you prefer, sir. |
| | 11 | It's an encrypted name so we use both definitions. |
| | 12 | THE COURT:  I generally go with the one |
| | 13 | that you prefer, sir. |
| | 14 | THE DEFENDANT:  I don't have one.  It's |
| 10:42AM | 15 | just an adopted name. |
| | 16 | THE COURT:  Okay.  Mr. Oelker, do you wish |
| | 17 | to be represented by an attorney? |
| | 18 | THE DEFENDANT:  May I make an objection? |
| | 19 | THE COURT:  No, you may not.  You need to |
| 10:42AM | 20 | answer my question. |
| | 21 | THE DEFENDANT:  I asked him to print out |
| | 22 | three laws for today's hearing.  There are Nevada |
| | 23 | statutes; one for an arraignment hearing, one for |
| | 24 | probable cause hearing and one for NRS 174. |
| 10:43AM | 25 | THE COURT:  Stop.  We are not going to get |

| 10:43AM | 1 | anywhere unless we move in an orderly manner.  Would |
| | 2 | you answer my question.  Do you wish to by represented |
| | 3 | by an attorney? |
| | 4 | THE DEFENDANT:  If he's willing to sign an |
| 10:43AM | 5 | attorney/client agreement, I would lovely hold him |
| | 6 | accountable for his oath of office and his ethical |
| | 7 | canons.  Is he willing to accept that agreement?  I'm |
| | 8 | doing this by the book, sir. |
| | 9 | THE COURT:  No, you're not doing it by the |
| 10:43AM | 10 | book. |
| | 11 | THE DEFENDANT:  He has an obligation to |
| | 12 | his office.  He told me on the phone that the previous |
| | 13 | Judge, Mr. Gibson, said that he does not have to |
| | 14 | uphold -- if you allow me to read it because I wrote it |
| 10:43AM | 15 | perfectly on here -- he does not have to uphold his |
| | 16 | ethical canons and that he is not obligated to the |
| | 17 | axiom of vigorous representation. |
| | 18 | THE COURT:  Stop.  That is not anything |
| | 19 | that Judge Gibson ever would have written or said. |
| 10:44AM | 20 | THE DEFENDANT:  I was not allowed to be |
| | 21 | there, sir.  They had an improper ex parte and they |
| | 22 | never even asked me if I wanted a public defender. |
| | 23 | That's on May 11th transcript, which we have here in |
| | 24 | the court I do believe.  Sorry to interrupt you, sir. |
| 10:44AM | 25 | THE COURT:  Don't interrupt me anymore. |

6

| 10:44AM | 1 | THE DEFENDANT:  I apologize.  Again, my |
| | 2 | rights are being violated.  They're violating my speedy |
| | 3 | trial rights.  They're violating NRS 174.  I'm |
| | 4 | protected by the federal law just the same as the State |
| 10:44AM | 5 | and -- |
| | 6 | THE COURT:  You're interrupting me now. |
| | 7 | THE DEFENDANT:  Okay. |
| | 8 | THE COURT:  What we have is an indication |
| | 9 | he still wishes to be represented by counsel.  If you |
| 10:44AM | 10 | want to represent yourself, you can file a motion to |
| | 11 | represent yourself and a Faretta hearing will be held |
| | 12 | at that time. |
| | 13 | MR. HYTE:  Your Honor, the issue, if I may |
| | 14 | briefly, is that the arguments he's asking me to make |
| 10:45AM | 15 | as a sovereign citizen are not arguments that I can |
| | 16 | ethically make. |
| | 17 | THE DEFENDANT:  I never asked -- |
| | 18 | MR. HYTE:  So I can't -- |
| | 19 | THE COURT:  Stop.  Stop. |
| 10:45AM | 20 | MR. HYTE:  Your Honor, I cannot ethically |
| | 21 | present an argument or a defense that I believe has no |
| | 22 | basis and factor in law such as sovereign citizen |
| | 23 | arguments.  So that's where I have been.  And I can't |
| | 24 | make the arguments he wants me to make at which time he |
| 10:45AM | 25 | informed me, well, you're not going to make any |

10:45AM  1    arguments, I'm going to do the talking.  You just need

2    to get me the research and I told him this is not how

3    this is going to operate.

4                    THE DEFENDANT:  It's a lie, sir.  I'm

10:45AM  5    strict by the book.  I'm a Navy veteran.

6                    THE COURT:  Just a moment.  I haven't

7    asked you for any talking yet, okay?  Now, we are going

8    to deal with just what he's saying.  He's saying that

9    he's had conversations with you and that based on his

10:45AM  10   understanding of the law as a trained professional --

11                   THE DEFENDANT:  I'm also a trained

12   professional, sir.  I go to law school.

13                   THE COURT:  You do go to law school?

14                   THE DEFENDANT:  I was going to take my bar

10:46AM  15   exam next month.

16                   THE COURT:  What law school?

17                   THE DEFENDANT:  Cornell University out of

18   Massachusetts online.

19                   THE COURT:  Cornell University of

10:46AM  20   Massachusetts.

21                   THE DEFENDANT:  Yes, sir.

22                   THE COURT:  And what bar exam are you

23   taking?

24                   THE DEFENDANT:  I haven't decided yet.

10:46AM  25   But I'm mostly majoring in mining law and criminal.  To

10:46AM  1    include majoring in civil rights.

2                 And I also have a hearing condition.  This

3    ear's completely deaf and this one still hasn't had

4    medical attention.  If you allow me to read my

10:46AM  5    objection, I think it's very clear what I asked of him.

6    What he is saying is not verbatim and if we have to

7    subpoena those phone calls over at the jail, I'd be

8    more than willing to do so.  May I be heard under my

9    First Amendment right, sir?

10:46AM  10                THE COURT:  You know, once again you're

11    interrupting me.  I'm trying to conduct this hearing as

12    hearings are supposed to be conducted.  I'm running

13    this, not you.

14                Now, your attorney has represented that he

10:47AM  15    has informed you --

16                THE DEFENDANT:  I don't have an attorney.

17                THE COURT:  Stop it.  I'm talking.  I'm

18    running this hearing.  You are not.  Do you understand

19    that?

10:47AM  20                THE DEFENDANT:  I understand you're to

21    administer justice.

22                THE COURT:  My job is to conduct this

23    hearing and it does not involve you blurting out

24    anything you want to say at any time.

10:47AM  25                THE DEFENDANT:  I just want the record to

10:47AM 1   be truthful.

2              THE COURT:  And I want the record to be

3   truthful too.  And I am giving you a specific question

4   about what he's just represented.  I have not finished

10:47AM 5   my question to you yet so you need to listen and answer

6   my questions.

7              THE DEFENDANT:  May I please have a

8   pencil --

9              THE COURT:  No, you may not.

10:47AM 10             THE DEFENDANT:  -- so I can take notes?

11  I'm not even allowed to have a pencil, stationery or

12  anything and you guys want me to keep up with you.  May

13  I please have a pencil, officer?  I'm not a threat to

14  the society or anybody.  I'm a person with a public

10:48AM 15  oath of office.  A short pencil.  A broken pencil.

16  Anything sharpened.  A pen would be okay, but I prefer

17  a pencil so I can erase.

18             THE COURT:  Okay.  When I said no, you may

19  not, it was not in reference to letting you have a pen

10:48AM 20  to write which I'm letting you do.  It's no, you may

21  not continue to interrupt me.

22             Now, your attorney has represented that he

23  has told you in his professional opinion the things you

24  wish to have argued are not legal arguments that he can

10:48AM 25  present to the Court.  Is that what he told you?

10:48AM    1              THE DEFENDANT:  No.

           2              THE COURT:  What did he tell you?

           3              THE DEFENDANT:  He told me that I have no

           4    Fourteenth Amendment rights and this Court operates on

10:48AM    5    local practice and deviates from federal statute in

           6    violation of Article 3 under the supremacy clause.  The

           7    state of Nevada is not allowed to abrogate or abridge

           8    any federal statutes and he said that's what he does.

           9    And we know what abrogate and abridge means.  It means

10:49AM   10    to make less of my constitutional rights, not more

          11    which means we know that federal laws --

          12              THE COURT:  You are going way beyond

          13    answering my question.

          14              THE DEFENDANT:  That's what I'm saying.

10:49AM   15    He's totally manipulating it to give the prosecution,

          16    who should be here, a tactical delay which we all know

          17    leads to nothing more than a wrongful conviction.

          18              THE COURT:  All right.  That's enough.

          19    You're not answering the question any further.

10:49AM   20              THE DEFENDANT:  He lied.  That's the

          21    answer.

          22              MR. HYTE:  And, your Honor, I'm in a

          23    position now where he's making accusations against me

          24    that are not true.

10:49AM   25              THE DEFENDANT:  We have transcripts.

10:49AM  1             MS. DEMONTE:  And the State is here.

2             THE DEFENDANT:  May I have the State's

3     name, please?

4             MS. DEMONTE:  No, you may not.

10:49AM  5             The State actually has concerns about

6     whether or not he's competent to proceed based on some

7     of the things he's been saying.  I've been taking notes

8     how he goes to law school and hasn't decided what bar

9     he's taking but is taking one next month and --

10:50AM 10             THE DEFENDANT:  No.  I said --

11             MS. DEMONTE:  -- about how he is a public

12     officer of some type.

13             THE DEFENDANT:  Yes.  Navy veteran.  I did

14     swear an oath to the U.S. Constitution just like I

10:50AM 15     think most of us.  I know the attorney and the officers

16     probably did, and I know for sure you did, sir.

17             THE COURT:  Based on the allegations

18     against you I assume you've got a motion to withdraw as

19     counsel, sir?

10:50AM 20             MR. HYTE:  I did not before today.  I will

21     make one now, though, Judge.  I ask to move to

22     withdraw.

23             THE COURT:  That'll be granted.

24             MR. HYTE:  Thank you, Judge.

10:50AM 25             THE DEFENDANT:  I have a motion for a

| | | |
|---|---|---|
| 10:50AM | 1 | dismissal.  It's completely within the law.  Nothing |
| | 2 | wild.  It's all straight out of the book.  Actually -- |
| | 3 | THE COURT:  Just a moment.  If you have a |
| | 4 | motion, you file it in the court. |
| 10:50AM | 5 | THE DEFENDANT:  They wouldn't let me.  I |
| | 6 | did that May 11th and Judge Gibson denied me all my |
| | 7 | Fourteenth Amendment rights on record. |
| | 8 | THE COURT:  Once again -- |
| | 9 | THE DEFENDANT:  They don't allow us access |
| 10:50AM | 10 | to the -- |
| | 11 | THE COURT:  This is entirely unbelievable. |
| | 12 | THE DEFENDANT:  You can check the records. |
| | 13 | I kite the legal department in the jail at CCDC Las |
| | 14 | Vegas and they kite back false information.  You can |
| 10:51AM | 15 | subpoena those kites. |
| | 16 | THE COURT:  If you wish to make a motion, |
| | 17 | file it. |
| | 18 | THE DEFENDANT:  How?  I'm here.  I tried |
| | 19 | to do that May 11th.  I've been held against my due |
| 10:51AM | 20 | process rights.  This Court must release me.  And I |
| | 21 | have legal standing to present this to you, sir, and |
| | 22 | there's nothing about competence.  I know escalations |
| | 23 | of force and all the stuff these officers are trained. |
| | 24 | And I also know how to be a judge, and I would gladly |
| 10:51AM | 25 | do so if my country needs me.  Being a judge is no |

10:51AM   1   harder than taking a driver's license exam, and I'm a

          2   DOT safety certified truck driver with a perfect

          3   driving record.

          4                 MS. DEMONTE:  For the record he was

10:51AM   5   arrested on April 25th.

          6                 THE DEFENDANT:  Good.

          7                 MS. DEMONTE:  He was on probable cause.

          8   We attempted to bring him before the magistrate at the

          9   next available date, which would have been the 28th,

10:52AM  10   but he refused transport.

         11                 THE DEFENDANT:  A lie.

         12                 MS. DEMONTE:  We passed it --

         13                 THE DEFENDANT:  I was in custody on

         14   surveillance.

10:52AM  15                 MS. DEMONTE:  My turn, sir.

         16                 THE COURT:  You stop now.

         17                 THE DEFENDANT:  That's a huge lie.

         18                 THE COURT:  You stop now.

         19                 THE OFFICER:  You are the only one that's

10:52AM  20   interrupting anyone.

         21                 THE DEFENDANT:  But I'm the only one whose

         22   life's in peril.

         23                 THE COURT:  You know, I've giving you

         24   opportunities to talk and you continue to interrupt.

10:52AM  25   That is not how this is going to happen and it's not

10:52AM  1   going to happen anymore.

2              THE DEFENDANT:  Would you promise me that

3   I'm allowed to respond?

4              THE COURT:  You will sit down and be quiet

10:52AM  5   until she is through.

6              MS. DEMONTE:  On May 2nd our notes

7   indicate that he was COVID positive so he wasn't

8   brought to court because of the COVID situation.  Then

9   on May 11th he was here and we gave him the

10:52AM  10   preliminary hearing date of today.  When I spoke to Mr.

11   Hyte last night about this case, he indicated to me

12   that the defendant did not wish to have a preliminary

13   hearing because he wanted to have this type of hearing

14   instead so I did not bring in witnesses today because

10:53AM  15   the defendant did not want his preliminary hearing

16   today, he wants to have this type of hearing.  And now

17   with the public defender withdrawing there would be no

18   attorney to represent him today anyway.

19              THE DEFENDANT:  And I don't need one.

10:53AM  20              MS. DEMONTE:  We'll need to appoint

21   counsel and set a new hearing date.

22              THE DEFENDANT:  I object.

23              THE COURT:  Just a moment.

24              THE DEFENDANT:  That's a tactical delay.

10:53AM  25              THE COURT:  Just a moment.  Are you now

10:53AM  1   saying you don't want an attorney?

2              THE DEFENDANT:  I will not be forfeiting

3   my rights to be heard by the Court today.  No way in

4   heck.  I would like to be heard.

10:53AM  5              THE COURT:  Did I ask you that?  I asked

6   you if you continued to wish to have an attorney

7   represent you or are you going to represent yourself?

8              THE DEFENDANT:  Based on the suppression

9   that we receive as inmates as CCDC Las Vegas, we do not

10:53AM  10  have access to law libraries.  If I am not allowed or

11  they don't want to have a public defender that follows

12  their ethical canons and helps me do basic research on

13  my Fourteenth Amendment rights and the procedural

14  statuses of these cases, then I would love to be

10:54AM  15  remanded to federal custody where I can actually have

16  access to law books.  So I'd like to respond to her

17  information, sir.

18             THE COURT:  And I'll give you that

19  opportunity in a moment.

10:54AM  20             THE DEFENDANT:  Thank you.

21             THE COURT:  But in the meantime just be

22  quiet.

23             THE DEFENDANT:  Okay.

24             MS. DEMONTE:  I just texted Mr. Brower to

10:54AM  25  see if he can come back.

10:54AM  1          THE DEFENDANT:  Because he's not impartial

2    and he's appearing bias, I would not want to work with

3    Mr. Hyte if that's who you're suggesting.

4          THE COURT:  Mr. Hyte has already been

10:54AM  5    allowed to withdraw from this case based on the

6    allegations.

7          THE DEFENDANT:  And what was his legal

8    standing for withdrawing?  He has to have a right to

9    withdraw.  He can't just walk out on me and cause

10:55AM  10   delays.

11         THE COURT:  He's had allegations against

12   him for ethical and other things like that.  So that

13   causes a conflict.

14         THE DEFENDANT:  I hadn't said he broke any

10:55AM  15   rules yet.  I said he was on a slippery slope.

16         THE COURT:  The record speaks for itself.

17   I granted his motion to withdraw.  We are now at the

18   point of trying to find another attorney to appoint on

19   your behalf.

10:55AM  20         THE DEFENDANT:  I don't need one.  I'd

21   like to go forward today on my dismissal motion as I

22   told him May 11th.

23         THE COURT:  Okay.  That isn't the way

24   court works.  If you have a motion to file, it would be

10:55AM  25   filed with the court, the State has the opportunity to

| | | |
|---|---|---|
| 10:55AM | 1 | file a written response.  You have the opportunity to |
| | 2 | file a written reply and then the Court holds a hearing |
| | 3 | on that. |
| | 4 | THE DEFENDANT:  They are not allowing me |
| 10:55AM | 5 | that. |
| | 6 | THE COURT:  If you want to file the |
| | 7 | motion, file the motion. |
| | 8 | THE DEFENDANT:  I don't have any paperwork |
| | 9 | to file one.  I'm doing this on memory. |
| 10:56AM | 10 | THE COURT:  Well, that isn't the way |
| | 11 | motions are handled. |
| | 12 | THE DEFENDANT:  I know.  And I'm saying my |
| | 13 | rights are being deprivated (sic) against.  I was not |
| | 14 | allowed to go to court April 28th, sir.  I was in a |
| 10:56AM | 15 | medical observation cell because I was hospitalized due |
| | 16 | to excessive force.  I was under camera.  And they did |
| | 17 | not ask me to go to court.  And that violates my speedy |
| | 18 | trial rights right there and then.  I was not allowed a |
| | 19 | motion for discovery.  I was not allowed a motion for |
| 10:56AM | 20 | an evidentiary hearing. |
| | 21 | THE COURT:  Stop. |
| | 22 | THE DEFENDANT:  So my witness who is 88 |
| | 23 | years old could be brought forth. |
| | 24 | THE COURT:  Stop now.  You've made these |
| 10:56AM | 25 | allegations again and again.  If you want to bring them |

| | | |
|---|---|---|
| 10:56AM | 1 | before the Court, you put it in writing, you file it |
| | 2 | with the court. |
| | 3 | THE DEFENDANT:  And I'll need forms.  And |
| | 4 | how am I going to access the clerk? |
| 10:56AM | 5 | THE COURT:  We're in the process of |
| | 6 | appointing an attorney for you, sir. |
| | 7 | THE DEFENDANT:  I don't need an attorney. |
| | 8 | I'm an adult. |
| | 9 | THE COURT:  You just said you can't take |
| 10:56AM | 10 | care of yourself on legal matters. |
| | 11 | THE DEFENDANT:  I said that you might need |
| | 12 | to investigate CCDC's policies because they're |
| | 13 | suppressing the inmates and holding them without |
| | 14 | charges. |
| 10:56AM | 15 | MS. DEMONTE:  He's been charged. |
| | 16 | THE COURT:  He's been charged. |
| | 17 | THE DEFENDANT:  We can review the May |
| | 18 | 11th thing.  He did not follow the arraignment |
| | 19 | proceeding requirements. |
| 10:57AM | 20 | THE COURT:  And there are means of doing |
| | 21 | that to legally challenge it.  For you to stand up and |
| | 22 | do it is not the way it's done. |
| | 23 | THE DEFENDANT:  Why?  What are we afraid |
| | 24 | of?  I'm going to do it by the law. |
| 10:57AM | 25 | THE COURT:  There is nothing to be afraid |

| | | |
|---|---|---|
| 10:57AM | 1 | of.  You are not doing it by the law and I'm not going |
| | 2 | to listen to this again.  You've said it again and |
| | 3 | again. |
| | 4 | THE DEFENDANT:  My speedy trial rights are |
| 10:57AM | 5 | violated.  You cannot hold me against the constitution. |
| | 6 | THE COURT:  It's on the record.  We've |
| | 7 | heard. |
| | 8 | THE DEFENDANT:  No, you haven't because |
| | 9 | that's not justifiable.  Anybody can claim their speedy |
| 10:57AM | 10 | trial rights are violated.  I have legal standing. |
| | 11 | It's just another delay.  My property and witnesses -- |
| | 12 | what about evidence spoliation?  That's the main |
| | 13 | problem here. |
| | 14 | THE COURT:  You've already said these |
| 10:58AM | 15 | things.  You are on the record, sir.  All of this is on |
| | 16 | the record. |
| | 17 | THE DEFENDANT:  I have video surveillance |
| | 18 | to prove that what she's doing is actually working for |
| | 19 | the drug cartels. |
| 10:58AM | 20 | MS. DEMONTE:  I'm going to once again |
| | 21 | raise my concern about competency. |
| | 22 | THE DEFENDANT:  I have evidence, sir.  I |
| | 23 | have a witness, an 88-year-old marine, Joan Sullivan of |
| | 24 | 136 Elm Street.  She witnessed fraud. |
| 10:58AM | 25 | THE OFFICER:  You're going to have to |

| | | |
|---|---|---|
| 10:58AM | 1 | lower your voice.  Can you do that? |
| | 2 | THE DEFENDANT:  I do have a hearing |
| | 3 | problem.  Joan Sullivan witnessed fraud.  We need to |
| | 4 | get her here immediately and upon that -- |
| 10:58AM | 5 | THE COURT:  And that is not how courts |
| | 6 | work. |
| | 7 | THE DEFENDANT:  They have to work with |
| | 8 | expedience because my life, liberty and property are in |
| | 9 | peril. |
| 10:58AM | 10 | THE COURT:  You need to have a seat and be |
| | 11 | quiet. |
| | 12 | MS. DEMONTE:  Keith says he's in the |
| | 13 | waiting room. |
| | 14 | THE OFFICER:  You can you hear the judge, |
| 10:59AM | 15 | right? |
| | 16 | THE DEFENDANT:  I'm trying to lip read.  I |
| | 17 | have complained six times for hearing help and they |
| | 18 | just aren't helping us. |
| | 19 | THE OFFICER:  You're not yelling at me |
| 10:59AM | 20 | right now.  Can you keep it at about that volume, |
| | 21 | please? |
| | 22 | THE DEFENDANT:  Yes. |
| | 23 | THE COURT:  Mr. Brower. |
| | 24 | THE DEFENDANT:  This will only take 10 |
| 10:59AM | 25 | minutes to rule on the dismissal motion.  You don't |

| | | |
|---|---|---|
| 10:59AM | 1 | have to rule on it today.  Just go back and check the |
| | 2 | transcripts.  At least we're moving forward in my case. |
| | 3 | Because you can't move forward at a preliminary if |
| | 4 | we've violated all my Fourteenth Amendment rights. |
| 10:59AM | 5 | THE COURT:  You need to stop.  You've said |
| | 6 | this again and again.  It's on the record.  If you have |
| | 7 | any other motions to file, they can be filed.  You can |
| | 8 | copy -- |
| | 9 | THE DEFENDANT:  I have motions and |
| 11:00AM | 10 | subpoenas, but if we don't do the dismissal motion, I'm |
| | 11 | wasting legal expenses.  The dismissal motion will save |
| | 12 | me money, sir. |
| | 13 | THE COURT:  Mr. Brower, you need to unmute |
| | 14 | yourself. |
| 11:00AM | 15 | MR. BROWER:  Just in, Judge. |
| | 16 | THE COURT:  Mr. Brower, this is the case |
| | 17 | of 22CRH000445, Jeromy John Oelker, O-E-L-K-E-R, aka |
| | 18 | Jeromy Elker, E-L-K-E-R. |
| | 19 | I have allowed the public defender's |
| 11:00AM | 20 | office to withdraw and I would like to appoint you to |
| | 21 | this case if possible.  Mr. Brower, you will need to |
| | 22 | review the transcript of this hearing this morning and |
| | 23 | also consult with the defendant.  I think the |
| | 24 | representations here may require the consideration of a |
| 11:01AM | 25 | competency hearing and there are also a number of |

| | | |
|---|---|---|
| 11:01AM | 1 | motions which he wishes to bring before the Court and |
| | 2 | you can discuss with him the legality of the things |
| | 3 | that he wishes to do.  Will you accept that |
| | 4 | appointment? |
| 11:01AM | 5 | MR. BROWER:  Sorry, Judge.  When will the |
| | 6 | preliminary hearing be reset to? |
| | 7 | THE COURT:  As soon as possible. |
| | 8 | THE DEFENDANT:  No, because I need the |
| | 9 | dismissal motion hearing first and I need the motion |
| 11:01AM | 10 | for an evidentiary hearing for my lead witness who is |
| | 11 | 88 and has slow memory. |
| | 12 | THE COURT:  Okay.  Mr. Oelker is |
| | 13 | representing that he has a number of preliminary |
| | 14 | motions he wants to file before a preliminary hearing |
| 11:01AM | 15 | date is set.  So perhaps we can do a status check next |
| | 16 | week. |
| | 17 | MR. BROWER:  Judge, my only concern is if |
| | 18 | he does have a preliminary hearing in the next three |
| | 19 | weeks, it would have to go to Lance because I'm going |
| 11:01AM | 20 | to be out of the jurisdiction from June 3rd to |
| | 21 | June 20th.  So the only time I would be able to meet |
| | 22 | with the client would be next week and I would not be |
| | 23 | able to file any motions on his behalf or do any |
| | 24 | preliminary hearings between June 3rd and |
| 11:02AM | 25 | June 20th.  I know Lance did send an email to the |

| 11:02AM | 1 | Court saying he was going to be gone the first week of |
| | 2 | June but that he would be available to take |
| | 3 | appointments for that second week but that I would |
| | 4 | still be out of the jurisdiction. |
| 11:02AM | 5 | THE COURT:  Thank you, Mr. Brower.  We |
| | 6 | will contact other counsel. |
| | 7 | THE DEFENDANT:  I do not need counsel, |
| | 8 | sir.  I'm very competent and very sharp about the due |
| | 9 | process rights.  We need to address those first because |
| 11:02AM | 10 | the federal law says you can't go forward without |
| | 11 | subject matter jurisdiction.  And they don't have that |
| | 12 | because they're using local practice to violate NRS |
| | 13 | 174, and they're saying that I had a COVID-19 test, yet |
| | 14 | nobody will show me any lab results, and I've requested |
| 11:02AM | 15 | a lab result numerous times to CCDC, sir. |
| | 16 | MS. DEMONTE:  Why don't we put it on |
| | 17 | calendar next week status check. |
| | 18 | THE COURT:  All right.  That's what we are |
| | 19 | going to do.  We'll put it on for -- |
| 11:03AM | 20 | THE DEFENDANT:  Just ignoring my rights, |
| | 21 | sir. |
| | 22 | THE COURT:  No.  What I'm trying to do is |
| | 23 | get this done in a legal manner and -- |
| | 24 | THE DEFENDANT:  Nevada Revised Statutes |
| 11:03AM | 25 | says I have a right to represent myself. |

| | | |
|---|---|---|
| 11:03AM | 1 | THE CLERK:  June 2nd. |
| | 2 | THE DEFENDANT:  I also have the right to |
| | 3 | make a motion for a district judge which is what I'd |
| | 4 | like and I actually motioned for that on the 11th. |
| 11:03AM | 5 | THE COURT:  You had a motion for that on |
| | 6 | the 11th? |
| | 7 | THE DEFENDANT:  I invoked my right to be |
| | 8 | heard and have a trial before a district judge. |
| | 9 | THE COURT:  And that's where your trial |
| 11:03AM | 10 | would be.  This Court handles the preliminary matters |
| | 11 | including a preliminary hearing.  It does not handle |
| | 12 | trials. |
| | 13 | THE DEFENDANT:  Mr. Gibson said denied |
| | 14 | when I stated that on the record. |
| 11:03AM | 15 | THE COURT:  All right.  So it's on the |
| | 16 | record that a trial here is denied, but the things that |
| | 17 | you're saying make no sense. |
| | 18 | THE DEFENDANT:  They're on the record. |
| | 19 | THE COURT:  I'm sure they are. |
| 11:03AM | 20 | THE DEFENDANT:  And a dismissal motion |
| | 21 | doesn't make any sense for timeliness requirements? |
| | 22 | THE COURT:  I've explained to you that if |
| | 23 | you want to make a motion like that before the Court, |
| | 24 | submit it in writing. |
| 11:04AM | 25 | THE DEFENDANT:  I did -- |

| | | |
|---|---|---|
| 11:04AM | 1 | THE COURT:  You have said that you didn't. |
| | 2 | THE DEFENDANT:  May 11th.  Check the |
| | 3 | record.  He denied me. |
| | 4 | THE COURT:  Okay.  Then it's already been |
| 11:04AM | 5 | denied. |
| | 6 | THE DEFENDANT:  He didn't let me make the |
| | 7 | motion.  He denied me the right to present it. |
| | 8 | THE COURT:  This matter is continued until |
| | 9 | next week for a status check for confirmation of new |
| 11:04AM | 10 | counsel. |
| | 11 | THE CLERK:  June 2nd, 9:00 a.m. |
| | 12 | THE DEFENDANT:  I declare fraud upon the |
| | 13 | Court.  And prosecutorial misconduct. |
| | 14 | |
| 11:04AM | 15 | (The proceedings concluded.) |
| | 16 | |
| | 17 | *  *  *  *  * |
| | 18 | |
| | 19 | ATTEST:  Full, true and accurate |
| 11:04AM | 20 | transcript of proceedings. |
| | 21 | |
| | 22 | /S/Lisa Brenske |
| | 23 | LISA BRENSKE, CSR No. 186 |
| | 24 | |
| | 25 | |

1    TRAN

2    CASE NO. C365622-1

3

4        IN THE JUSTICE'S COURT OF HENDERSON TOWNSHIP

5            COUNTY OF CLARK, STATE OF NEVADA

6

7    STATE OF NEVADA,                    )
                                         )
8            Plaintiff,                  )
         vs.                             )
9                                        )   CASE NO. 22CRH000445
                                         )
10   JEROMY JOHN OELKER,                 )
                                         )
11           Defendant.                  )
     _____)

12

13                REPORTER'S TRANSCRIPT

14                       OF

15      CONDITIONAL WAIVER OF PRELIMINARY HEARING

16      BEFORE THE HONORABLE DAVID S. GIBSON, SR.

17                JUSTICE OF THE PEACE

18

                    THURSDAY, JUNE 2, 2022
19

     APPEARANCES:
20

21     For the State:        JAY P. RAMAN
                             Chief Deputy District Attorney
22

23

24

25   Reported by:  Lisa Brenske, CCR #186

2

```
 1              HENDERSON, NEVADA, JUNE 2, 2022

 2

 3              * * * * * * * * * * * *

 4

 5              THE COURT:  State versus Jeromy John

 6   Oelker, 22CRH445.  Good morning.

 7              MR. GRUBER:  Thank you, Judge.  I didn't

 8   realize this was going to be one of mine.

 9              THE COURT:  I am appointing you.

10              THE DEFENDANT:  I never waived my right to

11   represent myself, Judge.  I'm fully competent and a law

12   student and truck driver with a perfect safety record.

13              THE COURT:  And do you want to file a

14   Faretta motion?

15              THE DEFENDANT:  No.  I don't need to file

16   anything.  I need to be allowed to file a motion for

17   dismissal.  They violated NRS 174 which concurrently

18   violates my speedy trial rights under the Doggett

19   ruling that is unethical territory.  They cannot

20   traverse.  Must be dismissed with prejudice.

21              THE COURT:  Well, I don't have your

22   motion.  I need to see your motion.

23              THE DEFENDANT:  May I also have a copy

24   back since they don't let us get copies?  This is the

25   motion.
```

3

```
 1                    THE COURT:  Let's get a copy made of that.
 2                    THE DEFENDANT:  From my understanding
 3   these public defenders do not want to address fraud
 4   upon the Court or prosecutorial misconduct and I will
 5   hold them liable for their ethical oath of office under
 6   the canons at the Bar Association.  And I do have a lot
 7   of experience at those Bar hearings.  So I don't think
 8   he is going to want to represent me if we have fraud.
 9                    THE COURT:  Well, I need to see your
10   motion.
11                    THE DEFENDANT:  All the evidence, the
12   preponderance is all within records and Doggett.
13                    THE COURT:  Just a minute.  I need to see
14   your motion and once I read your motion, then I will be
15   able to answer you.
16                    THE DEFENDANT:  May I request a copy of
17   the docket?
18                    THE COURT:  Of the what?
19                    THE DEFENDANT:  The docket.  The court
20   docket that shows all the hearing dates and the
21   hearings that took place.
22                    THE COURT:  Sure.
23                    THE DEFENDANT:  What I need from the
24   public defender is just copies of the basic due process
25   rights which Mr. Hyte refused to do.
```

```
1                    THE COURT:  The due process rights?
2                    THE DEFENDANT:  Yes.
3                    THE COURT:  Go to the library and get
4         them.
5                    THE DEFENDANT:  They don't allow us.
6                    THE COURT:  They have a library.
7                    THE DEFENDANT:  Then I would like you to
8         give me an order if you don't dismiss that I have
9         access to the law library.
10                    THE COURT:  Okay, boss.  Just a minute.  I
11        don't control what the jail does.  I know they have a
12        library.  You want to represent yourself and I decide
13        that you can do that, then they'll have to give you
14        some kind of access to the library.
15                    THE DEFENDANT:  I think you have to order
16        it because they're not doing it on their policy.
17                    THE COURT:  If I order it, then they'll
18        have to do something with the order.
19                    THE DEFENDANT:  I would love to be
20        remanded to Federal custody.
21                    THE COURT:  I don't even have that
22        authority so I can't do that.
23                    THE DEFENDANT:  It's going to get -- they
24        already voted a mistrial so we are going to just waste
25        the district judge's time.  They violated every single
```

1  due process right that's owed to me which then

2  concurrently violates my speedy trial rights, sir.

3          THE COURT:  How do you know that if you

4  haven't seen them yet?

5          THE DEFENDANT:  Because I know that I

6  never broke any laws first of all.  And I also know all

7  the timing requirements which is all pivoted on NRS

8  174.

9          THE COURT:  As soon as I get it read, then

10  we'll talk.  Have a seat.

11          (Other matters heard.)

12          THE COURT:  Recalling Jeromy Oelker,

13  22CRH445.

14          I'm in receipt of Mr. Oelker's motion.  I

15  need to make sure the State gets a copy of that.  Did

16  you get a copy?

17          MR. RAMAN:  I don't believe so, your

18  Honor.

19          THE CLERK:  We made a copy.

20          MR. RAMAN:  Thank you.

21          THE COURT:  I've got to go through this

22  first of all, but, Mr. Oelker, I'm denying your motion

23  to dismiss and I'll tell you why.  I'll go through your

24  conclusions at the end.  And we'll go through them.

25  You indicated that you were not arraigned within 72

1  hours of the arrest.  That was your refusal.

2            THE DEFENDANT:  Sir, that never took

3  place.

4            THE COURT:  Now, this is what I need you

5  to do.

6            THE DEFENDANT:  That's fraud.

7            THE COURT:  Listen to me.  You are going

8  to get a chance to talk, but I'm talking first and

9  while I talk, do not interrupt me.  Make mental notes

10  or whatever you do.

11            THE DEFENDANT:  Could I have a clipboard

12  and a pen, please?

13            THE COURT:  No, you can't.  I can't give

14  you that.  You're in custody.

15            THE DEFENDANT:  Well, he has it.  They did

16  last time.  May I please have a clipboard and pen?

17            THE COURT:  No, you can't.  Just be quiet.

18            THE DEFENDANT:  How am I going to take

19  notes?

20            THE COURT:  Then don't take notes.  Number

21  one, you were not arraigned within 72 hours because you

22  refused.  And that's my finding.

23            You were not allowed a motion for

24  discovery.  Discovery was granted and the public

25  defender was given your discovery.

1          You were not read any competency by the

2    judge at your appearance.  You were appointed an

3    attorney and the reading of the Complaint was waived

4    and that's on the record.

5          THE DEFENDANT:  I never waived that.

6          THE COURT:  "I was not allowed 24 hours to

7    read the Complaint."  You don't get 24 hours to read

8    the Complaint.

9          THE DEFENDANT:  That's under Federal law,

10   sir.

11         THE COURT:  Just be quiet and quit

12   interrupting me.  Come on.  If you want to represent

13   yourself, I want you to understand one thing right now,

14   okay?  You are going to have to obey the rules in the

15   courtroom whether you like them or not.

16         THE DEFENDANT:  Then you have to obey

17   Federal law and I can sue you in Federal Court.  I will

18   see you in Federal Court, sir.

19         THE COURT:  Okay.  I'll see you there.

20   His motion --

21         THE DEFENDANT:  This is treason.

22         THE COURT:  Okay.  His motion is denied.

23   I'm ordering that he be psyched.  So waive him up for a

24   psychiatric evaluation on this motion.

25         MR. GRUBER:  Safe to say that I'm not

1  appointed?

2          THE COURT:  I am going to appoint you.

3  Either you'll be representing him or you'll be sitting

4  there while he does what he does.

5          MR. GRUBER:  This is the thing, and I will

6  put this on the record now.  I'm not filing motions

7  that I believe are frivolous which are going to file

8  Bar complaints.

9          THE COURT:  I just read this.

10          MR. GRUBER:  So that puts me in a

11  situation where I'm not going to be able to talk to the

12  man.

13          THE COURT:  I get it.  I've been there.

14  It's just never fun to fly on the desk with somebody

15  else's feeling the way he feels.

16          MR. GRUBER:  I'll sit next to him while he

17  does his thing.  I don't care about that.  But it's

18  also one of those things --

19          THE COURT:  Right now I want him psyched.

20  This is on my motion and we'll worry about appointing

21  once he gets back.

22          MR. GRUBER:  So I'm not going to worry

23  right now.  You'll let me know.

24          THE COURT:  Yes.

25

```
1                    (The proceedings concluded.)

2

3                          *  *  *  *  *

4

5               ATTEST:  Full, true and accurate

6    transcript of proceedings.

7

8    /S/Lisa Brenske
     _____
9    LISA BRENSKE, CSR No. 186

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# Exhibit F-1

The Henderson Justice Case Summary/ Docket reveals many procedural due process violations. Originally I was scheduled to be arraigned April 28th, 2022 but the District Attorney C. Pandelis lied to Judge S. L. George by stating I "Refused" transportation. I was in a cell in the connected jail and was never informed I had court. First Unreasonable Delay, First Appearance of Partiality. Said fraud set a myriad of timing requirement violations. Most importantly they never held a Preliminary Hearing in violation of N.R.S. 171.196 Preliminary examination; 2. If the defendant does not waive examination, the magistrate shall hear the evidence within 15 days. Judge Gibson never held the Preliminary on May 26th, 2022. Instead the Appointed Counsel withdrew, giving the District Attorney a tactical advantage. I never waived my right to Self Representation, but needed assistance with printing the Criminal Rules of Procedure and the alleged law violations so I could ascertain the elements of the Unsigned Complaint and clarify which procedures were being violated that I may have missed on May 11th 2022.

# 22CRH000445-0000 STATE OF NEVADA VS OELKER, JEROMY JOHN CLOSED



- Case Type:
- CRIMINAL COMPLAINT HND
- Case Status:
- CLOSED
- File Date:
- 04/26/2022
- DCM Track:
- 
- Action:
- RESIST PUBLIC OFFICER
- Status Date:
- 12/19/2022
- Case Judge:
- GIBSON, SR, DAVID S
- Next Event:
- 

| All Information | Party | Charge | Ticket/Citation # | Event | Docket | Linked Case | Disposition |



## Party Information

**OELKER, JEROMY JOHN**
**- DEFENDANT CR/TR**

- Disposition
- CLOSED
- Disp Date
- 
- Scope ID Number
- 8640106

**Alias**

| AKA | ELKER, JEREMY |

**Party Attorney**
- Attorney
- GRUBER, HARVEY
- Bar Code
- 006329
- Address
- Phone

**More Party Information** ⚠

**Pending Cases**

## Party Charge Information

**OELKER, JEROMY JOHN**
**- DEFENDANT CR/TR**
  Charge # 1:
  **50201 - FELONY**     ASSAULT, W/USE OF DEADLY WEAPON

- Original Charge
- 50201 ASSAULT, W/USE OF DEADLY WEAPON (FELONY)
- Indicted Charge
- 
- Amended Charge
- 
- DV Related?
- 
- Modifiers
- 
- Stage Date
- 
- PCN
- NVHP5211750C
- PCN Sequence
- 001

- Ticket #
- ATN #
- 
- Tracking #
- 
- Place of Offense
- HENDERSON TOWNSHIP
- Offense Location
- 
- Date of Offense
- 04/25/2022
- Complainant

**Party Charge Disposition**
Disposition Date
Disposition
06/05/2022
WAIVER OF PRELIMINARY HEARING

- **OELKER, JEROMY JOHN**
- - DEFENDANT CR/TR
- Charge # 2:
- **50201 - FELONY**    ASSAULT, W/USE OF DEADLY WEAPON

- Original Charge
- 50201 ASSAULT, W/USE OF DEADLY WEAPON (FELONY)
- Indicted Charge
- Amended Charge
- DV Related?
- Modifiers
- Stage Date
- PCN
- NVHP5211750C
- PCN Sequence
- 002

| Ticket # |
| ATN # |
| Tracking # |
| Place of Offense |
| HENDERSON TOWNSHIP |
| Offense Location |
| Date of Offense |
| 04/25/2022 |
| Complainant |

**Party Charge Disposition**
Disposition Date
Disposition
06/05/2022
WAIVER OF PRELIMINARY HEARING

Sentencing Information

- **OELKER, JEROMY JOHN**
- - DEFENDANT CR/TR
- Charge # 3:
- **50201 - FELONY**    ASSAULT, W/USE OF DEADLY WEAPON

- Original Charge
- 50201 ASSAULT, W/USE OF DEADLY WEAPON (FELONY)
- Indicted Charge
- Amended Charge
- DV Related?
- Modifiers
- Stage Date
- PCN
- NVHP5211750C
- PCN Sequence
- 003

| Ticket # |
| ATN # |
| Tracking # |
| Place of Offense |
| HENDERSON TOWNSHIP |
| Offense Location |
| Date of Offense |
| 04/25/2022 |
| Complainant |

**Party Charge Disposition**
Disposition Date
Disposition
06/05/2022
WAIVER OF PRELIMINARY HEARING

Sentencing Information

- **OELKER, JEROMY JOHN**
- - DEFENDANT CR/TR
- Charge # 4:
- **50216 - FELONY**    BATTERY W/SUBSTANTIAL BODILY HARM - VICTIM IS AN O

- Original Charge
- 50216 BATTERY W/SUBSTANTIAL BODILY HARM - VICTIM IS AN O (FELONY)
- Indicted Charge
- Amended Charge
- DV Related?
- Modifiers
- Stage Date
- PCN
- NVHP5211750C
- PCN Sequence
- 800

| Ticket # |
| ATN # |
| Tracking # |
| Place of Offense |
| HENDERSON TOWNSHIP |
| Offense Location |
| Date of Offense |
| 04/25/2022 |
| Complainant |

**Party Charge Disposition**
Disposition Date

Disposition
06/05/2022
WAIVER OF PRELIMINARY HEARING

Sentencing Information

- **OELKER, JEROMY JOHN**
- - DEFENDANT CR/TR
  Charge # 5:
  **50205 - FELONY**     ASSAULT ON PROTECTED PERSON, W/USE OF DEADLY WEAPO

- Original Charge
- 50205 ASSAULT ON PROTECTED PERSON, W/USE OF DEADLY WEAPO (FELONY)
- Indicted Charge
- 
- Amended Charge
- 
- DV Related?
- 
- Modifiers
- 
- Stage Date
- 
- PCN
- NVHP5211750C
- PCN Sequence
- 801

- Ticket #
- 
- ATN #
- 
- Tracking #
- 
- Place of Offense
- HENDERSON TOWNSHIP
- Offense Location
- 
- Date of Offense
- 04/25/2022
- Complainant

**Party Charge Disposition**
Disposition Date
Disposition
06/05/2022
WAIVER OF PRELIMINARY HEARING

Sentencing Information

Load Party Charges 6 through 8   Load All 8 Party Charges

**Ticket/Citation #**

**Citation # : - HENDERSON TOWNSHIP**
- **Offense Date**
- **04/25/2022**

- Agency
- HENDERSON POLICE DEPARTMENT
- Officer
- 
- Second Officer
- 
- Complainant
- 

- Speed Cited
- 
- Speed Limit
- 
- Location
- 
- Insured/Proof
- 
- Accident
- N
- Work Zone
- 
- Haz Mat
- 
- Points
- 
- Priors
- 
- License Taken
- N
- BAC
- 

- Plate
- 
- State
- 
- Year
- 
- Type
- 
- Style
- 
- Color

## Events

| Date/Time | Location | Type | Result | Event Judge |
|---|---|---|---|---|
| 04/28/2022 09:00 AM | DEPARTMENT 2 | FELONY ARRAIGNMENT HND | CRIMINAL HEARING HELD | GEORGE, STEPHEN L |
| 05/02/2022 09:00 AM | DEPARTMENT 3 | FELONY ARRAIGNMENT HND | CRIMINAL HEARING HELD | THOMSON, ELDON LEE |
| 05/11/2022 09:00 AM | DEPARTMENT 3 | FELONY ARRAIGNMENT HND | ARRAIGNMENT HEARING HELD | GIBSON, SR, DAVID S |
| 05/26/2022 09:30 AM | DEPARTMENT 3 | PRELIMINARY HEARING HND | CRIMINAL HEARING HELD | GIBSON, SR, DAVID S |
| 06/02/2022 09:00 AM | DEPARTMENT 3 | COURT APPEARANCE HND | CRIMINAL HEARING HELD | GIBSON, SR, DAVID S |
| 07/01/2022 08:30 AM | DISTRICT COURT DEPARTMENT 32 | DISTRICT COURT ARRAIGNMENT HND | HEARD IN DISTRICT COURT | |
| 12/22/2022 09:00 AM | DEPARTMENT 2 | COURT APPEARANCE HND | CRIMINAL HEARING HELD | GEORGE, STEPHEN L |
| 01/03/2023 09:30 AM | DEPARTMENT 3 | PRELIMINARY HEARING HND | CRIMINAL HEARING HELD | GIBSON, SR, DAVID S |
| 01/12/2023 09:30 AM | DEPARTMENT 3 | PRELIMINARY HEARING HND | CRIMINAL HEARING HELD | GIBSON, SR, DAVID S |
| 01/17/2023 09:30 AM | DISTRICT COURT DEPARTMENT 3 | DISTRICT COURT ARRAIGNMENT HND | HEARD IN DISTRICT COURT | |

## Docket Information

| Date | Docket Text | Amount Owed |
|---|---|---|
| 04/26/2022 | SET FOR COURT APPEARANCE<br>Event: FELONY ARRAIGNMENT HND<br>Date: 04/28/2022   Time: 9:00 am<br>Judge: GEORGE, STEPHEN L   Location: DEPARTMENT 2<br><br>Result: CRIMINAL HEARING HELD | |
| 04/27/2022 | COMPLAINT FILED | |
| 04/28/2022 | S.L. GEORGE, JP<br>C. PANDELIS, DDA<br>J. NESCI, CLK<br>S. GRAHAM, CR | |
| 04/28/2022 | INITIAL ARRAIGNMENT:<br>DEFENDANT NOT PRESENT IN CUSTODY, REFUSED TRANSPORTATION<br>CONTINUED FOR INITIAL ARRAIGNMENT<br>DEFENDANT TO BE BROUGHT BY ANY MEANS<br>BAIL STANDS: NO BAIL<br>REMAND TO METRO | |
| 04/28/2022 | HEARING HELD<br>The following event: FELONY ARRAIGNMENT HND scheduled for 04/28/2022 at 9:00 am has been resulted as follows:<br><br>Result: CRIMINAL HEARING HELD<br>Judge: GEORGE, STEPHEN L   Location: DEPARTMENT 2 | |
| 04/28/2022 | SET FOR COURT APPEARANCE<br>Event: FELONY ARRAIGNMENT HND<br>Date: 05/02/2022   Time: 9:00 am<br>Judge: GIBSON SR, DAVID S   Location: DEPARTMENT 3 | |
| 05/02/2022 | E.L. THOMSON, PRO TEM FOR<br>D.S. GIBSON, SR., JP<br>J.P. RAMAN, DDA<br>D. LOPEZ, CLK<br>L. BRENSKE, CR | |
| 05/02/2022 | CONTINUED INITIAL ARRAIGNMENT:<br>DEFENDANT NOT PRESENT IN CUSTODY - NOT TRANSPORTED DUE TO COVID<br>CONTINUED FOR INITIAL ARRAIGNMENT AND DEFENDANT'S PRESENCE<br>RETURN TO METRO | |

| Date | Docket Text | Amount Owed |
|------|-------------|-------------|
| 05/02/2022 | HEARING HELD<br>The following event: FELONY ARRAIGNMENT HND scheduled for 05/02/2022 at 9:00 am has been resulted as follows:<br><br>Result: CRIMINAL HEARING HELD<br>Judge: THOMSON, ELDON LEE   Location: DEPARTMENT 3 | |
| 05/02/2022 | SET FOR COURT APPEARANCE<br>Event: FELONY ARRAIGNMENT HND<br>Date: 05/11/2022   Time: 9:00 am<br>Judge: GIBSON SR, DAVID S   Location: DEPARTMENT 3 | |
| 05/11/2022 | D.S. GIBSON, SR., JP<br>M. SCHEIBLE, DDA<br>M. HYTE, DPD<br>D. LOPEZ, CLK<br>L. BRENSKE, CR | |
| 05/11/2022 | INITIAL ARRAIGNMENT:<br>DEFENDANT PRESENT IN CUSTODY<br>ADVISED. REQUESTS PUBLIC DEFENDER. DEFENSE COUNSEL APPOINTED & ACKNOWLEDGES WAIVED READING OF THE COMPLAINT<br>BY AND THROUGH HIS ATTORNEY, DEFENDANT ASKED FOR DATE CERTAIN FOR HEARING INVOKED 15 DAY RULE<br>PRELIMINARY HEARING DATE SET<br>BAIL STANDS: NO BAIL<br>RETURN TO METRO | |
| 05/11/2022 | ARRAIGNMENT HEARING HELD<br>The following event: FELONY ARRAIGNMENT HND scheduled for 05/11/2022 at 9:00 am has been resulted as follows:<br><br>Result: ARRAIGNMENT HEARING HELD<br>Judge: GIBSON SR, DAVID S   Location: DEPARTMENT 3 | |
| 05/11/2022 | SET FOR COURT APPEARANCE<br>Event: PRELIMINARY HEARING HND<br>Date: 05/26/2022   Time: 9:30 am<br>Judge: GIBSON SR, DAVID S   Location: DEPARTMENT 3 | |
| 05/26/2022 | E.L. THOMSON PRO TEMP FOR<br>D.S. GIBSON, SR., JP<br>N. DEMONTE, DDA<br>M. HYTE, DPD<br>D. LOPEZ, CLK<br>L. BRENSKE, CR | |
| 05/26/2022 | PRELIMINARY HEARING:<br>DEFENDANT PRESENT IN CUSTODY<br>PUBLIC DEFENDER REQUESTS FERETTA CANVAS<br>STATES HE CAN NOT MAKE THE ARGUMENTS ETHICALLY THAT THE DEFENDANT WANTS. DEFENDANT WAS MAKING ALLEGATIONS AGAINST PUBLIC DEFENDER. MOTION BY PUBLIC DEFENDER TO WITHDRAW. MOTION GRANTED.<br>STATE RAISES CONCERN OF COMPETENCY. DEFENDANT ARGUMENTATIVE WITH JUDGE, PUBLIC DEFENDER AND STATE.<br>CONTINUED FOR COUNSEL TO BE COURT APPOINTED.<br>RETURN TO METRO | |
| 05/26/2022 | HEARING HELD<br>The following event: PRELIMINARY HEARING HND scheduled for 05/26/2022 at 9:30 am has been resulted as follows:<br><br>Result: CRIMINAL HEARING HELD<br>Judge: GIBSON SR, DAVID S   Location: DEPARTMENT 3 | |
| 05/26/2022 | SET FOR COURT APPEARANCE<br>Event: COURT APPEARANCE HND<br>Date: 06/02/2022   Time: 9:00 am<br>Judge: GIBSON SR, DAVID S   Location: DEPARTMENT 3 | |
| 06/02/2022 | STATUS CHECK:<br>DEFENDANT PRESENT IN CUSTODY- CCDC<br>COURT APPOINTS H. GRUBER<br>COURT IN RECEIPT OF DEFENDANTS MOTION TO DISMISS- DENIED<br>Request and Order for Competency Evaluation signed in Open Court - DEFENDANT CONDITIONALLY BOUND OVER TO DISTRICT COURT FOR FURTHER PROCEEDNGS RE: COMPETENCY.  THIS MATTER IS ASSIGNED TO DISTRICT COURT DEPT. 32<br>DEFENDANT TO APPEAR IN DISTRICT COURT V FOR COMPETENCY HEARING.<br>NO BAIL STANDS | |

| Date | Docket Text | Amount Owed |
|---|---|---|
|  | CORRECTED MINUTES - 09/12/2022<br><br>MR. GRUBER WAS NOT APPOINTED DURING THE HEARING. THE DEFENDANT WAS ARGUEMENTATIVE AND COURT ORDERED DEFENDANT TO APPEAR IN COMPETENCY COURT. A COURT APPOINTED ATTORNEY DID NOT GET APPOINTED. |  |
| 06/02/2022 | D.S. GIBSON, SR., JP<br>J.P. RAMAN, DDA<br>M. HYTE, DPD<br>H. GRUBER, ESQ<br>D. LOPEZ, CLK<br>L. BRENSKE, CR |  |
| 06/02/2022 | HEARING HELD<br>The following event: COURT APPEARANCE HND scheduled for 06/02/2022 at 9:00 am has been resulted as follows:<br><br>Result: CRIMINAL HEARING HELD<br>Judge: GIBSON SR, DAVID S   Location: DEPARTMENT 3 |  |
| 06/02/2022 | SET FOR COURT APPEARANCE<br>Event: DISTRICT COURT ARRAIGNMENT HND<br>Date: 07/01/2022   Time: 8:30 am<br>Judge:   Location: DISTRICT COURT DEPARTMENT 32 |  |
| 12/19/2022 | Defendant was found Competent in DC XXXII<br>REMANDED TO HENDERSON JUSTICE COURT |  |
| 12/19/2022 | SET FOR COURT APPEARANCE<br>Event: COURT APPEARANCE HND<br>Date: 12/22/2022   Time: 9:00 am<br>Judge: GEORGE, STEPHEN L   Location: DEPARTMENT 2<br><br>Result: CRIMINAL HEARING HELD |  |
| 12/19/2022 | HEARING HELD<br>The following event: DISTRICT COURT ARRAIGNMENT HND scheduled for 07/01/2022 at 8:30 am has been resulted as follows:<br><br>Result: HEARD IN DISTRICT COURT<br>Judge:   Location: DISTRICT COURT DEPARTMENT 32 |  |
| 12/22/2022 | S.L. GEORGE, JP FOR<br>D.S. GIBSON, SR., JP<br>T. COBB, DDA<br>H. GRUBER, ESQ<br>J. NESCI, CLK<br>L. BRENSKE, CR |  |
| 12/22/2022 | STATUS CHECK:<br>DEFENDANT PRESENT IN CUSTODY<br>DEFENDANT FOUND COMPETENT<br>PRELIMINARY HEARING DATE SET<br>NO BAIL STANDS<br>RETURN TO METRO |  |
| 12/22/2022 | HEARING HELD<br>The following event: COURT APPEARANCE HND scheduled for 12/22/2022 at 9:00 am has been resulted as follows:<br><br>Result: CRIMINAL HEARING HELD<br>Judge: GEORGE, STEPHEN L   Location: DEPARTMENT 2 |  |
| 12/22/2022 | SET FOR COURT APPEARANCE<br>Event: PRELIMINARY HEARING HND<br>Date: 01/03/2023   Time: 9:30 am<br>Judge: GIBSON SR, DAVID S   Location: DEPARTMENT 3 |  |
| 01/03/2023 | D.S. GIBSON, SR., JP<br>T. SHARP, DDA<br>H. GRUBER, ESQ<br>D. LOPEZ, CLK<br>L. BRENSKE, CR |  |
| 01/03/2023 | PRELIMINARY HEARING:<br>DEFENDANT PRESENT IN CUSTODY<br>MATTER CALLED OFF<br>DEFENSE NEEDS VIDEO<br>PRELIMINARY HEARING DATE SET<br>RETURN TO METRO |  |

| Date | Docket Text | Amount Owed |
|------|-------------|-------------|
| 01/03/2023 | HEARING HELD<br>The following event: PRELIMINARY HEARING HND scheduled for 01/03/2023 at 9:30 am has been resulted as follows:<br><br>Result: CRIMINAL HEARING HELD<br>Judge: GIBSON SR, DAVID S    Location: DEPARTMENT 3 | |
| 01/03/2023 | SET FOR COURT APPEARANCE<br>Event: PRELIMINARY HEARING HND<br>Date: 01/12/2023   Time: 9:30 am<br>Judge: GIBSON SR, DAVID S    Location: DEPARTMENT 3 | |
| 01/12/2023 | PRELIMINARY HEARING:<br>Defendant PRESENT IN CUSTODY<br>Per Negotiations:  Defendant UNCONDITIONALLY WAIVED Preliminary Hearing.  Thereupon Court ORDERED defendant held to answer to said charge in the Eighth Judicial District Court.<br>RETURN TO METRO | |
| 01/12/2023 | D.S. GIBSON, SR., JP<br>H. TRIPPIEDI  DDA<br>H. GRUBER, ESQ<br>D. LOPEZ, CLK<br>L. BRENSKE, CR | |
| 01/12/2023 | HEARING HELD<br>The following event: PRELIMINARY HEARING HND scheduled for 01/12/2023 at 9:30 am has been resulted as follows:<br><br>Result: CRIMINAL HEARING HELD<br>Judge: GIBSON SR, DAVID S    Location: DEPARTMENT 3 | |
| 01/12/2023 | SET FOR COURT APPEARANCE<br>Event: DISTRICT COURT ARRAIGNMENT HND<br>Date: 01/17/2023   Time: 9:30 am<br>Judge:    Location: DISTRICT COURT DEPARTMENT 3 | |
| 01/12/2023 | HEARING HELD<br>The following event: DISTRICT COURT ARRAIGNMENT HND scheduled for 01/17/2023 at 9:30 am has been resulted as follows:<br><br>Result: HEARD IN DISTRICT COURT<br>Judge:    Location: DISTRICT COURT DEPARTMENT 3 | |

### Linked Cases

| Link Group | Case # | File Date |
|------------|--------|-----------|
| 22CRH000445-0000 | 22PCH000515-0000 | 04/26/2022 |

### Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| BOUND OVER | 06/05/2022 | GIBSON, SR, DAVID S |
| BOUND OVER | 01/12/2023 | GIBSON, SR, DAVID S |

# Exhibit F-2

### Negative Covid-19 Results

(Two Records Attached)(two counts of Fraud) - N.C.R. 60(b)(3) Note:
The District Attorney J.P. Raman lied to Judge Thomson on May 2nd
2022, by stating he was causing an Unreasonable Delay because I
allegedly had Covid-19. Judge Thomson was bias and granted the delay
without ordering prosecution to meet the burden of proof. As you will
conclude the Lab Result was negative for Covid-19. Furthermore
Second Amended Administrative Order 20-02 dated 18th March, 2020 is
Un-Constitutional and was not extended beyond 18th January, 2021
anyhow. I also never consented to be tested, they stated I would remain
in the holding tank without blankets until I signed that and a D.N.A. test.
First count of Identity theft without due process. The Tenth Circuit has
held that when government classifications abridge a fundamental right
(even in part), the Equal Protection Clause of the Constitution mandates
strict scrutiny, a level of scrutiny which defendants cannot meet here.
("A provision subject to strict scrutiny 'cannot rest upon a generalized
assertion as to the classification's relevance to its goals.'") (quoting
Richmond v. J.A. Crosson Co., 488 U.S. 469, 500 (1989)

# Southern Nevada Health District Laboratory System

280 South Decatur Blvd.
LAS VEGAS, NV 89107

Horng-Yuan Kan, PhD,
HCLD (ABB)
Laboratory Director

| | | | |
|---|---|---|---|
| Name: | **Oelker, Jeromy** | Provider: | LEGUEN, FERMIN M.D. |
| DOB: | 05/04/1980 AGE: 42 SEX: M | Draw Location: | Henderson Detention Center |
| Orchard ID: | 0000367457 | Order Location: | OEDS |
| Sample ID: | 605381 | Collection Date: | 4/26/2022 4:54 PM |
| WebIZ: | | Received Date: | 4/27/2022 2:32 PM |
| Bubble Number: | | Completion Date: | 4/28/2022 8:18 AM |
| Sample Type: | | TB ID #: | |
| Account Number: | | Facility Patient ID: | |

| TEST NAME | IN RANGE | RESULT | OUT OF RANGE | UNITS | REFERENCE RANGE |
|---|---|---|---|---|---|
| **SARS-CoV-2 Real-time RT PCR Test** | | | | | |
| SPECIMEN SOURCE | | Nares Swab | | | |
| TaqPath COVID-19 Combo Kit | | SARS-CoV-2 Not Detected | | | Not Detected |

Sample ID: 605381
END OF REPORT
Printed: 9/25/2023 9:38:42 AM



# Nevada State Public Health Laboratory

## University of Nevada, Reno

1660 North Virginia Street / Reno, Nevada 89503-0703
(775) 688-1335 / (775) 688-1460 Fax

Director: Mark W. Pandori PhD HCLD(ABB)   CLIA: 29D06527-48   CAP: 2248701   NV State: 1479PHL-0

**Detention Center Transfer**

3955 W. Russell Rd.
Las Vegas, NV, 89118

**Sentinel Site #**

**Patient Name : OELKER, JEROMY**

DOB: 05/04/1980
Sex: Male
Patient ID: 8640106

Ordering Clinician: MINEV

**Accession No: CL2023-00011700**

Date/Time Collected: 03/28/2023 09:35
Date/Time Received: 03/29/2023 10:59
Date/Time Reported: 03/30/2023 11:35

| Assay | Result | Reference Interval |
|---|---|---|
| **SARS-CoV-2 Multiplex** | | |
| Specimen Source: | Nasal Swab | |
| Influenza A | Not Detected | Not Detected |
| Influenza B | Not Detected . | Not Detected |
| SARS-CoV-2 N gene | Not Detected | Not Detected |

The Nevada State Public Health Laboratory offers this test under an Emergency Use Authorization (EUA) provided by the Food and Drug Administration (FDA). That EUA is on file and available at the Nevada State Public Health Laboratory.

NOTE: The test results for any individual specimen may be influenced by factors beyond the control of the laboratory. For example, specimens that are not stored or transported under proper conditions (i.e. refrigerated for up to 72 hours or frozen for any length of time) can yield results that may not be reliable. Negative results from improperly managed specimens could be false.

Influenza SARS-CoV-2 (Flu SC2) Multiplex Assay_Centers for Disease Control and Prevention (CDC)_EUA

| Report Reviewed by: | **Andrew Gorzalski** |
|---|---|
| | Analyst |

Confidentiality, security, and integrity of patient data should be maintained in accordance with CLIA and HIPAA.

# Exhibit G-1

The 3 Hearing Transcripts, Unsigned Complaint, and Unsigned Probable Cause Affidavit all were included in these emails. Emails are time stamped and deemed Authentic Records. Also notice Mr. Gruber states he would not assist me with challenging the Wrongful Conviction.

# Exhibit G-2

## Guilty Plea Agreement

As you will notice in the language of the Agreement, it indicates the District Attorney knew the court was without Jurisdiction and Plenary Power. Hence why I had to waive direct appeal.

I knowingly signed the plea agreement, because of the myriad violations, knowing that when I got access to the courts, I would be eligible for relief. Attorney Harvey Gruber refused to gather evidence or move for Dismissal in anyway. So in accordance with the Agreement I filed an Extraordinary Writ under N.C.R. 60 (b)(3) and (b)(4). See page 4 section 6. If this Cause of Action is Adjudicated by the Appellate court the State is in Breach of Contract.

It's unfortunate the Nevada Supreme Court did not have the grit to rule on the merits.

Case 2:24-cv-00355-APG-DJA Document 3-2 Filed 02/29/24 Page 98 of 129

## Re: Jeromy Oelker Case# 22CRH000445 Henderson Justice Court

From:  Harvey Gruber (hgruber@hgruberlaw.com)

To:    oelkerj@yahoo.com

Date:  Thursday, August 17, 2023 at 02:09 PM PDT

Hello Jeromy,

I have provided everything that I have in my file.
I do not have any audio discs, I do not have any other reports from Dr. Slagle or Dr. Lenkeit, I do not have any PDF copies of the transcripts.

Additionally, my representation of your case ended at sentencing.

Harvey Gruber, Esq.
Law Offices of Mayfield & Gruber
702-566-4099

This e-mail message is a confidential communication from the Law Offices of Mayfield & Gruber and is only intended for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 702-566-4099 and delete this e-mail message and any attachments from your workstation or network mail system.

On Thu, Aug 17, 2023 at 1:57 PM jeromy oelker <oelkerj@yahoo.com> wrote:

Harvey Gruber,
I hope all is well. While I was in prison I requested you to get some documents prepared for my release. Will you please help me with the following?

1) Audio Discs for the following hearings conducted during 2022: May 11, May 26, June 2nd and well as the Feb 28 2023 Sentencing Hearing.

2) I will also need the case documents for the Henderson Justice Court Case; All Motions, Orders, Complaint, Discovery, Competency evaluations by Dr. Slaggle and Dr. Leinkeit. If you could I would like all that emailed along with an inventory list. I also would like a copy of the Plea Agreement and any other type of document I have not stated that you are aware of.

3)I PDF copies of Transcripts for hearings conducted during 2022: May 11, May 26, June 2nd and well as the Feb 28 2023 Sentencing Hearing.

Case # 22CRH000445

Case # -22-365622-1 (Competency Court) Clark County Dept. 12

Respectfully,
Jeromy Oelker

Case 2:24-cv-00355-APG-DJA   Document 3-2   Filed 02/29/24   Page 99 of 129

## Re: Jeromy Oelker Case# 22CRH000445 Henderson Justice Court

From:  Harvey Gruber (hgruber@hgruberlaw.com)

To:      oelkerj@yahoo.com

Date:  Thursday, August 17, 2023 at 03:47 PM PDT

Jeromy,

Here are all the documents I have regarding your case.  I have shared all of these with you before.

Harvey Gruber, Esq.
Law Offices of Mayfield & Gruber
702-566-4099

This e-mail message is a confidential communication from the Law Offices of Mayfield & Gruber and is only intended for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 702-566-4099 and delete this e-mail message and any attachments from your workstation or network mail system.

On Thu, Aug 17, 2023 at 2:13 PM jeromy oelker <oelkerj@yahoo.com> wrote:

> Mr. Gruber,
> I had a hard time securing those documents while in prison, would you please send them to
> my email address?
>
> Best,
> Jeromy
>
> On Thursday, August 17, 2023 at 01:57:28 PM PDT, jeromy oelker <oelkerj@yahoo.com> wrote:
>
>
> Harvey Gruber,
> I hope all is well. While I was in prison I requested you to get some documents prepared for
> my release. Will you please help me with the following?
>
> 1) Audio Discs for the following hearings conducted during 2022: May 11, May 26, June 2nd
> and well as the Feb 28 2023 Sentencing Hearing.
>
> 2) I will also need the case documents for the Henderson Justice Court Case; All Motions,
> Orders, Complaint, Discovery, Competency evaluations by Dr. Slaggle and Dr. Leinkeit. If
> you could I would like all that emailed along with an inventory list. I also would like a copy of
> the Plea Agreement and any other type of document I have not stated that you are aware of.
>
> 3)I PDF copies of Transcripts for hearings conducted during 2022: May 11, May 26, June
> 2nd and well as the Feb 28 2023 Sentencing Hearing.
>
> Case # 22CRH000445
>
> Case # -22-365622-1 (Competency Court) Clark County Dept. 12

Mad Dam - REDACTION of Case# 21CRH012A57 - Henderson Justice Court

Respectfully,
Jeromy Oelker

 1.17.23.FILED.GPA.pdf
690.5kB

 2.6.23 PSI.pdf
703.1kB

 2.28.23.DCT 3 Transcript at SENTENCING.pdf
214kB

 5.11.22 HJCT Transcript at Initial Arraignment.pdf
109.4kB

 5.26.22 HJCT Transcript.pdf
1MB

 6.2.22 HJCT Transcript at PH.pdf
288.8kB

 9.15.22 Criminal Complaint . DISCOVERY.pdf
1.9MB

 11.22.22 Lake's Crossing Cntr. PSYCHIATRIC EVALUATION - ADJUDICATIVE COMPETENCY.pdf
2.1MB

Yahoo Mail - RE: Jeromy Oelker Case# 22CRH000445 Henderson Justice Court

## Re: Jeromy Oelker Case# 22CRH000445 Henderson Justice Court

From: Harvey Gruber (hgruber@hgruberlaw.com)

To: oelkerj@yahoo.com

Date: Thursday, August 17, 2023 at 04:22 PM PDT

Mr. Oelker,

I have not caused you any injuries whatsoever.  You chose to take the negotiations offered in this case, I did not force you to do anything.  This is at least the second time that I have provided you with your file.  If you believe you need to file a bar complaint with the Nevada State Bar Association, here is their number, 702-382-2200.

I have not done anything wrong in representing you.  I have not caused you any harm or injuries.

My representation of you and your case was over at your sentencing date.  Be advised I will not reply to any further emails or phone calls.

Harvey Gruber, Esq.
Law Offices of Mayfield & Gruber
702-566-4099

This e-mail message is a confidential communication from the Law Offices of Mayfield & Gruber and is only intended for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 702-566-4099 and delete this e-mail message and any attachments from your workstation or network mail system.

> On Thu, Aug 17, 2023 at 4:03 PM jeromy oelker <oelkerj@yahoo.com> wrote:
>
> Mr. Gruber,
> Thank you for your compliance regarding this matter, there are still other matters in which I am due relief from injuries you have caused by inaction and ineffective assistance of counsel. If you are inclined to reduce the damages caused by said acts, I would wish that you get the rest of the documents and audio I have requested. These emails are to be used as evidence and thus far you have shown diligence upon my release from prison.
>
> Respectfully,
> Jeromy Oelker
> On Thursday, August 17, 2023 at 03:47:53 PM PDT, Harvey Gruber <hgruber@hgruberlaw.com> wrote:
>
> Jeromy,
>
> Here are all the documents I have regarding your case.  I have shared all of these with you before.
>
> Harvey Gruber, Esq.
> Law Offices of Mayfield & Gruber
> 702-566-4099
>
> This e-mail message is a confidential communication from the Law Offices of Mayfield & Gruber and is only intended for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at

702-566-4099 and delete this e-mail message and any attachments from your workstation or network mail system.

On Thu, Aug 17, 2023 at 2:13 PM jeromy oelker <oelkerj@yahoo.com> wrote:

Mr. Gruber,
I had a hard time securing those documents while in prison, would you please send them to my email address?

Best,
Jeromy

On Thursday, August 17, 2023 at 01:57:28 PM PDT, jeromy oelker <oelkerj@yahoo.com> wrote:

Harvey Gruber,
I hope all is well. While I was in prison I requested you to get some documents prepared for my release. Will you please help me with the following?

1) Audio Discs for the following hearings conducted during 2022: May 11, May 26, June 2nd and well as the Feb 28 2023 Sentencing Hearing.

2) I will also need the case documents for the Henderson Justice Court Case; All Motions, Orders, Complaint, Discovery, Competency evaluations by Dr. Slaggle and Dr. Leinkeit. If you could I would like all that emailed along with an inventory list. I also would like a copy of the Plea Agreement and any other type of document I have not stated that you are aware of.

3)I PDF copies of Transcripts for hearings conducted during 2022: May 11, May 26, June 2nd and well as the Feb 28 2023 Sentencing Hearing.

Case # 22CRH000445

Case # -22-365622-1 (Competency Court) Clark County Dept. 12

Respectfully,
Jeromy Oelker

COPY

**GPA**
STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565
HAGAR TRIPPIEDI
Chief Deputy District Attorney
Nevada Bar #10114
200 Lewis Avenue
Las Vegas, NV 89155-2212
(702) 671-2500
Attorney for Plaintiff

FILED IN OPEN COURT
STEVEN D. GRIERSON
CLERK OF THE COURT

JAN 17 2023

BY, _____
SAMANTHA ALBRECHT, DEPUTY

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

                    Plaintiff,

        -vs-

JEROMY JOHN OELKER, aka,
Jeromy J. Oelker, #8640106

                    Defendant.

CASE NO:    C-22-365622-1

DEPT NO:    III

GUILTY PLEA AGREEMENT

I hereby agree to plead guilty to: ATTEMPT STOP REQUIRED ON SIGNAL OF POLICE OFFICER (Category C Felony - NRS 484b.550; 193.153 - NOC 55183), as more fully alleged in the charging document attached hereto as Exhibit "1".

My decision to plead guilty is based upon the plea agreement in this case which is as follows:

The State has agreed to make no recommendation at the time of sentencing. All remaining counts contained in the Criminal Complaint which were bound over to District Court shall be dismissed when Defendant is adjudged guilty and sentenced.

I agree to the forfeiture of any and all weapons or any interest in any weapons seized and/or impounded in connection with the instant case and/or any other case negotiated in whole or in part in conjunction with this plea agreement.

I understand and agree that, if I fail to interview with the Department of Parole and Probation, fail to appear at any subsequent hearings in this case, or an independent magistrate,

1   by affidavit review, confirms probable cause against me for new criminal charges including

2   reckless driving or DUI, but excluding minor traffic violations, the State will have the

3   unqualified right to argue for any legal sentence and term of confinement allowable for the

4   crime(s) to which I am pleading guilty, including the use of any prior convictions I may have

5   to increase my sentence as an habitual criminal to five (5) to twenty (20) years, life without

6   the possibility of parole, life with the possibility of parole after ten (10) years, or a definite

7   twenty-five (25) year term with the possibility of parole after ten (10) years.

8       Otherwise I am entitled to receive the benefits of these negotiations as stated in this

9   plea agreement.

10                          CONSEQUENCES OF THE PLEA

11      I understand that by pleading guilty I admit the facts which support all the elements of

12   the offense(s) to which I now plead as set forth in Exhibit "1".

13      I understand that as a consequence of my plea of guilty the Court must sentence me to

14   imprisonment in the Nevada Department of Corrections for a minimum term of not less than

15   one (1) year and a maximum term of not more than five (5) years.  The minimum term of

16   imprisonment may not exceed forty percent (40%) of the maximum term of imprisonment.  I

17   understand that I may also be fined up to $5,000.00. I understand that the law requires me to

18   pay an Administrative Assessment Fee.

19      I understand that, if appropriate, I will be ordered to make restitution to the victim of

20   the offense(s) to which I am pleading guilty and to the victim of any related offense which is

21   being dismissed or not prosecuted pursuant to this agreement.  I will also be ordered to

22   reimburse the State of Nevada for any expenses related to my extradition, if any.

23      I understand that I am eligible for probation for the offense to which I am pleading

24   guilty.  I understand that, except as otherwise provided by statute, the question of whether I

25   receive probation is in the discretion of the sentencing judge.

26      I understand that I must submit to blood and/or saliva tests under the Direction of the

27   Division of Parole and Probation to determine genetic markers and/or secretor status.

28      I understand that if I am pleading guilty to charges of Burglary, Invasion of the Home,

                                      2

1  Possession of a Controlled Substance with Intent to Sell, Sale of a Controlled Substance, or

2  Gaming Crimes, for which I have prior felony conviction(s), I will not be eligible for probation

3  and may receive a higher sentencing range.

4          I understand that if more than one sentence of imprisonment is imposed and I am

5  eligible to serve the sentences concurrently, the sentencing judge has the discretion to order

6  the sentences served concurrently or consecutively.

7          I understand that information regarding charges not filed, dismissed charges, or charges

8  to be dismissed pursuant to this agreement may be considered by the judge at sentencing.

9          I have not been promised or guaranteed any particular sentence by anyone. I know that

10 my sentence is to be determined by the Court within the limits prescribed by statute.

11         I understand that if my attorney or the State of Nevada or both recommend any specific

12 punishment to the Court, the Court is not obligated to accept the recommendation.

13         I understand that if the offense(s) to which I am pleading guilty was committed while I

14 was incarcerated on another charge or while I was on probation or parole that I am not eligible

15 for credit for time served toward the instant offense(s).

16         I understand that if I am not a United States citizen, any criminal conviction will likely

17 result in serious negative immigration consequences including but not limited to:

18         1.    The removal from the United States through deportation;

19         2.    An inability to reenter the United States;

20         3.    The inability to gain United States citizenship or legal residency;

21         4.    An inability to renew and/or retain any legal residency status; and/or

22         5.    An indeterminate term of confinement, with the United States Federal
               Government based on my conviction and immigration status.
23

24         Regardless of what I have been told by any attorney, no one can promise me that this

25 conviction will not result in negative immigration consequences and/or impact my ability to

26 become a United States citizen and/or a legal resident.

27         I understand that the Division of Parole and Probation will prepare a report for the

28 sentencing judge prior to sentencing.  This report will include matters relevant to the issue of

3

\\CLARKCOUNTYDA.NET\CRMCASE2\2022\258\37\202225837C-GPA-(JEROMY J OELKER)-001.DOCX

sentencing, including my criminal history.  This report may contain hearsay information regarding my background and criminal history.  My attorney and I will each have the opportunity to comment on the information contained in the report at the time of sentencing. Unless the District Attorney has specifically agreed otherwise, the District Attorney may also comment on this report.

<u>WAIVER OF RIGHTS</u>

By entering my plea of guilty, I understand that I am waiving and forever giving up the following rights and privileges:

1. The constitutional privilege against self-incrimination, including the right to refuse to testify at trial, in which event the prosecution would not be allowed to comment to the jury about my refusal to testify.

2. The constitutional right to a speedy and public trial by an impartial jury, free of excessive pretrial publicity prejudicial to the defense, at which trial I would be entitled to the assistance of an attorney, either appointed or retained.   At trial the State would bear the burden of proving beyond a reasonable doubt each element of the offense(s) charged.

3. The constitutional right to confront and cross-examine any witnesses who would testify against me.

4. The constitutional right to subpoena witnesses to testify on my behalf.

5. The constitutional right to testify in my own defense.

6. The right to appeal the conviction with the assistance of an attorney, either appointed or retained, unless specifically reserved in writing and agreed upon as provided in NRS 174.035(3).  I understand this means I am unconditionally waiving my right to a direct appeal of this conviction, including any challenge based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings as stated in NRS 177.015(4).  However, I remain free to challenge my conviction through other post-conviction remedies including a habeas corpus petition pursuant to NRS Chapter 34.

<u>VOLUNTARINESS OF PLEA</u>

I have discussed the elements of all of the original charge(s) against me with my attorney and I understand the nature of the charge(s) against me.

I understand that the State would have to prove each element of the charge(s) against me at trial.

I have discussed with my attorney any possible defenses, defense strategies and

4

1   circumstances which might be in my favor.

2          All of the foregoing elements, consequences, rights, and waiver of rights have been
3   thoroughly explained to me by my attorney.

4          I believe that pleading guilty and accepting this plea bargain is in my best interest, and
5   that a trial would be contrary to my best interest.

6          I am signing this agreement voluntarily, after consultation with my attorney, and I am
7   not acting under duress or coercion or by virtue of any promises of leniency, except for those
8   set forth in this agreement.

9          I am not now under the influence of any intoxicating liquor, a controlled substance or
10  other drug which would in any manner impair my ability to comprehend or understand this
11  agreement or the proceedings surrounding my entry of this plea.

12         My attorney has answered all my questions regarding this guilty plea agreement and its
13  consequences to my satisfaction and I am satisfied with the services provided by my attorney.

14         DATED this ___ day of January, 2023.

15

16                                            _____
17                                            JEROMY JOHN OELKER, aka,
                                              Jeromy J. Oelker Defendant
18  AGREED TO BY:

19
20  _____
21  HAGAR TRIPPIEDI
    Chief Deputy District Attorney
    Nevada Bar #10114
22

23

24

25

26

27

28

                                  5

1    CERTIFICATE OF COUNSEL:

2        I, the undersigned, as the attorney for the Defendant named herein and as an officer of the court hereby certify that:

3

      1.     I have fully explained to the Defendant the allegations contained in the charge(s) to which guilty pleas are being entered.

4

5       2.     I have advised the Defendant of the penalties for each charge and the restitution that the Defendant may be ordered to pay.

6

7       3.     I have inquired of Defendant facts concerning Defendant's immigration status and explained to Defendant that if Defendant is not a United States citizen any criminal conviction will most likely result in serious negative immigration consequences including but not limited to:

8

9          a.     The removal from the United States through deportation;

10         b.     An inability to reenter the United States;

11         c.     The inability to gain United States citizenship or legal residency;

12         d.     An inability to renew and/or retain any legal residency status; and/or

13         e.     An indeterminate term of confinement, by with United States Federal Government based on the conviction and immigration status.

14

15       Moreover, I have explained that regardless of what Defendant may have been told by any attorney, no one can promise Defendant that this conviction will not result in negative immigration consequences and/or impact Defendant's ability to become a United States citizen and/or legal resident.

16

17       4.     All pleas of guilty offered by the Defendant pursuant to this agreement are consistent with the facts known to me and are made with my advice to the Defendant.

18

19       5.     To the best of my knowledge and belief, the Defendant:

20         a.     Is competent and understands the charges and the consequences of pleading guilty as provided in this agreement,

21

22         b.     Executed this agreement and will enter all guilty pleas pursuant hereto voluntarily, and

23         c.     Was not under the influence of intoxicating liquor, a controlled substance or other drug at the time I consulted with the Defendant as certified in paragraphs 1 and 2 above.

24

25    Dated: This _17_ day of January, 2023.

26

27                        HARVEY GRUBER

28    ab/L5

6

Electronically Filed
1/13/2023 3:49 PM
Steven D. Grierson
CLERK OF THE COURT

**INFM**
STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565
HAGAR TRIPPIEDI
Chief Deputy District Attorney
Nevada Bar #10114
200 Lewis Avenue
Las Vegas, Nevada 89155-2212
(702) 671-2500
Attorney for Plaintiff

I.A. 01/17/2023
8:30 AM
H. GRUBER

## DISTRICT COURT
## CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

                    Plaintiff,

          -vs-

JEROMY JOHN OELKER, aka,
Jeromy J. Oelker, #8640106

                    Defendant.

CASE NO:    C-22-365622-1

DEPT NO:    III

## INFORMATION

STATE OF NEVADA   )
                  ) ss.
COUNTY OF CLARK   )

          STEVEN B. WOLFSON, District Attorney within and for the County of Clark, State of Nevada, in the name and by the authority of the State of Nevada, informs the Court:

          That JEROMY JOHN OELKER, aka, Jeromy J. Oelker, the Defendant(s) above named, having committed the crime of ATTEMPT STOP REQUIRED ON SIGNAL OF POLICE OFFICER (Category C Felony - NRS 484b.550; 193.153 - NOC 55183), on or between March 28, 2022 and April 25, 2022, within the County of Clark, State of Nevada, contrary to the form, force and effect of statutes in such cases made and provided, and against the peace and dignity of the State of Nevada, did while driving a motor vehicle at 145 Elm Street, Henderson, Clark County, Nevada, willfully, unlawfully, and feloniously attempt to fail or refuse to bring said vehicle to a stop, or otherwise flee or attempt to elude a peace officer in a readily identifiable vehicle of any police department or regulatory agency, to wit: S. WEBBER, with the Henderson Police Department, after being given a signal to bring the vehicle to a stop, and

DOCUMENT20

EXHIBIT "1"

1   did operate said motor vehicle in a manner which endangered, or was likely to endanger any

2   person other than himself or the property of any person other than himself.

3                                    STEVEN B. WOLFSON
                                     Clark County District Attorney
4                                    Nevada Bar #001565

5                          BY

6                                    HAGAR TRIPPIEDI
                                     Chief Deputy District Attorney
7                                    Nevada Bar #10114

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   22CRH000445/ab/L5
     HPD EV#2207789
28   (TK)

                              2

                                                          DOCUMENT20

1/12/24, 7:17 AM

Yahoo Mail - Fw: Jeromy Oelker Case# 22CRH000445 Henderson Justice Court/ 2:23-cv-01731-GMN-BNW/ Exhibit M in Support Rule 60(b)(4) Motion

Case 2:24-cv-00355-APG-BNW Document 3-2 Filed 02/28/24 Page 111 of 129

## Fw: Jeromy Oelker Case# 22CRH000445 Henderson Justice Court/ 2:23-cv-01731-GMN-BNW/ Exhibit M in Support Rule 60(b)(4) Motion

From: jeromy oelker (oelkerj@yahoo.com)

To: lv_public_docketing@nvd.uscourts.gov; oelkerj@yahoo.com

Date: Monday, January 8, 2024 at 02:17 PM PST

Docket Clerks,

I still do not see the Harvey Gruber email/ Exhibit M reflected on the Pacer Docket??

This Email is vital to the Justices making a Meaningful review of the Record......

Thank you,
Jeromy Oelker

----- Forwarded Message -----
**From:** jeromy oelker <oelkerj@yahoo.com>
**To:** LV Public Docketing <lv_public_docketing@nvd.uscourts.gov>; jeromy oelker <oelkerj@yahoo.com>
**Sent:** Friday, January 5, 2024 at 09:21:13 AM PST
**Subject:** Fw: Jeromy Oelker Case# 22CRH000445 Henderson Justice Court/ 2:23-cv-01731-GMN-BNW/ Exhibit M in Support Rule 60(b)(4) Motion

Docket Clerks,

PLEASE FILE AS:  Exhibit M in Support Rule 60(b)(4) Motion

Please file this Email in its Entirety. It is Authentic Evidence. It proves to the Justices exactly what I was given during the Unlawful Criminal Prosecution.

Pursuant to:
"The court is bound by the facts pleaded in the complaint with a limited exception for exhibits that are attached to the complaint, exhibits incorporated by reference in the complaint, or matters of judicial notice."
United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003).

If you must must PRINT the email as a PDF. and file that with the Attachments.

1/12/24, 7:17 AM
Yahoo Mail - Jeromy Oelker Case# 22CRH000445 Henderson Justice Court

Case 2:24-cv-00355-APG-DJA Document 3-2 Filed 02/29/24 Page 112 of 129 - Grievance V2 Exhibit in Support Rule 60(b)(4) Motion

Thank you,
Jeromy Oelker

----- Forwarded Message -----
**From:** Harvey Gruber <hgruber@hgruberlaw.com>
**To:** jeromy oelker <oelkerj@yahoo.com>
**Sent:** Thursday, August 17, 2023, 03:47:53 PM PDT
**Subject:** Re: Jeromy Oelker Case# 22CRH000445 Henderson Justice Court

Jeromy,

Here are all the documents I have regarding your case. I have shared all of these with you before.

Harvey Gruber, Esq.
Law Offices of Mayfield & Gruber
702-566-4099

This e-mail message is a confidential communication from the Law Offices of Mayfield & Gruber and is only intended for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at 702-566-4099 and delete this e-mail message and any attachments from your workstation or network mail system.

On Thu, Aug 17, 2023 at 2:13 PM jeromy oelker <oelkerj@yahoo.com> wrote:

Mr. Gruber,
I had a hard time securing those documents while in prison, would you please send them to my email address?

Best,
Jeromy

On Thursday, August 17, 2023 at 01:57:28 PM PDT, jeromy oelker <oelkerj@yahoo.com> wrote:

Harvey Gruber,
I hope all is well. While I was in prison I requested you to get some documents prepared for my release. Will you please help me with the following?

1) Audio Discs for the following hearings conducted during 2022: May 11, May 26, June 2nd and well as the Feb 28 2023 Sentencing Hearing.

2) I will also need the case documents for the Henderson Justice Court Case; All Motions, Orders, Complaint, Discovery, Competency evaluations by Dr. Slaggle and Dr. Leinkeit. If you could I would like all that emailed along with an inventory list. I

also would like a copy of the Plea Agreement and any other type of document I have not stated that you are aware of.

3)l PDF copies of Transcripts for hearings conducted during 2022: May 11, May 26, June 2nd and well as the Feb 28 2023 Sentencing Hearing.

Case # 22CRH000445

Case # -22-365622-1 (Competency Court) Clark County Dept. 12

Respectfully,
Jeromy Oelker

 1.17.23.FILED.GPA.pdf
690.5kB

 2.6.23 PSI.pdf
703.1kB

 2.28.23.DCT 3 Transcript at SENTENCING.pdf
214kB

 5.11.22 HJCT Transcript at Initial Arraignment.pdf
109.4kB

 5.26.22 HJCT Transcript.pdf
1MB

 6.2.22 HJCT Transcript at PH.pdf
288.8kB

 9.15.22 Criminal Complaint . DISCOVERY.pdf
1.9MB

 11.22.22 Lake's Crossing Cntr. PSYCHIATRIC EVALUATION - ADJUDICATIVE COMPETENCY.pdf
2.1MB

Nevada Statutes Violated in 2022 by Henderson Justice Court:

N.R.S. 53.045:   Use of unsworn declaration in lieu of affidavit or other sworn declaration; exception.   Any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth <u>signed by the declarant</u> under penalty of perjury, and dated.

N.R.S. 173.075: Nature and contents generally (1); The indictment or the information must be a plain, concise and definite written statement of the essential facts constituting the offense charged. It must be signed by the Attorney General acting pursuant to a specific statute or the district attorney.

"Impropriety" includes conduct that violates the law, court rules, or provisions of this Code, and conduct that undermines a judge's independence, integrity, or impartiality. See Canon 1 and Rule 1.2.

## Applicable Nevada Statutes and Rules:

**Nevada Judicial Conduct:** Part VI:
(3) The word **"Must" is obligatory** as to the conduct at issue
Canon 1.1: A Judge shall comply with the law
Canon 2.1: The duties of the judicial office as prescribed by law
Canon 2.2: Impartiality and fairness, a judge shall uphold and apply the law

**LOCAL RULES OF PRACTICE FOR THE JUSTICE COURT OF HENDERSON TOWNSHIP:**

**Rule 3. Definitions of words and terms.** In these rules, unless the context or subject matter otherwise requires:
(f) **<u>"Shall" is mandatory</u>**, and "may" is permissive.

**Complaint not signed:**

N.R.S. 173.075: Nature and contents generally (1); The indictment or the information must be a plain, concise and definite written statement of the essential facts constituting the offense charged. **<u>It must be signed</u>** by the Attorney General acting pursuant to a specific statute or <u>the district attorney</u>.

**Affidavit Required:**

**NRS 173.045: District attorney or Attorney General to be informant; endorsement of names of witnesses; affidavits.**
    1.    All informations **<u>must</u>** be filed in the court having jurisdiction of the offenses specified therein, by the Attorney General when acting pursuant to a specific statute or by the district attorney of the proper county as informant, and his or

her name **must** be subscribed thereto by him or her or by his or her deputy.

2.    The district attorney or the Attorney General **shall** endorse thereon the names of such witnesses as are known at the time of filing the information. The district attorney or Attorney General **shall** not endorse the name of any witness whom he or she does not reasonably expect to call.

3.    In all cases in which the defendant has not had or waived a preliminary examination there **must** be filed with the information the **affidavit of some credible person** verifying the information upon the personal knowledge of affiant that the offense was committed.


**Bail 48 Hours:**

**NRS 178.4849   Pretrial release hearing required to be held within 48 hours after person taken into custody to determine custody status; exceptions; continuance.**


1.    Except as otherwise provided in this section and NRS 178.484 and 178.4847, a court **shall**, **within 48 hours** after a person has been taken into custody, hold a pretrial release hearing, in open court or by means of remote communication, to determine the custody status of the person. The pretrial release hearing may be continued for good cause shown.


**72 Hour Rule:**

**NRS 171.178   Appearance before magistrate; release from custody by arresting officer.**

1.    Except as otherwise provided in subsections 5 and 6, a peace officer making an arrest under a warrant issued upon a complaint or without a warrant **shall** take the arrested person **without unnecessary delay** before the magistrate who issued the warrant or the nearest available magistrate empowered to commit persons charged with offenses against the laws of the State of Nevada.

3.    If an arrested person is not brought before a magistrate **within 72 hours after arrest**, excluding non-judicial days, the magistrate:

(a) Shall give the prosecuting attorney an opportunity to explain the circumstances leading to the delay; and

(b) May release the arrested person if the magistrate determines that the person was not brought before a magistrate without unnecessary delay.

4. When a person arrested without a warrant is brought before a magistrate, a complaint must be filed forthwith.

5. Except as otherwise provided in NRS 178.484 and 178.487, where the defendant can be admitted to bail without appearing personally before a magistrate, the defendant must be so admitted with the least possible delay, and required to appear before a magistrate at the earliest convenient time thereafter.

**Arraignment:**

**NRS  174.015    Conduct of arraignment.**

1.    Except as otherwise provided in subsection 3, arraignment **shall** be conducted in open court and **shall** consist of reading the indictment or information to the defendant or

stating the substance of the charge and calling on the defendant to plead thereto. The defendant **shall** be given a copy of the indictment or information before the defendant is called upon to plead.

    2.   In justice court or municipal court, before the trial commences, the complaint **must** be distinctly read to the defendant before the defendant is called upon to plead.

**Rights before a Preliminary Examination:**

**NRS 171.206   Procedure following preliminary examination.** If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, **the magistrate shall forthwith hold the defendant to answer in the district court**; otherwise the magistrate **shall** discharge the defendant. The magistrate shall admit the defendant to bail as provided in this title. After concluding the proceeding the magistrate **shall** transmit forthwith to the clerk of the district court all papers in the proceeding and any bail. (Added to NRS by 1967, 1407)

**NRS 171.186** Rights of defendant before preliminary examination. The magistrate or master **shall** inform the defendant of the complaint and of any **affidavit filed therewith**, of the right to retain counsel, of the right to request the assignment of counsel if the defendant is unable to obtain counsel, and of the right to have a preliminary examination. The magistrate or master **shall** also **inform the defendant that**

**the defendant is not required to make a statement and that any statement made may be used against him or her.** The magistrate **shall** allow the defendant reasonable time and opportunity to consult counsel, and **shall admit the defendant to bail** as provided in this title.

**NRS 171.188  Procedure for appointment of attorney for indigent defendant.**

1.    Any defendant charged with a public offense who is an indigent may, by oral statement to the district judge, justice of the peace, municipal judge or master, request the appointment of an attorney to represent the defendant. The record in each such case **must** indicate that the defendant was provided an opportunity to make an oral statement and whether the defendant made such a statement or declined to request the appointment of an attorney. If the defendant declined to request the appointment of an attorney, the record **must** also indicate that the decision to decline was made knowingly and voluntarily and with an understanding of the consequences.

2.    The request **must** be accompanied by the **defendant's affidavit**, which must state:

(a)  That the defendant is without means of employing an attorney; and

(b) Facts with some particularity, definiteness and certainty concerning the defendant's financial disability.

**Discovery:**

**NRS 171.1965   Discovery by defendant before preliminary examination; material subject to discovery; effect of failure to permit discovery.**

1.   At the time a person is brought before a magistrate pursuant to NRS 171.178, or as soon as practicable thereafter, but **not less than** **5 judicial days before a preliminary examination**, the prosecuting attorney shall provide a defendant charged with a felony or a gross misdemeanor with copies of any:

**Preliminary Examination:**

**NRS 171.196   Preliminary examination: Waiver; time for conducting; postponement; introduction of evidence and cross-examination of witnesses by defendant; admissibility of hearsay evidence.**

1.   If an offense is not **triable** in the Justice Court, the defendant **must** not be called upon to plead. If the defendant waives preliminary examination, the magistrate **shall** immediately hold the defendant to answer in the district court.

2.   If the defendant does not waive examination, the magistrate **shall** hear the evidence **within 15 days**, unless for good cause shown the magistrate extends such time. Unless the defendant waives counsel, reasonable time must be allowed for counsel to appear.

**NRS 178.405   Suspension of trial or pronouncement of judgment when doubt arises as to competence of defendant; notice of suspension to be provided to other departments.**

    1.   Any time after the arrest of a defendant, including, without limitation, proceedings before trial, during trial, when upon conviction the defendant is brought up for judgment or when a defendant who has been placed on probation or whose sentence has been suspended is brought before the court, if doubt arises as to the competence of the defendant, the court shall suspend the proceedings, the trial or the pronouncing of the judgment, as the case may be, until the question of competence is determined.

    2.   If the proceedings, the trial or the pronouncing of the judgment are suspended, the court must notify any other departments of the court of the suspension in writing. Upon receiving such notice, the other departments of the court shall suspend any other proceedings relating to the defendant until the defendant is determined to be competent.

    [1911 Cr. Prac. § 536; A 1919, 416; 1919 RL § 7386; NCL § 11184]—(NRS  A 1967, 1449; 1981, 1656; 1991, 1003; 2003, 1018; 2007, 186)


**Speedy Trial:**

**NRS 174.511   Right of State to trial within 60 days after arraignment; exceptions.**   The State, upon demand, has the right to a trial of the defendant within 60 days after arraignment. The court may postpone the trial if:

    1.   It finds that more time is needed by the defendant to prepare a defense; or

   2.   The number of other cases pending in the court prohibits the acceptance of the case for trial within that time.
   (Added to NRS by 1983, 1670)


**Order for Dismissal:**

**NRS  178.556    Dismissal by court for unnecessary delay.**
   1.   If no indictment is found or information filed against a person within 15 days after the person has been **held** to answer for a public offense which must be prosecuted by indictment or information, the court may dismiss the complaint. **If a defendant whose trial has not been postponed upon the defendant's application is not brought to trial within 60 days after the arraignment on the indictment or information, the district court may dismiss the indictment or information.**
   (Added to NRS by 1967, 1456; A 1985, 65; 1991, 70)




## LOCAL RULES OF PRACTICE FOR THE JUSTICE COURT OF HENDERSON TOWNSHIP

**Rule  11.    Motions: Procedure for making motions; affidavits and unsworn declarations; renewal and rehearing of motions.**

(a)  A party filing a motion shall also file and serve with it a memorandum of points and authorities in support of each ground thereof. The absence of such memorandum may be construed as an admission that the motion is not meritorious and cause for its denial or as a waiver of all grounds not so supported.

(b) Within 10 days after the service of the motion, the opposing party **shall** file and serve a written opposition thereto, together with a memorandum of points and authorities and supporting affidavits or unsworn declarations, if any, stating facts showing why the motion should be denied. **Failure of the opposing party to file and serve a written opposition may be construed as an admission that the motion is meritorious and consent to granting the same.**

[Added; effective December 23, 2020.

**Documents not signed:**

**Rule  16. Appearances in pro se.**   Unless appearing by an attorney regularly admitted to practice law in Nevada and in good standing, no entry of appearance or subsequent document purporting to be signed by any party to an action shall be recognized or given any force or effect unless the same shall be notarized, or signed with an unsworn declaration pursuant to **NRS 53.045**, by the party signing the same. Corporations and limited liability corporations shall be represented by an attorney.

[Added; effective December 23, 2020.]

**NRS  53.045    Use of unsworn declaration in lieu of affidavit or other sworn declaration; exception.**    Any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth signed by the declarant under penalty of perjury, and dated, in substantially the following form:

     1.    If executed in this State: "I declare under penalty of perjury that the foregoing is true and correct."

    Executed on.................................................
     (date)                                        (signature)

(Added to NRS by <u>1993, 2741</u>; A <u>2001, 2349</u>; <u>2011, 15</u>)

**Rule  50.    Filings that may be rejected.**    The court may reject filings that:
    (a)  Do not include the appropriate filing fee;
    (b)  Do not contain original signatures where required;

[Added; effective December 23, 2020.]

**Nevada Civil: Rule 11** - Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions (a) Signature. Every pleading, written motion, and other paper must be

signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented.

State Officer:

Probable Cause Hearing:

Public Defenders Motto:
The Office of the Clark County Public Defender provides zealous representation for our clients accused of crimes.   We practice in front of all of the Justice Courts in Clark County, before the 8th Judicial District Court and before the Nevada Supreme Court.

We are dedicated to aggressive, quality representation and, when appointed by the court provides a full range of criminal litigation service to our clients.

AO450 (NVD Rev. 2/18)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Jeromy Oelker

                            Petitioner,

    v.

Attorney General of the State of Nevada, et al.,

                          Respondents.

JUDGMENT IN A CIVIL CASE

Case Number: 2:23-cv-01731-GMN-BNW

\_\_\_  **Jury Verdict.**  This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

\_\_\_  **Decision by Court.**  This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

 ✕  **Decision by Court.**  This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

      **IT IS ORDERED AND ADJUDGED**

that judgment is entered in favor of Respondents and against Petitioner dismissing this case with prejudice. IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability because jurists of reason would not find debatable whether the court is correct in dismissing this action. Case closed.

11/29/2023
_____
Date

   DEBRA K. KEMPI
_____
Clerk

  /s/ C. Torres
_____
Deputy Clerk

1

2                          UNITED STATES DISTRICT COURT

3                               DISTRICT OF NEVADA

4

5      JEROMY OELKER,                              Case No. 2:23-cv-01542-ART-EJY

                                 Petitioner,
6                                                              ORDER

7            v.

8      NEVADA ATTORNEY GENERAL,

                                 Respondent.
9

10

11          This habeas corpus action was initiated, *pro se*, on September 28, 2023,

12   by Jeromy Oelker. It appears from Oelker's filings, and from information available

13   on the website of the Nevada Department of Corrections, that Oelker recently

14   served a prison sentence in Nevada and is no longer in state custody; it appears

15   that he was on parole when he initiated this action.

16          On September 28, 2023, Oelker submitted to this Court an Application to

17   Proceed *in Forma Pauperis* (ECF No. 1), a Petition for Writ of Habeas Corpus

18   pursuant to 28 U.S.C. § 2254 (ECF No. 1-1), exhibits in support of his petition

19   (ECF No. 1-2), and a civil cover sheet (ECF No. 1-3). On October 11, 2023, Oelker

20   filed a Consent for Electronic Service of Documents (ECF No. 2). On October 16,

21   2023, he filed an amended Table of Exhibits (ECF No. 3) and a "Memorandum of

22   Support" (ECF No. 3-1), which contains argument in support of his habeas

23   petition.

24          The Court will deny Oelker's Application to Proceed in Forma Pauperis (ECF

25   No. 1), as it appears, from the information provided in his application, that is able

26   to pay the $5 filing fee for a habeas action. Furthermore, the Court will dismiss

27   this action, without prejudice, for the following reasons.

28

1   Oelker initiated this action under seal; the entire case—all the documents

2   filed in it—are under seal. He did not, however, file a motion for leave of court to

3   file any documents under seal. *See* LR IA 10-5 (Sealed Documents).

4   Oelker's petition (ECF No. 1-1) does not comply with LSR 3-1, which

5   provides: "A petition for writ of habeas corpus under 28 U.S.C. § 2254 must be

6   on the form supplied by the court or must be legible and substantially follow

7   either that form or the form appended to the Rules Governing Section 2254 Cases

8   in the United States District Courts."

9   In large part because Oelker did not draft his petition using an approved

10   form of petition, his petition does not provide sufficient information for the Court

11   to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254

12   Cases in the United States District Courts. As examples: there is insufficient

13   information provided in the petition regarding any appeal or petition for post-

14   conviction relief pursued in state court, precluding the Court from determining

15   whether his claim is exhausted in state court; and there is insufficient

16   information provided regarding the background of his case for the Court to

17   determine whether his petition complies with the applicable statute of limitations.

18   If Oelker chooses to pursue a federal petition for writ of habeas corpus, he

19   must initiate a new action (he should not put the case number of this case on

20   documents submitted to initiate a new action); he must either pay the $5 filing

21   fee or submit a fully completed application to proceed *in forma pauperis* on the

22   correct form; he must submit a petition for writ of habeas corpus in compliance

23   with LSR 3-1 with respect to the form of the petition; his petition must be fully

24   completed and legible; if he wishes to file any document under seal, he must

25   contemporaneously submit a motion for leave of court to seal such document,

26   explaining his need to file the document under seal.

27   It is therefore ordered that Petitioner's Application to Proceed *in Forma*

28   *Pauperis* (ECF No. 1) is denied.

1

2    It is further ordered that this action is dismissed without prejudice. The

3   Clerk of the Court is directed to enter judgment accordingly and close this case.

4    It is further ordered that Petitioner is denied a certificate of appealability

5   because jurists of reason would not find debatable whether the Court is correct

6   in dismissing this action.

7    It is further ordered that the Clerk of the Court is directed to add Aaron D.

8   Ford, Attorney General of the State of Nevada, to the docket for this case, as

9   counsel for Respondent, and serve Respondent with a copy of this order.

10   Respondent need take no action with respect to this case.

11

12

13    DATED THIS 18th day of October 2023.

14

15    _____

16    ANNE R. TRAUM
      UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

3