UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jeromy Oelker,<br><br>                Plaintiff,<br><br>    v.<br><br>Traum, Navarro,<br><br>                Defendant. | Case No. 2:24-cv-00355-APG-DJA<br><br>**Order**<br>**and**<br>**Report and Recommendation** |

       Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 5). Plaintiff also submitted a complaint (ECF Nos. 1-1, 1-2) and a motion to vacate judgment (ECF No. 3). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint attempts to sue immune defendants, it recommends dismissing his complaint without leave to amend and denying his pending motion as moot.

**I.**    ***In forma pauperis* application.**

       Plaintiff filed the affidavit required by § 1915(a). (ECF No. 5). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.**    **Screening the complaint.**

       Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. Plaintiff's complaint.

"Absolute immunity is generally accorded to judges ... functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330 F.2d 868, 869 (9th Cir. 1964).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 2009 WL 1940102, at *2 (D. Nev. July 7, 2009) (*citing Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "To determine if a given action is judicial ..., courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. *See Wilson*, 2009 WL 1940102, at *2 (collecting cases).

Even liberally construing Plaintiff's complaint, the Court finds that the claims against Judge Navarro and Judge Traum are barred by judicial immunity. Plaintiff alleges that both judges violated his First and Fifth Amendment rights. Judge Traum's actions (denying Plaintiff's *habeas corpus* petition, denying Plaintiff's motion to vacate judgment, and not providing Plaintiff leave to amend) constitute judicial acts because they were part of her normal functions as a federal judge; the events related to a case pending before her; and her acts were pursuant to her official capacity. Similarly, Judge Navarro's actions (dismissing Plaintiff's complaint, not providing Plaintiff leave to amend, and not ruling on Plaintiff's motion) are judicial acts for the same reasons Judge Traum's were. Plaintiff does not allege facts indicating that Judge Traum or Judge Navarro's actions were not judicial acts or that they acted in clear absence of all jurisdiction. Given that Plaintiff's claims are barred by judicial immunity, it does not appear that additional factual allegations would overcome immunity. As a result, the Court recommends that Plaintiff's claims against Judge Traum and Judge Navarro be dismissed without leave to amend.

### III. Plaintiff's motion to vacate judgment.

Plaintiff moves the Court to vacate a state court criminal judgment against him under Federal Rule of Civil Procedure 60(b)(4) because the judgment is "void" and under Federal Rule of Civil Procedure 60(b)(3) because of fraud. However, it appears that the relief Plaintiff seeks is better sought through a *habeas corpus* action because he is challenging the merits of the underlying criminal decision.[1] *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (stating that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition") (emphasis in original). The Court thus

---

[1] While Plaintiff references two *habeas* actions he brought in this Court, he appears to only challenge the state court criminal proceeding. Specifically, Plaintiff references Case Nos. 2:23-v-01542-ART-EJY and 2:23-cv-01731-GMN-BNW but states that he "do[es] not desire a remand back to their review, even though their judgments…are Void…" (ECF No. 3 at 4). He then states that, "since Case # C-22-365622-1 of the District Court, Clark County, NV [] is 'Void' as wanting in due process of law within the meaning of the Fourteenth Amendment Habeas Corpus review is not required." (*Id.*). Plaintiff then outlines the portions of the state court case which he challenges. (*Id.* at 5).

recommends denying Plaintiff's motion to vacate judgment on this ground and as moot given the Court's recommendation of dismissal without leave to amend.

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF Nos. 1-1, 1-2) on the docket but shall not issue summons.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (ECF Nos. 1-1, 1-2) be **dismissed without leave to amend**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to vacate judgment (ECF No. 3) be **denied as moot.**

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the

order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 19, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE